UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JOSHUA CACHO,**

        **Plaintiff,**

v.                                       **Case No: 6:23-cv-737-CEM-EJK**

**USHEALTH ADVISORS, LLC and
USHEALTH GROUP, INC,**

        **Defendants.**

**ORDER**

This cause comes before the Court on Plaintiff's Opposed Motion for Leave to File Plaintiff's Second Amended Complaint (the "Motion"), filed July 24, 2023. (Doc. 25). Defendant USHealth Advisors, LLC ("USHA") filed a response in opposition on August 7, 2023. (Doc. 26.) Upon consideration, the Motion is due to be granted.

**I.    BACKGROUND**

Plaintiff, proceeding *pro se*, filed this litigation on April 21, 2023, against USHA and Jennifer Maser. (Doc. 1.) Plaintiff then filed an Amended Complaint on June 2, 2023, against USHA and a new Defendant, USHealth Group, Inc. ("USHG"), dropping Defendant Maser. (Doc. 13.) While the filing of the Amended Complaint was technically past the timeframe for Plaintiff to amend as a matter of course, Fed. R. Civ. P. 15(a)(1), the Court did not strike it. Thus, USHA filed a motion to dismiss the Amended Complaint on June 20, 2023. (Doc. 19.) Plaintiff did not respond. Instead, Plaintiff filed a Second Amended Complaint on July 10, 2022. (Doc. 22.) The

District Court *sua sponte* struck that filing because Plaintiff was not entitled to further amend his pleading as a matter of course. (Doc. 23.) Consequently, Plaintiff filed the instant Motion, which USHA opposes. (Docs. 25, 26.)

## II.  STANDARD

Federal Rule of Civil Procedure 15 provides that leave to amend a pleading prior to trial should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). "While the granting of leave to amend is not automatic, "unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988) (internal quotation marks omitted).

"A district court [however,] may deny a motion to amend on 'numerous grounds, such as undue delay, undue prejudice to the defendants, and futility of the amendment.'" *Kendall v. Thaxton Road LLC*, 443 F. App'x 388, 393 (11th Cir. 2011) (unpublished) (quoting *Maynard v. Bd. of Regents of the Div. of Univs. of the Fla. Dep't of Educ.*, 342 F.3d 1281, 1287 (11th Cir. 2003)). But "leave to amend should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Taylor v. Fla. State Fair Auth.*, 875 F. Supp. 812, 815 (M.D. Fla. 1995) (finding that denial on the basis of futility is improper where determination of a complex factual inquiry is required); *see also Westchester Surplus Lines Ins. Co. v. ATA Fishville FL, LLC*, No. 2:19-cv-297-FtM-38NPM, 2020 WL 336246, at *1 (M.D. Fla. Jan. 21, 2020) (finding arguments opposing amendment were better suited for

dispositive motions to permit both sides to fully develop and respond to arguments).

## III.   DISCUSSION

USHA argues against amendment for two principal reasons. (Doc. 26.) First, it asserts that Plaintiff's amendment is merely a dilatory attempt to avoid judicial scrutiny of his claims. (*Id.* at 3.) It also asserts that Plaintiff's amendment would ultimately be futile. (*Id.* at 4.)

In comparing Plaintiff's Amended Complaint (Doc. 13) with Plaintiff's proposed Second Amended Complaint (Doc. 25-1), Plaintiff seeks to amend to drop one of his TCPA claims. As the Eleventh Circuit has advised:

> Litigants who wish to dismiss . . . less than an entire action can ensure that they receive a final judgment on the remainder of their claims . . . by seeking partial final judgment under Rule 54(b) from the district court, or by amending their complaints under Rule 15.

*Rosell v. VMSB, LLC*, No. 22-11325, slip op. at 6 (11th Cir. May 12, 2023). Recognizing that Plaintiff also seeks to add additional factual allegations in the Second Amended Complaint, the most direct course of action for Plaintiff to dismiss one of his TCPA claims is to allow him to amend. For this reason alone, the Court finds it prudent to allow for the amendment.

Additionally, the Court has not yet set a deadline to amend pleadings. The case is still in its infancy, and the Court is not persuaded that amendment at this early stage would cause undue delay or a notable amount of prejudice to USHA. Plaintiff's amendment will allow for a more streamlined complaint as far as causes of actions asserted and is therefore not futile.

## IV. CONCLUSION

Accordingly, it is **ORDERED** as follows:

1. Plaintiff's Opposed Motion for Leave to File Plaintiff's Second Amended Complaint (Doc. 25) is **GRANTED**.

2. The Clerk of Court is **DIRECTED** to file Plaintiff's Second Amended Complaint (Doc. 25-1) as a separate docket entry.

3. Defendants shall have **through and including August 31, 2023**, to respond to Plaintiff's Second Amended Complaint.

4. Defendant USHealth Advisors, LLC's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 19) is **DENIED AS MOOT**.

**DONE** and **ORDERED** in Orlando, Florida on August 17, 2023.

*[Signature]*

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE