UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JOSHUA CACHO,**

        **Plaintiff,**

v.                                          Case No. 6:23-cv-737-CEM-EJK

**USHEALTH ADVISORS, LLC and USHEALTH GROUP, INC,**

        **Defendants.**

                                          /

## ORDER

THIS CAUSE is before the Court on Defendant USHealth Advisors, LLC's ("USHA") Motion to Dismiss ("Motion," Doc. 33). The United States Magistrate Judge issued a Report and Recommendation ("R&R," Doc. 40), recommending that the Motion be granted in part and denied in part, (*id.* at 11). USHA filed an Objection (Doc. 43) to the R&R. Plaintiff did not file a response to the Objection.

Plaintiff's Second Amended Complaint ("SAC") brings four claims against Defendants USHA and USHealth Group, Inc.,[1] for violations of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, (Counts I–II); the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059(1)(g), (Count III); and the Florida Telemarketing Act ("FTA"), Fla. Stat. § 501.616(6)(b), (Count IV).

---

[1] Defendant USHealth Group, Inc. appeared in this case after the filing of the Motion and R&R and has subsequently filed its own Motion to Dismiss (Doc. 45), which will be addressed separately.

Page **1** of **10**

(Doc. 31 at 17–20). USHA moves to dismiss Plaintiff's SAC for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See generally* Doc. 33).

The Magistrate Judge recommended that since Plaintiff sufficiently alleged TCPA liability as to USHA, that the Court deny the Motion as to Counts I and II. (Doc. 40 at 5–8). Additionally, the Magistrate Judge recommended that since the FTSA does not provide a cause of action for telephonic solicitation text messages made without "[p]rior express written consent," (*id.* at 8 (quoting Fla. Stat. § 501.059(1)(g))), that the Court grant the Motion as to Count III. Finally, after an analysis of the FTA, the Magistrate Judge concluded that the referenced provision extends to text messages and recommended that the Court deny the Motion as to Count IV. (*Id.* at 8–10).

USHA filed a timely Objection, objecting "to only one discrete aspect" of the R&R, (Doc. 43 at 1), which is the recommendation that the Court deny the Motion as to Count IV, (*id.*). First, USHA disagrees with the Magistrate Judge's interpretation of the FTA as including text messages. Second, USHA argues in the alternative that the FTA claim should be dismissed because the SAC "does not allege any facts required to place the only possible set of text messages that could give rise to such a claim within the scope" of the definitions applicable to section 501.616(6)(b). (*Id.* at 1–2).

"Within fourteen days after being served with a copy [of an R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b). "The district court must make a de novo determination of those portions of a magistrate judge's [R&R] to which an objection is made." *Kohser v. Protective Life Corp.*, 649 F. App'x 774, 777 (11th Cir. 2016). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Additionally, the Court has discretion as to whether to consider arguments made for the first time in a party's objections that were not presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009).

Plaintiff alleges in Count IV of his SAC that USHA "called/texted [him] more than three times within a 24-hour period." (Doc. 31 at 20). However, the factual allegations in the SAC only pertain to text messages that he received, including multiple "[u]nauthorized messages directly from [a representative of USHA]" on March 2, 2023. (Table A, Doc. 31, at 11–12; *see also* Exhibit B, Doc. 31, at 28). The SAC alleges that on March 2, 2023, "Plaintiff sent [a representative of USHA] a message," which stated "'Please cancel everything. I don't want to be charged. Please Don't contact me again about this. Thank you.'" (*Id.* at 10). The SAC then explains that text message numbers sixteen through twenty-one are when "Plaintiff received six (6) additional unauthorized messages from [USHA's representative]," to which "Plaintiff kept asking to 'Stop messaging me' continuously, yet she

continued." (*Id.* at 11). Table A—which displays the date, time, phone number, and Plaintiff's notes of the messages—reveal that USHA's representative responded within one minute of each of Plaintiff's messages on March 2, 2023, and that the whole exchange was completed in around five minutes. (*Id.* at 11–12).

The FTA provides that a "commercial telephone seller or salesperson may not make any of the following types of phone calls, including. . . [m]ore than three commercial telephone solicitation phone calls from any number to a person over a 24-hour period on the same subject matter or issue, regardless of the phone number used to make the call." Fla. Stat. § 501.616(6)(b). The FTA defines the term "commercial telephone solicitation" to include:

> (b) Other communication with a person where:
>
>> 1. A gift, award, or prize is offered; or
>>
>> 2. A telephone call response is invited; and
>>
>> 3. The salesperson intends to complete a sale or enter into an agreement to purchase or invest in consumer goods or services during the course of the telephone call; or
>
> (c) Other communication with a person which represents a price, quality, or availability of consumer goods or services and which invites a response by telephone or which is followed by a call to the person by a salesperson.

Fla. Stat. § 501.603(1).

Additionally, the FTA further defines the term "other communication" to mean "a written or oral notification or advertisement transmitted through any means." *Id.* The FTA also explains that "'invites a response by telephone' does not

mean the mere listing or including of a telephone number in a notification or advertisement." *Id.* The Magistrate Judge concluded that because the definition for "commercial telephone solicitation" includes "written notifications or advertisements transmitted through any means," (Doc. 40 at 10 (quoting Fla. Stat. § 501.603(1)), that the definition was "broad enough to extend to text messages," (*id.*).[2]

USHA first argues that section 501.616(6)(b) does not apply to text messages because the subsection expressly states that the "commercial telephone solicitation" at issue are "phone calls." (Doc. 43 at 5 (quoting Fla. Stat. § 501.616(6)(b))). Thus, USHA argues that a phone call is necessary to violate section 501.616(6)(b). (*Id.* at 8–9). USHA further argues that a "commercial telephone solicitation phone call" is "narrower and more limited" than a "commercial telephone solicitation," and thus, the "other communication" provisions do not apply to section 501.616(6)(b). (*Id.* (quoting Fla. Stat. § 501.616(6)(b))). Additionally, USHA compares the FTA to language in the FTSA, which explicitly includes "text message" in the definition for "telephonic sales call." (*Id.* (quoting Fla. Stat. § 501.059(1)(j)). USHA argues that the difference in definitions between FTA and FTSA indicates that the Florida

---

[2] The Magistrate Judge and USHA agree that caselaw on the FTA's application to text messages is "sparse." (Doc. 40 at 9, n.5 (citing Doc. 33 at 17)).

Legislature intended "'phone calls' and 'telephone calls' to be separate and distinct from 'text messages.'"[3] (*Id.*).

Next, and in the alternative, USHA argues that even if "other communications" like text messages can form the basis of a violation of section 501.616(6)(b), that the SAC does not contain sufficient factual allegations that the messages on March 2, 2023, fit the definition of "other communications." (Doc. 43 at 10). By the definitions contained in section 501.603(1), an "other communication" must either offer "[a] gift, award, or prize" or invite a response by telephone call in which "[t]he salesperson intends to complete a sale or enter into an agreement to purchase or invest in consumer goods or services during the course of the telephone call," Fla. Stat. § 501.603(1)(b), or "represent[] a price, quality, or availability of consumer goods or services and which invites a response by telephone or which is followed by a call to the person by a salesperson," *id.* § 501.603(1)(c).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

---

[3] The Magistrate Judge discussed that the FTSA "explicitly includes text messages, as it was fashioned after its federal counterpart, the TCPA." (Doc. 40 at 9 (citing *Soto Leigue v. Everglades Coll., Inc.*, No. 22-cv-22307, 2022 WL 11770137, at *4 (S.D. Fla. Oct. 20, 2022) (stating that the FTSA is the "counterpart" to the TCPA))). USHA asserts that "[i]t is difficult to determine if [the Magistrate Judge's] observation" on a counterpart relationship between FTSA and TCPA "was made to undercut the need to read the FTSA and FTA *in pari materia*." (Doc. 43 at 6). USHA then argues why the Magistrate Judge's observation on the counterpart relationship "does not necessarily follow." (*Id.*). Because the extent to which the FTSA is a counterpart to the TCPA bears no significance on the Court's analysis, the Court will not address it further.

U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Although USHA's argument in the alternative was not presented to the Magistrate Judge, the Court will exercise its discretion to consider the argument because it is most efficient in the current procedural posture of the case. Since the alternative argument is well taken, the Court need not decide whether the Magistrate Judge's interpretation of section 501.603(1) to include text messages as "other communications" is correct. Assuming *arguendo* that section 501.603(1) does include text messages, Plaintiff has not alleged any factual basis to conclude that the messages on March 2, 2023, fit the remainder of the definitions applicable to "other communications." Specifically, Plaintiff does not allege that the messages on March 2, 2023, offered "[a] gift, award, or prize" or invited a response by telephone call in which "[t]he salesperson intend[ed] to complete a sale or enter into an agreement to purchase or invest in consumer goods or services during the course of the telephone call," Fla. Stat. § 501.603(1)(b); nor does Plaintiff allege that they "represent[ed] a price, quality, or availability of consumer goods or services and which invite[d] a response by telephone or which is followed by a call to the person by a salesperson," *id.* § 501.603(1)(c). The content of the messages on March 2, 2023, from USHA's

representative are not alleged in the SAC, only that they were "[u]nauthorized."[4] (Doc. 31 at 11–12). Thus, Plaintiff fails to state a claim in Count IV for a violation of section 501.616(6)(b) and Defendant's objection will be sustained.

The Magistrate Judge also recommended that the Court permit Plaintiff to file a Third Amended Compliant only to "correct the identified pleading deficienc[ies]." (Doc. 40 at 11). Eleventh Circuit "case law does not require a district court to give a pro se litigant multiple opportunities to amend." *Marantes v. Miami-Dade Cnty.*, 649 F. App'x 665, 673 (11th Cir. 2016). However, because Plaintiff is pro se and he has not yet had the opportunity to correct the substantive deficiencies of his claims, the Court will permit Plaintiff one more opportunity to amend. But such leave will be limited. If Plaintiff can correct the deficiencies set forth above and sufficiently state a claim, Plaintiff may amend his FTSA and FTA claims, provided he has a good faith basis for doing so.

After review in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72, the Magistrate Judge's recommended disposition is accepted, except as modified herein. Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

---

[4] Even Plaintiff's general allegation that USHA's "authorized agents sent numerous unsolicited and unwanted text messages to Plaintiff marketing their health insurance plans," (Doc. 31 at 8), without mention of which messages this allegation refers, would fail to state a claim for violation of section 501.616(6)(b) because merely marketing a health insurance plan does not fit the narrow requirements of section 501.603(1).

1. The Report and Recommendation (Doc. 40) is **ADOPTED**, as modified herein, and made a part of this Order.

2. Defendant USHealth Advisors, LLC's Objection (Doc. 43) is **SUSTAINED**.

3. Defendant USHealth Advisors, LLC's Motion to Dismiss (Doc. 33) is **GRANTED in part** and **DENIED in part**.

    a. Counts III and IV of Plaintiff's SAC (Doc. 31) are **DISMISSED without prejudice**.

    b. The Motion is otherwise **DENIED**.

4. **On or before June 3, 2024**, Plaintiff may file a Third Amended Complaint subject to the matters addressed by the Court in this Order.

5. If Plaintiff does not file a Third Amended Complaint, Defendant USHealth Advisors, LLC shall file a responsive pleading to the Second Amended Complaint **on or before June 17, 2024**.

**DONE** and **ORDERED** in Orlando, Florida on May 15, 2024.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party