**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JOSHUA CACHO, CASE NO.: 6:23-CV-00737-CEM-EJK

Plaintiff,

v.

USHEALTH ADVISORS, LLC and
USHEALTH GROUP, INC.,

Defendants.
_____________________________/

# DEFENDANT USHEALTH ADVISORS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant USHEALTH Advisors, LLC ("USHA"), by and through undersigned counsel, hereby submits its Answer and Affirmative Defenses in response to Plaintiff Joshua Cacho's Second Amended Complaint, Dkt. No. 31 (the "Complaint").

## ANSWER

## PARTIES

1. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, and therefore denies the same.

2. USHA admits the allegations contained in Paragraph 2 of the Complaint.

3. USHA is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 3 of the Complaint. To the extent the allegations in Paragraph 3 apply to USHA, USHA denies the allegations contained in Paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint defines two terms to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. USHA admits the allegations contained in Paragraph 5 of the Complaint.

## PERSONAL JURISDICTION

6. USHA denies the truth of the allegations contained in Paragraph 6 of the Complaint and denies that this Court has personal jurisdiction over USHA.

7. Paragraph 7 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, USHA denies the allegations contained in Paragraph 7 of the Complaint.

## VENUE

8. Paragraph 8 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, USHA denies the allegations contained in Paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, USHA denies the allegations contained in Paragraph 9 of the Complaint.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

10. Paragraph 10 of the Complaint describes the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and a Senate report, to which no response is required. USHA respectfully refers the Court to the TCPA and the cited Senate report for the actual language. To the extent a response is required, USHA denies the allegations contained in Paragraph 10 of the Complaint.

11. Paragraph 11 of the Complaint describes the TCPA and an implementing regulation, to which no response is required. USHA respectfully refers the Court to the cited language from the TCPA and the regulation for the actual language. To the extent the allegations mischaracterize or misconstrue the TCPA, USHA denies the allegations contained in Paragraph 11 of the Complaint.

12. Paragraph 12 of the Complaint describes the TCPA and an implementing regulation, to which no response is required. USHA respectfully refers the Court to the cited language from the TCPA and the regulation for the actual language. To the extent the allegations mischaracterize or misconstrue the TCPA, USHA denies the allegations contained in Paragraph 12 of the Complaint.

13. Paragraph 13 of the Complaint describes the TCPA and an implementing regulation, to which no response is required. USHA respectfully refers the Court to the TCPA and the regulation for the actual language. To the extent the allegations mischaracterize or misconstrue the TCPA, USHA denies the allegations contained in Paragraph 13 of the Complaint.

14. Paragraph 14 of the Complaint describes the TCPA and an implementing regulation, to which no response is required. USHA respectfully refers the Court to the TCPA and the regulation for the actual language. To the extent the allegations mischaracterize or misconstrue the TCPA, USHA denies the allegations contained in Paragraph 14 of the Complaint.

15. Paragraph 15 of the Complaint describes the TCPA and an implementing regulation, to which no response is required. USHA respectfully refers the Court to the TCPA and the regulation for the actual language. To the extent the allegations mischaracterize or misconstrue the TCPA, USHA denies the allegations contained in Paragraph 15 of the Complaint.

16. Paragraph 16 of the Complaint describes Federal Communications Commission ("FCC") findings, to which no response is required. USHA respectfully refers the Court to the FCC findings for the actual language. To the extent the allegations mischaracterize or misconstrue the FCC findings, USHA denies the allegations contained in Paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint describes an FCC ruling, to which no response is required. USHA respectfully refers the Court to the cited language from the FCC ruling for the actual language. To the extent the allegations mischaracterize or misconstrue the FCC ruling, USHA denies the allegations contained in Paragraph 17 of the Complaint.

18. Paragraph 18 of the Complaint describes an FCC ruling and consists of legal conclusions, to which no response is required. USHA respectfully refers

the Court to the cited language from the FCC ruling for the actual language. To the extent the allegations mischaracterize or misconstrue the FCC ruling, USHA denies the allegations contained in Paragraph 18 of the Complaint.

19. Paragraph 19 of the Complaint describes an FCC ruling, to which no response is required. USHA respectfully refers the Court to the cited language from the FCC ruling for the actual language. To the extent the allegations mischaracterize or misconstrue the FCC ruling, USHA denies the allegations contained in Paragraph 19 of the Complaint.

20. Paragraph 20 of the Complaint describes an FCC ruling, to which no response is required. USHA respectfully refers the Court to the cited language from the FCC ruling for the actual language. To the extent the allegations mischaracterize or misconstrue the FCC ruling, USHA denies the allegations contained in Paragraph 20 of the Complaint.

21. Paragraph 21 of the Complaint consists of legal conclusions and a ruling in *Satterfield v. Simon & Schuster, Inc.*, to which no response is required. USHA respectfully refers the Court to the cited ruling from *Satterfield* for the actual language. To the extent the allegations mischaracterize or misconstrue the *Satterfield* ruling, USHA denies the allegations contained in Paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint describes the TCPA and an implementing regulation, to which no response is required. USHA respectfully refers the Court to the cited language from the TCPA and the regulation for the

actual language. To the extent the allegations mischaracterize or misconstrue the TCPA, USHA denies the allegations contained in Paragraph 22 of the Complaint.

23. Paragraph 23 of the Complaint describes the TCPA and an implementing regulation, to which no response is required. USHA respectfully refers the Court to the TCPA and the regulation for the actual language. To the extent the allegations mischaracterize or misconstrue the TCPA, USHA denies the allegations contained in Paragraph 23 of the Complaint.

24. Paragraph 24 of the Complaint states language issued by the FCC and an implementing regulation, to which no response is required. USHA respectfully refers the Court to the cited language from the FCC and the regulation for the actual language. To the extent the allegations mischaracterize or misconstrue the FCC's statement, USHA denies the allegations contained in Paragraph 11 of the Complaint.

25. Paragraph 25 of the Complaint consists of legal conclusions, quoting *Jackson Five Star Catering, Inc. v. Beason* and *Maryland v. Universal Elections*, to which no response is required. USHA respectfully refers the Court to the cited language from *Jackson* and *Maryland* for the actual language. To the extent the allegations mischaracterize or misconstrue the cited cases, USHA denies the allegations contained in Paragraph 25 of the Complaint.

**FLORIDA STATUTES § 501.059**

26. Paragraph 26 of the Complaint describes Florida Statute § 501.059, to which no response is required. USHA respectfully refers the Court to the cited

language from the Florida Statute for the actual language. To the extent the allegations mischaracterize or misconstrue the Florida Statute, USHA denies the allegations contained in Paragraph 26 of the Complaint.

27. Paragraph 27 of the Complaint describes Florida Statute § 501.059, to which no response is required. USHA respectfully refers the Court to the cited language from the Florida Statute for the actual language. To the extent the allegations mischaracterize or misconstrue the Florida Statute, USHA denies the allegations contained in Paragraph 27 of the Complaint.

28. Paragraph 28 of the Complaint describes Florida Statute § 501.059, to which no response is required. USHA respectfully refers the Court to the cited language from the Florida Statute for the actual language. To the extent the allegations mischaracterize or misconstrue the Florida Statute, USHA denies the allegations contained in Paragraph 28 of the Complaint.

29. Paragraph 29 of the Complaint describes Florida Statute § 501.059, to which no response is required. USHA respectfully refers the Court to the Florida Statute for the actual language. To the extent the allegations mischaracterize or misconstrue the Florida Statute, USHA denies the allegations contained in Paragraph 29 of the Complaint.

30. Paragraph 30 of the Complaint describes Florida Statute § 501.059, to which no response is required. USHA respectfully refers the Court to the Florida Statute for the actual language. To the extent the allegations mischaracterize or misconstrue the Florida Statute, USHA denies the allegations contained in

Paragraph 30 of the Complaint.

## FLORIDA TELEMARKETING ACT

31. Paragraph 31 of the Complaint describes Florida Statute § 501.616, to which no response is required. USHA respectfully refers the Court to the Florida Statute for the actual language. To the extent the allegations mischaracterize or misconstrue the Florida Statute, USHA denies the allegations contained in Paragraph 31 of the Complaint.

32. Paragraph 32 of the Complaint describes Florida Statute § 501.616, to which no response is required. USHA respectfully refers the Court to the Florida Statute for the actual language. To the extent the allegations mischaracterize or misconstrue the Florida Statute, USHA denies the allegations contained in Paragraph 32 of the Complaint.

33. Paragraph 33 of the Complaint describes Florida Statute § 501.625, to which no response is required. USHA respectfully refers the Court to the Florida Statute for the actual language. To the extent the allegations mischaracterize or misconstrue the Florida Statute, USHA denies the allegations contained in Paragraph 33 of the Complaint.

## FACTUAL ALLEGATIONS

34. USHA denies the allegations contained in Paragraph 34 of the Complaint.

35. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint, and

therefore denies the same.

36. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint, and therefore denies the same.

37. Paragraph 37 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, USHA denies the allegations contained in Paragraph 37 of the Complaint.

38. USHA denies the allegations contained in Paragraph 38 of the Complaint.

39. USHA denies the allegations contained in Paragraph 39 of the Complaint.

40. USHA denies the allegations contained in Paragraph 40 of the Complaint.

41. USHA denies the allegations contained in Paragraph 41 of the Complaint.

42. USHA denies the allegations contained in Paragraph 42 of the Complaint.

43. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint, and therefore denies the same.

44. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint, and

therefore denies the same.

45. USHA denies the allegations contained in Paragraph 45 of the Complaint.

46. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint, and therefore denies the same.

47. USHA denies the allegations contained in Paragraph 47 of the Complaint.

48. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint, and therefore denies the same.

49. USHA denies the allegations contained in Paragraph 49 of the Complaint.

50. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint, and therefore denies the same.

51. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint, and therefore denies the same.

52. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Complaint, and therefore denies the same.

53. Paragraph 53 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint, and therefore denies the same.

54. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Complaint, and therefore denies the same.

55. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint, and therefore denies the same.

56. USHA denies the allegations contained in Paragraph 56 of the Complaint.

57. USHA denies the allegations contained in Paragraph 57 of the Complaint.

58. Paragraph 58 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, USHA denies the allegations contained in Paragraph 58 of the Complaint.

59. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint, and therefore denies the same.

60. USHA is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 60 of the Complaint, and therefore denies the same.

61. USHA denies the allegations contained in Paragraph 61 of the Complaint.

62. USHA denies the allegations contained in Paragraph 62 of the Complaint.

63. USHA denies the allegations contained in Paragraph 63 of the Complaint.

64. Paragraph 64 of the Complaint consists of legal conclusions and describes 47 CFR § 64.1200(d)(3), to which no response is required. USHA respectfully refers the Court to 47 CFR § 64.1200(d)(3) for the actual language. To the extent the allegations mischaracterize or misconstrue 47 CFR § 64.1200(d)(3), USHA denies the allegations contained in Paragraph 64 of the Complaint. To the extent a response is required, USHA denies the allegations contained in Paragraph 64 of the Complaint.

65. USHA denies the allegations contained in Paragraph 65 of the Complaint.

66. USHA denies the allegations contained in Paragraph 66 of the Complaint.

67. Paragraph 67 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, USHA denies the allegations contained in Paragraph 67 of the Complaint.

68. USHA admits the allegations contained in Paragraph 68 of the Complaint.

69. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Complaint, and therefore denies the same

70. Paragraph 70 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, USHA denies the allegations contained in Paragraph 70 of the Complaint.

71. USHA denies the allegations contained in Paragraph 71 of the Complaint.

72. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Complaint, and therefore denies the same.

73. USHA denies the allegations contained in Paragraph 73 of the Complaint.

74. USHA denies the allegations contained in Paragraph 74 of the Complaint.

75. USHA denies the allegations contained in Paragraph 75 of the Complaint.

76. USHA denies the allegations contained in Paragraph 76 of the Complaint.

77. USHA admits the allegations contained in Paragraph 77 of the

Complaint.

78. USHA denies the allegations contained in Paragraph 78 of the Complaint.

79. Paragraph 79 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, USHA denies the allegations contained in Paragraph 79 of the Complaint.

80. Paragraph 80 of the Complaint consists of legal conclusions and describes an FCC ruling, to which no response is required. USHA respectfully refers the Court to the cited language from the FCC ruling for the actual language. To the extent the allegations mischaracterize or misconstrue the FCC ruling, USHA denies the allegations contained in Paragraph 80 of the Complaint.

81. Paragraph 81 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, USHA denies the allegations contained in Paragraph 81 of the Complaint.

82. USHA denies the allegations contained in Paragraph 82 of the Complaint.

83. USHA denies the allegations contained in Paragraph 83 of the Complaint.

84. Paragraph 84 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, USHA denies the allegations contained in Paragraph 84 of the Complaint.

85. USHA denies the allegations contained in Paragraph 85 of the

Complaint.

86. USHA denies the allegations contained in Paragraph 86 of the Complaint.

87. USHA denies the allegations contained in Paragraph 87 of the Complaint.

88. USHA denies the allegations contained in Paragraph 88 of the Complaint.

89. USHA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Complaint, and therefore denies the same.

**CAUSES OF ACTION:**
**COUNT ONE:**
**(Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. 227(c), and**
**47 C.F.R. § 64.1200(C))**

90. USHA incorporates its responses to paragraphs 1 through 89 of the Complaint as if fully set forth herein.

91. USHA denies the allegations contained in Paragraph 91 of the Complaint.

92. USHA denies the allegations contained in Paragraph 92 of the Complaint.

93. USHA denies the allegations contained in Paragraph 93 of the Complaint. USHA denies that Plaintiff is entitled to any of the relief requested in Paragraph 93 of the Complaint.

94. USHA denies that Plaintiff is entitled to any of the relief requested in Paragraph 94 of the Complaint.

**COUNT TWO:**
**Telemarketing Without Mandated Safeguards, 47 C.F.R. § 64.1200(d)**

95. USHA incorporates its responses to paragraphs 1 through 89 of the Complaint as if fully set forth herein.

96. USHA denies the allegations contained in Paragraph 96 of the Complaint.

97. USHA denies that Plaintiff is entitled to any of the relief requested in Paragraph 97 of the Complaint.

98. USHA denies that Plaintiff is entitled to any of the relief requested in Paragraph 98 of the Complaint.

**COUNT THREE**
**(Violations of Florida Statutes § 501.059)**

99. As this cause of action has been dismissed by the Court, there is no need for USHA to respond to the allegations contained in Paragraph 99 of the Complaint.

100. As this cause of action has been dismissed by the Court, there is no need for USHA to respond to the allegations contained in Paragraph 100 of the Complaint.

101. As this cause of action has been dismissed by the Court, there is no need for USHA to respond to the allegations contained in Paragraph 101 of the Complaint.

102. As this cause of action has been dismissed by the Court, there is no need for USHA to respond to the allegations contained in Paragraph 102 of the Complaint.

**COUNT FOUR**
**(Violations of Florida TELEMARKETING ACT)**

103. As this cause of action has been dismissed by the Court, there is no need for USHA to respond to the allegations contained in Paragraph 103 of the Complaint.

104. As this cause of action has been dismissed by the Court, there is no need for USHA to respond to the allegations contained in Paragraph 104 of the Complaint.

105. As this cause of action has been dismissed by the Court, there is no need for USHA to respond to the allegations contained in Paragraph 105 of the Complaint.

## PRAYER FOR RELIEF

USHA denies that Plaintiff is entitled to any of the relief requested and USHA respectfully requests that this Court enter an order granting judgment in favor of USHA and dismissing Plaintiff's Complaint in its entirety with prejudice, together with attorney's fees, costs, and such other and further relief as this Court deems equitable and just.

## AFFIRMATIVE DEFENSES

USHA states that it intends to rely upon and otherwise preserve the

following defenses in defense of Plaintiff's Complaint, and respectfully reserves the right to assert other defenses if facts learned in discovery warrant amendment of USHA's Defenses. Accordingly, USHA asserts the following Affirmative Defenses:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff fails to state a plausible claim upon which relief can be granted under any theory of action because the factual allegations are incomplete and/or do not state a claim for relief under the TCPA against USHA.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, and none being admitted, were not caused by USHA, but by another person or entity, including Plaintiff, for whom USHA is not responsible and over whose activities USHA exercises no control and/or has no right to control.

**THIRD AFFIRMATIVE DEFENSE**

USHA is not vicariously or otherwise liable for the acts of third parties making and/or initiating the complained of telephone call(s) to Plaintiff. At all relevant times, such third parties were not USHA's agents and USHA did not exercise substantial control over their actions.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because Plaintiff did not suffer any concrete harm or actual injury. Plaintiff did not suffer any concrete harm separate and apart from a procedural violation of the TCPA or, and Plaintiff alleges bare procedural statutory violations divorced from any actual, concrete injury-in-fact. Plaintiff

therefore lacks standing.

**<u>FIFTH AFFIRMATIVE DEFENSE</u>**

Plaintiff's claims are barred by the doctrine of estoppel due to Plaintiff's consent, prior express invitation, or permission to be called on his cellular and/or residential telephone.

**<u>SIXTH AFFIRMATIVE DEFENSE</u>**

Plaintiff's claims are barred Plaintiff's consent, prior express invitation, or permission to be called on his cellular and/or residential telephone.

**<u>SEVENTH AFFIRMATIVE DEFENSE</u>**

Plaintiff's claims are barred because Plaintiff did not suffer any actual injury or damages.

**<u>EIGHTH AFFIRMATIVE DEFENSE</u>**

Plaintiff's claims are barred for failure to join necessary and indispensable parties, including but not limited to, any third party that may have actually made or initiated the telephone calls at issue.

**<u>NINTH AFFIRMATIVE DEFENSE</u>**

Plaintiff's claims for treble damages are barred because USHA did not engage in knowing or willful misconduct.

**<u>TENTH AFFIRMATIVE DEFENSE</u>**

USHA states that to the extent any statute was violated as a result of a purported revocation of consent from Plaintiff, Plaintiff's damages, if any, would be limited to the number of purported calls or recordings which took place after

Plaintiff actually revoked his consent (to the extent he ever did).

**ELEVENTH AFFIRMATIVE DEFENSE**

USHA complied with all applicable statutory, regulatory, and common law requirements and accordingly, Plaintiff's claims are barred by USHA's compliance with all applicable State, Federal, and local laws and regulations, including but not limited to the TCPA, 47 C.F.R. 64.1200.

**TWELFTH AFFIRMATIVE DEFENSE**

USHA states that to the extent it engaged in any conduct which may have violated any provision of the TCPA, such violation was unintentional, accidental, and as a result of a bona fide error which occurred notwithstanding the maintenance of procedures reasonably adapted to avoid such error and ensure USHA's compliance with all applicable statutory, regulatory, and common law requirements, including but not limited to 47 U.S.C. § 227 and 47 C.F.R. 64.1200. Additionally, USHA raises its good faith compliance as a defense to Plaintiff's claims for treble damages for alleged willing or knowing violations of the TCPA.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because the TCPA violates USHA's First Amendment right to free speech. Specifically, the TCPA improperly inhibits the exercise of constitutionally protected speech.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because the TCPA is violative of USHA's constitutional rights under the Eighth Amendment prohibition against excessive

fines and cruel and unusual punishment.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of unclean hands due to Plaintiff's consent to be called on his cellular and/or residential telephone. *See Institute of Cetacean Research v. Sea Shepherd Conservation Soc.*, 725 F.3d 940, 947 (9th Cir. 2013).

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff failed to mitigate his damages, if any, based in part on his failure to notify the alleged callers that the alleged calls made to his cellular and/or residential telephone should cease.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of ratification due to Plaintiff's failure to timely notify the alleged callers that the calls should cease.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrines of laches and/or waiver for Plaintiff's failure to timely notify the alleged callers that the calls allegedly made to his cellular and/or residential telephone should cease.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of *in pari delicto*. At all relevant times Plaintiff consented to and/or ratified the telephone calls complained of in the Complaint, including calls to his cellular and/or residential telephone number.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because his registration on the National Do-Not-Call registry is invalid as a result of holding his cellular telephone number out to the public as a business telephone number.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because the cellular telephone number which he claims was called in violation of 47 U.S.C. § 227(c) is and was not a residential telephone number or line.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

USHA is not liable for any violations of 47 C.F.R. 64.1200 because it can demonstrate that any violation is the result of error and that as part of its routine business practice, it meets the standards articulated in 47 C.F.R. 64.1200.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because the alleged text messages (and/or telephone call(s) are not telephone solicitations under the TCPA.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because the callers obtained consent, prior express invitation or permission, had an established business relationship, or had a personal relationship with the Plaintiff.

**TWENTY- FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims may be barred by the exceptions provided under the TCPA.

## TWENTY- SIXTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert the claims and allegations set forth in the Complaint.

## TWENTY- SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's suit is barred to the extent he agreed to arbitrate the asserted claim against USHA.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

As a separate and alternative defense, Plaintiff's Complaint does not describe the claims made against USHA with sufficient particularity to enable USHA to determine what additional defenses it may have in response to the Complaint; USHA therefore reserves its right to assert any additional defenses which may be applicable once the precise nature of the underlying matters is pleaded or otherwise ascertained through discovery, investigation, or otherwise.

## RESERVATION

USHA reserves the right to amend this Answer up and through the time of trial to assert any additional affirmative defenses, when and if, during the course of its investigation, discovery or preparation for trial, it becomes appropriate to assert such affirmative defenses.

WHEREFORE, Defendant USHEALTH Advisors, LLC respectfully requests that this Court enter judgment against Plaintiff and in favor of USHA, dismiss this action with prejudice, award USHA its reasonable attorneys' fees and costs incurred in defending this action, and for such other relief this Court deems just

and proper.

Dated: June 17, 2024

Respectfully submitted,

By: /s/ Roy Taub

Jeffrey A. Backman (Bar No. 662501)
Roy Taub (Bar No. 116263)
200 East Broward Blvd., Suite 1800
Fort Lauderdale, Florida 33301
Telephone: 954-491-1120
Facsimile: 954-343-6958
jeffrey.backman@gmlaw.com
mary.torres@gmlaw.com
roy.taub@gmlaw.com
cheryl.cochran@gmlaw.com

*Attorneys for Defendant*
*USHEALTH Advisors, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that, on June 17, 2024, a true and correct copy of the foregoing was electronically filed on the Court's CM/ECF document filing system, which will send notice of filing and a service copy to all counsel of record. I further certify that a copy of the foregoing document will be served by e-mail upon Plaintiff *pro se* at jcacho1848@gmail.com.

/s/ Roy Taub
ROY TAUB