UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSHUA CACHO, a Florida Resident

    Plaintiff,

Case No.: 6:23-cv-00737-CEM

v.

USHEALTH ADVISORS, LLC and
USHEALTH GROUP, INC,

    Defendants.
_____/

**ORDER**

This case is before the Court on a combination of Plaintiff's motions seeking to compel the case to arbitration and stay the proceedings (Doc. 92), as well as stay his obligation to comply with prior orders, stay his deadlines to object to my prior orders under Fed. R. Civ. P. 72(a), and stay the hearing set in this case for January 31, 2025, to occur in Ocala, Florida (Doc. 93).

At the outset, the Court will defer ruling on the motion to compel arbitration. However, because the Court needs to peek at that motion as part of its assessment of the remaining requests, the Court observes the following.

"[U]nder the FAA, no party can be compelled to arbitrate unless that party has entered into an agreement to do so." *Emps. Ins. Of Wausau v. Bright Metal Specialties, Inc.*, 251 F.3d 1316, 1322 (11th Cir. 2001); *see also*, *Larsen v. Citibank FSB*, 871 F.3d 1295, 1302 (11th Cir. 2017). Generally, whether the parties have entered into an arbitration agreement is a question for resolution by the Court, not by the arbitrator. *Granite Rock Co. v. Int'l*

*Brotherhood of Teamsters*, 561 U.S. 287, 299-300 (2010). In deciding whether the parties agreed to arbitration, federal courts "apply ordinary state-law principles that govern the formation of contracts." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). Under Florida law, the party seeking to enforce a contract must prove offer, acceptance, consideration, and sufficient specification of essential terms. *St. Joe Corp. v. McIver*, 875 So. 2d 375, 381 (Fla. 2004). The burden is on the party moving to compel arbitration to establish the existence of an agreement to arbitrate. *In re W. Wiand,* No. 8:10–cv–71–T–17MAP, 2011 WL 4532070, at *4 & n. 13 (M.D. Fla. June 8, 2011).

When peeking at the Plaintiff's motion, the Court observes a lack of showing that a contract exists that includes an agreement to arbitrate. What Plaintiff has filed with the Court appears to be a document that contains information that tells the applicant for insurance that if insurance is provided to the applicant, then disputes about insurance will be resolved by way of arbitration. Neither the motion, not the document, seem to suggest a contract. Thus, at a minimum, it appears, at least on its face and without a chance yet to review a response from the defendants, that the motion may lack merit. As such, the Court will consider that, as well as its general authority independent of that fact, to weigh whether it should bring this proceeding that has been pending since 2023 to a halt.

To that end, and as a general rule, the Court has broad discretion in managing discovery matters. *See Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1263 (11th Cir. 2002). Motions to stay discovery may be granted pursuant to Rule 26(c). *See Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997); Fed. R. Civ. P. 26(c) (indicating that courts have discretion to deny or limit discovery to protect a party from undue burden or expense and to promote a case's efficient resolution). "[T]he moving party bears the burden of showing

good cause and reasonableness." *Feldman*, 176 F.R.D. at 652. "In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Id*.

In particular, this district has found that motions to stay discovery are "not favored because when discovery is delayed or prolonged[,] it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *See id*. As such, "a stay pending resolution of a motion is rarely appropriate unless the resolution of the motion would dispose of the discovery altogether." *Sonate Corp. v. Dunkin' Brands Grp., Inc.*, No. 6:22-cv-812-WWB-EJK, 2023 WL 2391709, at *1 (M.D. Fla. Mar. 7, 2023).

Considering these factors, the Plaintiff's motion (Doc. 93) is **denied** in all respects, as is the portion of the Plaintiff's motion to stay proceedings related to his motion to compel arbitration (Doc. 92). The portion of the motion to compel arbitration itself shall remain pending, for resolution after a response is filed.

**DONE** and **ORDERED** in Ocala, Florida on January 28, 2025.

_____
PHILIP R. LAMMENS
United States Magistrate Judge