# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JOSHUA CACHO**, a Florida Resident

    **Plaintiff,**

v.                                          Case No: 6:23-cv-737-CEM-UAM

**USHEALTH ADVISORS, LLC** and
**USHEALTH GROUP, INC,**

    **Defendants.**

---

## ORDER

The hearing scheduled for January 31, 2025, was necessitated by the actions of Plaintiff's counsel. Indeed, upon his entry to the case on December 11, 2024, counsel was faced with a recent order from the magistrate judge directing his client to produce discovery responses by December 16, 2024. (Doc. 62). Counsel did not file a timely appeal of that discovery order, nor did he seek additional time for compliance. Instead, he waited until January 2, 2025, to seek reconsideration of the settled order for production while also pushing forward in an entirely unreasonable attempt to set 10 depositions in multiple states, across just a few days. These depositions were set in violation of numerous rules.[1] At the same time, and even though his client had previously agreed to the setting and taking of his own deposition (while he was proceeding pro se), and Plaintiff's counsel was well-aware of the

---

[1] In addition to being patently unreasonable, most of the depositions were improperly served; several were set for locations beyond the 100 miles of the deponent; the record does not show that the non-party deponents were given the required 14 days-notice found in our local rules; and counsel wasn't given the customary 14 days-notice found in our discovery handbook.

scheduled deposition, Plaintiff's counsel declared, just days before, that his client would not attend.

This is why the hearing was set—to sort out the appropriate remedy for counsel's conduct if warranted, and to discuss, as stated in the order, whether and to what extent further discovery should be allowed. Certainly, Plaintiff will be required to sit for a deposition. The Court, at the time of setting, left open the possibility of allowing Plaintiff some additional time for setting some (maybe not all) of the depositions he sought - despite not requesting a general extension. However, given the flurry of recent filings, including the questionable motion to compel arbitration and the objections to the prior rulings, the Court will defer the hearing so that it can take up all outstanding issues, including any appropriate sanctions.

Accordingly, the hearing scheduled for January 31, 2025, is CANCELED and will be rescheduled by separate notice if appropriate.

**DONE** and **ORDERED** in Ocala, Florida on January 29, 2025.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties