# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

JOSHUA CACHO,   Case No.: 6:23-cv-737-CEM-UAM

    Plaintiff,

    v.

USHEALTH ADVISORS, LLC and
USHEALTH GROUP, INC.,

    Defendants.

_____ /

## DEFENDANT USHEALTH ADVISORS, LLC'S MOTION
## FOR SANCTIONS AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Fed. R. Civ. P 26(g) and 37(b) and the Court's inherent authority, Defendant USHEALTH Advisors, LLC ("USHA") files this Motion for Sanctions as a result of the continued noncompliance with this Court's Orders, Dkt. Nos. 62 and 88, requesting entry of an order sanctioning Plaintiff and his counsel, jointly and severally, in the amount of the attorneys' fees and costs USHA reasonably incurred in having to discuss, prepare, and ultimately file the underlying motion to compel and prior motion for sanctions that resulted in Dkt. No. 88 in efforts to gain compliance with this Court's Orders, and otherwise related to Defendants' Motion for Sanctions; and awarding any further relief the Court deems just and proper. In support thereof, USHA states the following.

# INTRODUCTION

On November 19, 2024, USHA filed a Motion to Compel Discovery against Plaintiff Joshua Cacho (the "First Motion to Compel") to address Plaintiff's objections and deficient responses to certain of USHA's discovery requests, specifically Request for Production Nos. 6, 15, 22, 31, 39, 79, 80, and 82 and Interrogatory Nos. 12 and 16. *See* Dkt. No. 60. On November 27, 2024, the Court issued an Order granting USHA's Motion to Compel and ordering production on or before December 16, 2024. *See* Dkt. No. 62 (Exhibit A). After Plaintiff failed to comply, Defendant filed its Motion to Compel Plaintiff's Compliance with Discovery Order and for Award of Sanctions on December 17, 2024 (the "First Motion for Discovery Sanctions"). Dkt. No. 67. In an endorsed order, the Court explained that "[a]ny failure to comply with [ ] Order [62] will be addressed in the form of sanctions. The issue of sanctions may be briefed without regard to the Order on Discovery Motions." Dkt. No. 68. In response, Defendant filed its second Motion for Sanctions on December 19, 2024 (the "Second Motion for Discovery Sanctions"). Dkt. No. 69. And on December 24, 2024, Defendant filed another Motion to Compel Discovery as to Plaintiff's failure to comply with other discovery obligations, those he had agreed to supplement but failed to do so, in addition to those identified in Dkt. No. 62, namely Request for Production Nos. 8, 10, 41, 51, 59, and 82 (the "Second Motion to Compel").

On January 17, 2025, the Court issued an order regarding the First Motion for Discovery Sanctions, the Second Motion for Discovery Sanctions, and the

2

Second Motion to Compel Discovery. Dkt. No. 88 (Exhibit B). Plaintiff was ordered to pay Defendants' attorneys' fees and costs associated with the First Motion to Compel, the First Motion for Discovery Sanctions, and the Second Motion for Discovery Sanctions. And, of course, Plaintiff remains obligated to comply the original November 27, 2024 discovery order, (Dkt. No. 62). In addition to sanctions for his and his counsel's refusal to comply with the November 27 discovery order, the Court granted Defendant's Second Motion to Compel and ordered the responsive documents to be produced on or before January 27, 2025.

To date, Plaintiff continues to be in violation of the November 27 discovery order, (Dkt. No. 62), and has now failed to comply with the Court's January 17, 2025 discovery order, (Dkt. No. 88), too[1]. After counsel for Defendants did not receive any e-mail containing the discovery ordered by the Court by January 27, 2025, he reached out to counsel for Plaintiff. Mr. Thomasson responded that Plaintiff "did serve responses yesterday and they're on their way to you. I know this because I personally dropped them off at FedEx yesterday evening." Exhibit C at 3. Counsel for Defendants responded eighteen minutes later requesting that counsel "[p]lease email what it is you put in a FedEx delivery," advise when "that

---

[1] And now Plaintiff also ignored another of this Court's orders, Dkt. No. 91. In that order, Plaintiff was directed to respond by January 28, 2025 to Defendants' pending Motion for Sanctions related to his failure to appear at his coordinated and duly noticed deposition. No response as been received and thus, in addition to ignoring the Court's order, the nonresponse allows the Court to deem Defendants' Motion for Sanctions as unopposed. *See* Local Rule 3.01(c).

3

FedEx delivery will arrive at my office," and asking "[d]oes what you sent via FedEx comply with both Dkt. Nos. 62 and 88 in full?" *Id.* at 2.

Since no response was received, counsel for Defendants followed up the next day, January 29, 2025. *Id.* at 1. Four hours later, Mr. Thomasson provided the tracking number and stated the scheduled delivery was Thursday, January 30, 2025 (the next day) by 5:00 p.m. *Id.* Rather than e-mail Plaintiff's Court-ordered production, as is usual and customary in 2025, counsel elected to send it only by mail. The tracking information from FedEx shows that FedEx did not have possession of the envelope until January 28, 2025, and far from overnight delivery, based on the service that was chosen – "FedEx Express Saver" – the expected delivery was January 31, 2025 before 5:00 p.m., when counsel for Defendants was then expected to be out of the office for the then-scheduled conference before the Court on January 31, 2025.[2] *See* Exhibit D at 1-3. Defendants' counsel received it when they did only because it arrived early. *See id.* at 3 ("Shipment arriving early.").

The delivery arrived on Thursday, January 30, 2025. The production consists of only fifty pages, but it is hardly a "production" of anything. It is a handful of pages of "documents" reflecting deleted browsing history and search results for only one set of terms with no results, the exact same interrogatory responses that were ordered to be supplemented, and only one response to a

---

[2] At the time of choosing the delivery method, the status conference was still scheduled. Had it not been cancelled, Plaintiff's delay tactic would have worked and Defendants would not have been in a position to detail the full extent of Plaintiff's blatant and continued noncompliance with the Court's Orders.

request for production that was substantively modified to (implausibly) state there are no responsive documents. None of the compelled documents or even the compelled supplemental interrogatory responses were provided. *See* Exhibits E1-E4.[3] That easily could have been e-mailed if Plaintiff intended to fully comply with the Court's orders. And noticeably lacking is any notice filed with the Court of compliance with either Dkt. No. 62 or 88.

While going out of one's way to delay Defendants' counsel's receipt indicates a lack of any such intention, a review of the fifty-page "production" confirms an intentional non-compliance that cannot be tolerated. More specifically, The "production", which is not Bates numbered, consists of the following: (1) a one-page document showing Plaintiff's browsing history is completely blank (suggesting the browsing history was deleted immediately before creating the document) (Exhibit E-1); (2) documents reflecting searches of three e-mail accounts for "obamacareplans.com," sometimes with "obama," which may have added an unnecessary search term (but nothing shows a search for the term "USHealth Advisors," which was required by RFP No. 82, was conducted) (Exhibit E-2); (3) the exact same interrogatory responses that Plaintiff – not his new counsel – prepared, signed, and served on January 16, 2024, ***even though Plaintiff was ordered to supplement Interrogatory Response Nos. 12 and 16*** (Exhibit E-3); and (4) a mistitled supplemental set of responses to USHA's requests for production (Exhibit E-4), this time signed by

---

[3] To facilitate the Court's review of what Plaintiff served, it is being broken up into five components.

counsel ("As to Objections Only," even though no new objections were or could be asserted), but that has a "Supplemental Answer" as to only one of the twelve requests for production that Plaintiff was ordered to respond to completely, a "supplemental answer" of "None" that suggests (along with other indications) that counsel did not conduct a reasonable inquiry and assure correct and complete responses were provided. Even though Plaintiff has been ordered to fully respond and produce documents related to Request for Production Nos. 8, 10, 15, 22, 31, 39, 41, 59, 79, 80, and 82, he continues to stand on his overruled objections (which apparently his counsel is reiterating in defiance of the Court's Orders) and has refused to respond.

By any measure, Plaintiff and his counsel have clearly and obviously failed to comply with the Court's Orders. The complete lack of responses or productions by Plaintiff following the Court's Order, ***even to this date***, constitutes clear and obvious non-compliance. There is no excuse for this intentional disobedience. Plaintiff has utilized the Courts dozens of times for his own purposes. He does not get to choose which rules or which orders require his compliance, and he certainly does not get to defy orders of the Court. And of course officers of the Court do not have that option, either. Enough is enough. Plaintiff's continued disobedience warrants the most severe sanctions, including the imposition of sanctions against both Plaintiff *and his counsel* in the amount of the attorneys' fees and costs reasonably incurred by USHA on this and the related motions.

While Plaintiff was proceeding *pro se* for the first twenty months of this litigation, on December 11, 2024, counsel entered an appearance on his behalf. Dkt. No. 63. Ever since counsel appeared, discovery from Plaintiff has ground to a halt and vexatious litigation began. By way of example only, Plaintiff has refused to comply with multiple discovery orders, (Dkt. Nos. 62, 87, 88), refused to provide supplemental discovery responses he previously agreed to provide, unilaterally noticed ten depositions to occur across the country over the last nine days of the discovery period, refused to appear for a duly-noticed deposition (a deposition that had been expressly coordinated, agreed to, and noticed weeks earlier), filed a frivolous and untimely "motion for reconsideration/relief," (Dkt. No. 72), filed a frivolous motion to compel arbitration, (Dkt. No. 92) and a separate, equally frivolous, "time-sensitive" motion to partially stay Plaintiff's obligation to comply with order compelling discovery, and staying all party deadlines pending outcomes of Plaintiff's motion to compel arbitration, (Dkt. No. 93), and an "emergency" Objection to this Court's order denying the motion to stay, (Dkt. No. 98), which was swiftly overruled without Defendants having to serve a response (Dkt. No. 102). And after causing this situation and being in complete disobedience with many of this Court's orders, Plaintiff's counsel now seek withdrawal on unspecified grounds, (Dkt. Nos. 102 & 103), but plainly for the purpose of hoping to avoid the consequences of their actions. Plaintiff and his counsel's conduct can only be considered bad faith, dilatory, in defiance of

Court orders, and improperly done to needlessly and vexatiously multiply these proceedings.

## ARGUMENT

### I.     APPLICABLE LAW

Federal Rule of Civil Procedure 37(b)(2)(A) provides that if a party fails to obey a court's order to provide discovery, the court may enter various orders ranging from directing that designated facts are to be taken as established to limiting the non-compliant party's evidence at trial to striking pleadings and treating the failure to obey any order as contempt of court. "This rule gives district judges broad discretion to fashion appropriate sanctions for violation of discovery orders . . . ." *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993). *See also Gratton v. Great Am. Commc'n*, 178 F.3d 1373, 1374 (11th Cir. 1999); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Moreover, the "court ***must*** order the disobedient party, the attorney advising that party, ***or both*** to pay the reasonable expenses, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C) (emphases added). The authority to sanction a litigant that engages in bad faith litigation misconduct stems not only from Rule 37, but also from the Court's inherent authority to manage its affairs. *Quiroz v. Superior Bldg. Maint., Inc.*, 06-21594-CIV, 2008 WL 3540599, *5 (S.D. Fla. Aug. 12, 2008).

Federal Rule of Civil Procedure 26(g) also applies. "When an attorney

8

signs a document containing discovery responses, wherever on the document the attorney's signature may be located, the attorney is certifying that the disclosure is complete and correct and in compliance with Rule 26(g)." *Alston v. Swarbrick*, No. 5:14-CV-485-OC-10PRL, 2017 WL 11489869, *1 (M.D. Fla. Aug. 24, 2017) (Lammens, M.J.) (quoting *Pipino v. Delta Air Lines, Inc.*, 2016 U.S. Dist. LEXIS 69086, *10-11) (S.D. Fla. 2016)). "Rule 26(g) thus imposes upon attorneys the duty to make a reasonable investigation to assure that their clients have provided all available responsive information and documents." *Bernal v. All Am. Inv. Realty, Inc.*, 479 F. Supp. 2d 1291, 1333 (S.D. Fla. 2007). "If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both." Fed. R. Civ. P. 26(g)(3).

## II.      PLAINTIFF AND HIS COUNSEL SHOULD BE SANCTIONED

The first discovery order was clear, and Plaintiff was to fully respond "**on or before December 16, 2024**." Dkt. No. 62 (emphasis in original). Equally clear, Plaintiff elected not to comply with that direction, and did not timely request or move for an extension of time with a showing of good cause. The second discovery order was also clear: produce the documents that are the subject of the Second Motion to Compel on or before January 27, 2025. Dkt. No. 88. Plaintiff has failed to comply with the January 17, 2025 order (Dkt. No. 88) just as he failed to comply with the November 27, 2024 order (Dkt. No. 62). And despite the original discovery order being entered on November 27, 2024, and

9

Plaintiff being sanctioned for his failure to comply, he and his counsel continue to ignore the Court's orders and rules. There is no excuse for Plaintiff and his counsel's continuing disobedience, and the Court should award Defendants all of their incurred attorneys' fees and costs.

Plaintiff was ordered to produce documents and fully respond to Request for Production Nos. 6, 8, 10, 15, 22, 31, 39, 41, 59, 79, 80, and 82, as well as Interrogatory Nos. 12 and 16. *See* Dkt. Nos. 62 & 88. Even with the assumed assistance of counsel, Plaintiff has not complied with those orders in any way. Amazingly, Plaintiff's counsel served ***the exact same interrogatory responses***, which were prepared and signed by Plaintiff when he was acting *pro se*, and served on January 16, 2024, that the Court already ruled were insufficient and needed to be supplemented with respect to Interrogatory Nos. 12 & 16. *Compare* Ex. E-3 *with* Dkt. No. 60-4 (Plaintiff's interrogatory responses filed with USHA's Motion to Compel). Plaintiff's counsel apparently decided it could comply with the Court's Orders regarding Interrogatory Response Nos. 12 and 16 by serving the exact same overruled and incomplete responses. *See* Ex. E-3 at Resp. Nos. 12 & 16; Dkt. No. 60-4 at Resp. Nos. 12 & 16. Plaintiff and his counsel made no attempt to comply with the Courts' Orders regarding these interrogatories, and their disobedience is flagrant and indisputable.

As for the requests for production ("RFPs"), the only one that Plaintiff has revised is the response to RFP No. 6, which requests "Documents You create and/or maintain to track or log any telephone calls or text messages, including

10

telephone calls or text messages not relating to USHA, You believe to have been sent or placed to You in violation of any law." Ex. E-4 at Resp. No. 6. Plaintiff asserts, "Supplemental Answer: None." *Id.* That seems unlikely, and suggests an insufficient inquiry or investigation (especially when coupled with the fact that virtually nothing else changed). By refusing to appear for his deposition, Plaintiff denied USHA the ability to test whether, as USHA argued in its Motion to Compel, his activities suggest a professional plaintiff who invites and keeps track of telephone solicitations and thus "did not suffer concrete injury, but rather acted with 'the hope of receiving calls . . . for the sole purpose of collecting statutory damages . . . .'" Dkt. No. 60 at 2 (quoting *Nghiem v. Dick's Sporting Goods, Inc.*, 318 F.R.D. 375, 382 (C.D. Cal. 2016)). He seeks to do the same now. Contrary to his discovery response, it would appear that Plaintiff logs and maintains such telephone calls or text messages because most, if not all, of his complaints, including in this case, contain tables listing the calls or text messages he alleges are violative along with a column labeled "Notes." *See* Dkt. No. 31 at ¶ 57; Exhibit F at ¶ 68 (log of twenty telephone calls/text messages); Exhibit G at ¶ 58 (log of fourteen telephone calls/text messages); Exhibit H at ¶ 85 (log of fifty-four telephone calls/text messages).[4]

---

[4] And if the answer was and is truly "none" – something that Defendants' counsel initially asked Plaintiff *Pro Se* before filing the initial motion to compel, because counsel would not waste the Court's or his time with a motion to compel where there are no responsive documents, (*see* Dkt. No. 60 at 2 n.1) – why is that only being changed now after multiple discovery motions and orders both overruled the prior objections and ordered the production?

11

With respect to the other RFPs that are the subjects of the Court's Orders, (Dkt. Nos. 62 & 88), Plaintiff literally doubles down on his improper objections or incomplete responses, in total disregard of the Court's Orders overruling objections and requiring complete responses. For RFP Nos. 8, 10, 39, 80 Plaintiff maintains the same overruled objections, word for word, as if the Court never overruled the objections. *See* Ex. E-4 at Resp. Nos. 8, 10, 39, 82.[5] For RFP No. 15, Plaintiff slightly revised his objection – eliminating "Plaintiff will only provide documentation related to subject number," (Dkt. No. 60-2 at Resp. No. 15), but still limits his response to "For subject number See attached," (Ex. E-4 at Resp. No. 15), resulting in no new documents and continued defiance of the Court's discovery orders rejecting that limitation. Plaintiff has not changed his responses to RFP Nos. 22 and 31, despite having clarified "on the meet and confer . . . there are documents, but he is withholding them as irrelevant, an objection he *never* asserted." Dkt. No. 60 at 2 n.1. Plaintiff still refuses to produce the documents, in further disregard of the Court's Orders.

For RFP No. 41, Plaintiff still says he has no documents sufficient to identify his internet service provider, which remains implausible. *See* Ex. E-4 at Resp. No. 41. Similarly, Plaintiff's latest response to RFP No. 59 remains "none," even though it is impossible that he could not obtain "[d]ocuments showing proof of payments made for the cellular telephone account linked to the Subject

---

[5] Plaintiff broke up the last sentence of RFP No. 59 into a newly-numbered RFP No. 60. This causes a further deviation in his numbering of the RFP responses to USHA's numbering. For the Court's convenience, so that it can keep track of the correct RFP numbers, Defendants attach the Requests for Production served on Plaintiff as Exhibit I.

Number for the months in which You received the Telephone Calls," which may show a business was paying for his cellular telephone service, and thus preclude his claims, which are available only to a residential telephone subscriber. *See* Ex. E-4 at Resp. Nos. 59-60.

RFP No. 79, identified as RFP No. 81 in Plaintiff's latest responses, still says "See attached," but no documents relating to this RFP were produced. Plaintiff thus still has failed "to produce the requested pre-suit demands" that USHA successfully moved to compel. Dkt. No. 60 at 3. RFP No. 80, identified in Plaintiff's latest responses as RFP No. 82, seeks "[d]ocuments sufficient to reflect any and all compensation, money, or income that You received from a claimed violation of," among other things, the TCPA. That is similar to the information sought by Interrogatory No. 16. Not one document responsive to these requests, such as a settlement agreement, or one iota of information has been produced, even though they clearly exist. Those appear to be the documents Plaintiff's counsel stated they refuse to produce, notwithstanding two Court Orders, based on some purported "irreparabl[e] harm [to] [Plaintiff] or certain absent third-parties until the Court can rule on his Objection." Dkt. No. 93 at 2 n.1.

And as for RFP No. 82, Plaintiff's answer remains "None," (Ex. E-4 at Resp. No. 84), but while he produced documents reflecting search results – probably incorrectly done – for "obamacareplans.com," he has produced no documents responsive to subpart (b), which asked him to use "USHEALTH Advisors" as a search term. It is inconceivable in a lawsuit where USHEALTH

13

Advisors, LLC is a named defendant that Plaintiff has no documents responsive to that request. Clearly, a reasonable inquiry and investigation was not done, nor were complete responses provided, even though that was ordered by the Court.

The fact that for some of these proceedings, until December 11, 2024, (Dkt. No. 63), Plaintiff was proceeding *pro se* is immaterial. "If a pro se litigant ignores a discovery order, he is and should be subject to sanctions like any other litigant." *Moon*, 863 F.2d at 837. However, all of the disobedience that is a subject of this Motion has occurred while Plaintiff was represented by counsel. One would expect the appearance of counsel would facilitate the discovery process, but the exact opposite occurred here, clearly by design and with Plaintiff's approval, if not at his demand. Counsel's allowance of this continued non-compliance with the Court's Discovery Order makes the disobedience even more flagrant and subjects counsel to sanctions.

At this point, more than sixty days have passed from the date of the November 27, 2024 order and nearly seven weeks have passed since the December 16, 2024 compliance date. Even the January 27, 2025 deadline is being disregarded. Plaintiff – through his counsel – has engaged in frivolous and bad faith litigation in the hopes of avoiding his discovery obligations. All of those efforts, at least those that took place prior to January 17, 2025, were resolved by this Court's discovery orders on the same date. Dkt. Nos. 87, 88. But perhaps not unsurprisingly, Plaintiff and his counsel continue with the barrage of nonsensical filings, and serving discovery responses only by mail and seemingly

with the slowest "express" service offered by FedEx, all designed to delay the proceedings and avoid Plaintiff's compliance with existing court orders and rules.

Under these circumstances, the court **must** order the disobedient party, the attorney advising that party, ***or both*** to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). For the same reasons discussed above, neither of these exceptions applies, and, USHA should be awarded its expenses, including attorneys' fees, against both Plaintiff and his counsel, jointly and severally. *See Singh v. Orlando Health, Inc.*, No. 6:22-cv-1365-RBD-EJK, 2023 WL 2653393, *2 (M.D. Fla., Mar. 2, 2023); *Delta T, LLC v. Kale Fans Am. S.A. de C.V.*, No. 6:20-CV-170-PGB-EJK, 2021 WL 12092748, *2 (M.D. Fla. Aug. 18, 2021). Rule 26(g)(3) provides for similar sanctions against the attorney, party, or both. *See, e.g.*, *Bernal*, 479 F. Supp. 2d at 1335. This "flagrant disregard and willful disobedience of the court's discovery order[]" also permits the most extreme sanctions outlined in Rule 37(b)(2)(C), including designating facts as established, limiting Plaintiff's evidence at trial, and/or dismissal or the striking of Plaintiff's operative complaint. *Consumer Fin. Prot. Bureau v. Brown*, 69 F.4th 1321, 1331 (11th Cir. 2023) (affirming dismissal as appropriate sanction for noncompliance with discovery order).

The ordered productions and responses, which would need to be ordered one more time, must be made. Furthermore, in that event, the Court should also

15

exercise its discretion under Rule 37(b)(2)(A)(i) and (ii) to direct that "designated facts be taken as established for purposes of the action, as the prevailing party claims" and to prohibit Plaintiff "from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." *See also In re Stasch*, No. 05-20789-BKC-RBR, 2007 WL 1491109, *5-6 (Bankr. S.D. Fla. May 18, 2007)

The designated facts claimed by Defendants, and which Plaintiff should be prohibited from opposing, and the corresponding discovery requests Plaintiff steadfastly refuses to respond to in violation of the Court's Orders, are as follows:

- Plaintiff creates and/or maintains documents to track or log telephone calls or text messages for purposes of generating lawsuits for statutory damages under the Telephone Consumer Protection Act and similar laws, (RFP No. 6);

- Plaintiff has numerous telephone numbers that he uses for purposes of generating lawsuits for statutory damages under the Telephone Consumer Protection Act and similar laws, (RFP No. 15; Interrogatory No. 12);

- Companies that Plaintiff has accused of violating the Telephone Consumer Protection Act or similar laws have asserted in response to Plaintiff's accusation that he consented to receive the telephone call(s) or text message(s), (RFP No. 31);

- Plaintiff has numerous e-mail addresses that he uses for purposes of generating lawsuits for statutory damages under the Telephone Consumer Protection Act and similar laws, (RFP No. 39);

- Plaintiff's cellular telephone account linked to the telephone number on which he claims he received the text messages at issue was, for the months in which he alleges he received the text messages, not paid for by Plaintiff, but was paid by a business with which he is associated, (RFP No. 59);

- Plaintiff has received substantial amounts of money from making numerous pre-suit demands and from filing numerous lawsuits alleging violations of the Telephone Consumer Protection and similar laws, (RFP Nos. 79 & 80; Interrogatory No. 16).

## CONCLUSION

Plaintiff's – through his counsel – continued disobedience of this Court's Orders by refusing to produce documents and information he was ordered to produce should not be tolerated. The Court should grant this Motion and enter an order awarding Defendants monetary sanctions against Plaintiff and his counsel, jointly and severally, in the amount of the attorneys' fees and costs Defendants reasonably incurred in having to deal with, and bring these matter to the Court associated with the enforcement of this Court's discovery orders, including the time spent related to this Motion, and the time incurred going forward to obtain all of the relief requested in this Motion, along with any further

relief the Court deems just and proper, including but not limited to designating facts as established and/or limiting Plaintiff's evidence at trial.

Dated:  January 31, 2025

GREENSPOON MARDER LLP

*/s/  Roy Taub*
Jeffrey A. Backman (Bar No. 662501)
Roy Taub (Bar No. 116263)
200 East Broward Blvd., Suite 1800
Fort Lauderdale, Florida 33301
Telephone: 954-491-1120
Facsimile:  954-343-6958
jeffrey.backman@gmlaw.com
mary.torres@gmlaw.com
roy.taub@gmlaw.com
cheryl.cochran@gmlaw.com

*Attorneys for Defendants*

## LOCAL RULE 3.01(g) CERTIFICATION

Undersigned counsel for USHA certifies that, on January 24, 2025, counsel for USHA emailed counsel for Defendant asking when to expect the documents and information ordered pursuant to Dkt. No. 62.  No response was received.  On January 27, 2025, counsel for USHA emailed counsel for Defendant again asking about compliance with Dkt. No. 62 and advising that another motion for sanctions was going to be filed if compliance was not made.  No response was received.  And on January 28, 2025, at 11:38 AM, after receiving nothing from Plaintiff as to the discovery ordered in Dkt. Nos. 62 and 88 (and despite the reference in Plaintiff's "time sensitive" motion to stay filed at 1:55 a.m. on January 27, 2025 that Plaintiff will make "substantial compliance"), counsel for USHA attempted to meet and confer with counsel for Plaintiff by email regarding

18

the grounds for this Motion and the requested relief for the "noncompliance with Dkt. Nos. 62 and 88 seeking more extensive sanctions including but not limited to striking Plaintiff's pleadings, dismissing Plaintiff's case, and an award of attorneys' fees and costs against both plaintiff and his lawyers, jointly and severally." Plaintiff's counsel never responded to this e-mail, despite knowing the discovery they had placed (or were going to place) in the mail did not comply at all with the Court's Orders.

Plaintiff's position must obviously be that he opposes the relief requested in light of the other filings he has made on January 24, 2025, (Dkt. No. 92), and January 27, 2025, (Dkt. No 93).[6] In that regard, after receiving this Court's order on January 28, 2025 denying Plaintiff's motions to stay, Dkt. No. 97, counsel for USHA again reached out to counsel for Plaintiff, on January 28, 2025 at 12:00 p.m., and asked if they would be complying with the orders entered at Dkt. Nos. 62 and 88, adding, "As I said yesterday and in my earlier correspondence, we will be filing another motion for sanctions as to the continued noncompliance." No response has been received as of the filing of this Motion and, indeed, the only correspondence has been related to opposing counsel's Motion to Withdraw.

*/s/ Roy Taub*
ROY TAUB

---

[6] While not responding substantively to USHA's counsel's emails, counsel for Plaintiff sent separate emails asking to meet and confer on Plaintiff's continued request for stay relief, and enlargements of time, as well as an email asking to meet and confer on Plaintiff's intent to file a similar motion to compel arbitration and to stay in the improperly split lawsuit he filed in the Western District of Texas.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have filed the foregoing with the Clerk of Court via CM/ECF on January 31, 2025.  I further certify that any party that enters an appearance in this matter will receive a copy of this document via CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notice of Electronic Filing.

*/s/ Roy Taub*
ROY TAUB