# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JOSHUA CACHO, a Florida Resident**

**Plaintiff,**

**v.** **Case No: 6:23-cv-737-CEM-UAM**

**USHEALTH ADVISORS, LLC and USHEALTH GROUP, INC,**

**Defendants.**

---

**ORDER**

On November 27, 2024, the assigned magistrate judge granted Defendant USHealth Advisors, LLC's motion to compel discovery, which he treated as unopposed because Plaintiff Joshua Cacho, who at the time was proceeding *pro se*, had not filed a response. (Doc. 62). The magistrate judge overruled Plaintiff's objections (which had been attached to Defendant's motion) and directed Plaintiff to fully respond to Request for Productions Nos. 6, 15, 22, 31, 39, 79, 80, and 82, and Interrogatory Nos. 12 and 16, on or before December 16, 2024. Plaintiff did not comply with the Court's Order, and on December 17, 2024, Defendant filed a motion to compel and for sanctions. (Doc. 67). The next day, the Court denied the motion stating, "[T]he Court previously ordered plaintiff to produce the requested documents and information. Any failure to comply with that Order will be addressed in the form of sanctions." (Doc. 68).

On December 19, 2024, Defendant filed a motion for sanctions. (Doc. 69). Then, on December 24, 2024, Defendant filed a motion to compel additional discovery responses that it contends Plaintiff agreed to provide. (Doc. 70). On January 2, 2025, Plaintiff (through

counsel who was retained December 11, 2024) filed a motion seeking reconsideration of the magistrate judge's order granting the motion to compel. (Doc. 72).

## I. Motion for Reconsideration (Doc. 72)

Plaintiff's motion for reconsideration (Doc. 72) is due to be denied. Pursuant to Rule 72(a), Fed. R. Civ. P., objections to a magistrate judge's non-dispositive order—such as the discovery order at issue here—must be filed within 14 days after a party is served with a copy of the order, and "[a] party may not assign as error a defect in the order not timely objected to." *Lopez v. United States*, 656 Fed. Appx. 957, 963 (11th Cir. 2016). Here, Plaintiff did not file his motion seeking reconsideration of the discovery order until January 2, 2025, which was more than 35 days later. Thus, Plaintiff waived any objections to the discovery order.

Nevertheless, Plaintiff asks the Court to reconsider its November 27, 2024 Order. Generally, there are "three grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Skyline Steel, LLC v. J.D. Fields & Company, Inc.,* No. 6:15-cv-528-Orl-41KRS, 2016 WL 9049319, *1 (M.D. Fla. May 9, 2016). "Reconsideration of a previous order is an extraordinary measure and should be applied sparingly." *Scelta v. Delicatessen Support Servs., Inc.,* 89 F.Supp.2d 1311, 1320 (M.D. Fla. 2000). "[M]otions for reconsideration should not be used to raise arguments which could, and should, have been previously made." *Id.* (quotation omitted).

Here, Plaintiff argues that manifest injustice would ensue if the Court allowed its November 27, 2024 Order to stand because the production required is not proportional to the dispute and invades Plaintiff's privacy. Plaintiff, however, waived these challenges by not raising them in response to the original motion to compel, and then by not challenging the

magistrate judge's ruling. His attempt to now recast the privacy and proportionality arguments—arguments that he could, and should, have previously raised—as going to "manifest injustice" on a motion for reconsideration does not change that fact. *See Skyline Steel, LLC,* 2016 WL 9049319 at *1.

Also unpersuasive is counsel's argument that Plaintiff should now be permitted to challenge the motion to compel because his past failure to respond was due to a "technical scheduling error." Even if Plaintiff did not respond due to a scheduling error, he took no action to rectify the situation in a timely manner. Indeed, he did not advise the Court of his error and seek reconsideration of the ruling. Moreover, Plaintiff's counsel filed his notice of appearance on December 11, 2024—within fourteen days of the Court's Order at issue here and five days before Plaintiff was required to produce discovery. Inexplicably, Plaintiff's counsel did not file a timely appeal of the discovery order, nor did he seek protection from compliance.

Now, in efforts to excuse his failure to act, Plaintiff's counsel contends that he attempted to confer with opposing counsel on December 16, 2024, but that counsel nevertheless proceeded with Defendant's motion for sanctions. He also claims that defense counsel has "proverbially clothesline[d]" him with multiple motions to compel and for sanctions "in contravention of this District's rules regarding discovery and civility in the middle of the Holidays without meeting and conferring as required" by the Local Rules and the Middle District's Civil Discovery Handbook. These efforts to shift the blame fail to offer any basis for the Court to reconsider its November 27, 2024, discovery Order. Thus, the motion is **denied**.

## II. Motion for Sanctions (Doc. 69)

In its motion for sanctions against Plaintiff, Defendant asks the Court to award expenses, including attorney's fees incurred in bringing the initial motion to compel discovery and the two motions for sanctions. For the reasons discussed below, the motion is due to be **granted**.

As an initial matter, Plaintiff argues that the motion for sanctions should be denied because counsel for Defendant failed to confer before filing it. Based on a thorough review of the record, the Court is satisfied that defense counsel sufficiently conferred with opposing counsel prior to filing the motion for sanctions. There is no dispute that prior to filing the motion, counsel discussed the outstanding discovery, including Plaintiff's position that he was not going to produce it, and that he was going to file a motion seeking relief from the discovery order.

Where, as here, the motion to compel is granted, and is caused by the failure of a party to provide responsive answers to discovery requests, the Court is required to award the fees and expenses incurred in filing the motion. Fed. R. Civ. P. 37(a)(5)(A). Only if the Court determines that the motion was filed without the moving party having made a good faith effort to obtain the discovery without court action or the Court determines that the non-disclosure of the non-moving party was substantially justified or if other circumstances make an award of expenses unjust, is the Court authorized to deny the request for sanctions. None of those exceptions are presented here.

Indeed, before filing this motion, counsel for Defendant corresponded with Plaintiff, who was at that time proceeding *pro se*, in an effort to obtain the discovery. (Doc. 60 at 3). Plaintiff has offered no compelling explanation as to why he did not produce the discovery

responses. And (as already noted above) his contention that he failed to file a response to the motion to compel due to a "technical scheduling error" is wholly unavailing as neither he nor his lawyer timely challenged the discovery order or sought protection from compliance. For these reasons, the Court finds that Defendant is entitled to reimbursement for the fees and expenses incurred in preparing and filing the motion to compel. (Doc. 60).

Likewise, because Plaintiff failed to obey the November 27, 2024 Order to provide discovery, the "court **must** order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C) (emphasis added). For the same reasons as explained above, neither exception is applicable. Accordingly, Defendant is entitled to reimbursement for the fees and expenses incurred in preparing and filing both motions for sanctions. (Docs. 67, 69).

Plaintiff is hereby ordered to pay to USHealth Advisors, LLC the reasonable expenses and attorney's fees incurred by counsel in preparing and filing the motion to compel (Doc. 60) and both motions for sanctions. (Docs. 67, 69). Counsel for USHealth Advisors, LLC shall submit within ten days of the date of this Order an affidavit detailing the reasonable expenses and fees incurred in preparing and filing the motions. To the extent that Plaintiff objects to the *amount* of expenses and fees claimed by Defendant, Plaintiff shall file a response within ten days of service of Defendant's affidavit. Upon receipt of Defendant's affidavit and any objections by Plaintiff, the Court will enter an appropriate award or, if necessary, set the matter for an evidentiary hearing.

### III. Motion to Compel (Doc. 70)

Finally, Defendant USHealth Advisors, LLC has filed another motion to compel, this one to get Plaintiff to respond to Request for Production ("RFP") mubers 8, 10, 41, 51, 59, and 82. According to defense counsel, on November 12, 2024, Plaintiff, who at the time was proceeding *pro se*, agreed to withdraw his objections to those RFPs during a telephone conference. Indeed, in an email following the conference, Plaintiff acknowledged that he had agreed to "respond to many of the interrogatory and RFP requests you flagged as deficient." (Doc. 70-3 at 3). Based on Plaintiff's representation, USHealth Advisors, LLC did not include these RFPs in the earlier motion to compel. On December 20, 2024, defense counsel emailed Plaintiff's counsel requesting confirmation that Plaintiff would be producing documents by December 23, 2024. Plaintiff's counsel advised that he could not respond without knowing his client's position or having Plaintiff's instruction on how he wished to respond. To date, Plaintiff has not responded to these discovery requests.

While Plaintiff's counsel argues that defense counsel failed to comply with Local Rule 3.01(g), he does not dispute that his client agreed to produce those documents, nor does he offer any explanation as to why Plaintiff has not.[1] Accordingly, Defendant's motion to compel (Doc. 70) is **granted**.

Within ten days of this Order, Plaintiff shall fully respond to Request for Productions Nos. 8, 10, 41, 51, 59, and 82.

---

[1] Counsel simply srates, "USHA points to no evidence showing Plaintiff agreed to respond to RFP Nos. 8, 10, and 51." (Doc. 75 at 2).

**DONE** and **ORDERED** in Ocala, Florida on January 17, 2025.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties