# EXHIBIT C

# Roy Taub

**From:** Andrew T. Thomasson <Andrew@thomassonpllc.com>
**Sent:** Wednesday, January 29, 2025 3:18 PM
**To:** Jeffrey Backman
**Cc:** Roy Taub; Zachary Z. Zermay; Nikki Charette; {F16721560}.Active@gmlaw.imanage.work; {F15821341}.Active@gmlaw.imanage.work; Jacob Mars
**Subject:** Re: Cacho vs. USHEALTH (W.D. Tex.) - Meet & Confer [IMAN-ACTIVE.FID15821341]

**[External Sender]**

I'm in the process of trying to engage counsel because it appears I have a conflict of interest. I don't know how quickly all that will come about but I'll keep you posted. I'm unsure whether your consent is needed but out of caution I'll ask anyway—do you oppose my withdrawal from this case?

Tracking number: 771711079550
Status: On the way
San Antonio, TX US to Fort Lauderdale, FL US
Scheduled Delivery: Thu Jan 30, 2025 by 5:00 PM

Sent from my iPhone

> On Jan 29, 2025, at 1:10 PM, Andrew T. Thomasson <Andrew@thomassonpllc.com> wrote:
>
> Jeff, give me a moment (about 10-15 minutes) to run down the tracking number. I've got about 4 million irons in the fire right now. I just sending this to you so you understand I'm not ignoring you.
>
> Sent from my iPhone
>
>> On Jan 29, 2025, at 10:04 AM, Jeffrey Backman <Jeffrey.Backman@gmlaw.com> wrote:
>>
>> Andrew, I didn't hear from you in response to my questions below about the FedEx. We still haven't received anything. Please advise.
>>
>> Sincerely,
>>
>> <image001.png>
>> Jeffrey A. Backman, Esq.
>> Greenspoon Marder LLP
>> Partner
>> 200 East Broward Boulevard
>> Suite 1800
>> Fort Lauderdale, FL 33301
>> Direct Phone Number - (954)734-1853
>> Email: jeffrey.backman@gmlaw.com

www.gmlaw.com

[facebook.com]

<image002.png>
[facebook.com]
<image003.png>
[linkedin.com]
<image004.png>
[twitter.com]

---

**From:** Jeffrey Backman
**Sent:** Tuesday, January 28, 2025 3:18 PM
**To:** Andrew T. Thomasson <Andrew@thomassonpllc.com>
**Cc:** Roy Taub <Roy.Taub@gmlaw.com>; Zachary Z. Zermay <zach@zermaylaw.com>; Nikki Charette <Nikki@thomassonpllc.com>; {F16721560}.Active@gmlaw.imanage.work; {F15821341}.Active@gmlaw.imanage.work
**Subject:** RE: Cacho vs. USHEALTH (W.D. Tex.) - Meet & Confer [IMAN-ACTIVE.FID15821341]

Please email what it is you put in a FedEx delivery. And please advise when that FedEx delivery will arrive at my office. We have not received anything. Does what you sent via FedEx comply with both Dkt. Nos. 62 and 88 in full? Since the Court's order required compliance by yesterday, we believe it would have been appropriate for you to send them via email as you have no problem communicating with us via email.

As to your suggestion of tone, there is none. Just responding to your emails and stating the factual bases for why we oppose certain relief you're requesting as well as stating the factual bases for the relief we will be seeking. You can try to shift blame here if you want, but literally everything that has occurred is a result of Plaintiff's failure to comply with court orders, failure to comply with court rules, and filing motions wholly lacking in merit. We've unfortunately been put in a position by all of Plaintiff's actions over the last couple months necessitating all of this motion practice and causing my client to incur substantial expenses.

Sincerely,

<image001.png>
Jeffrey A. Backman, Esq.
Greenspoon Marder LLP
Partner
200 East Broward Boulevard
Suite 1800
Fort Lauderdale, FL  33301
Direct Phone Number - (954)734-1853
Email: jeffrey.backman@gmlaw.com
www.gmlaw.com

[facebook.com]

<image002.png>
[facebook.com]
<image003.png>
[linkedin.com]
<image004.png>
[twitter.com]

---

**From:** Andrew T. Thomasson <Andrew@thomassonpllc.com>
**Sent:** Tuesday, January 28, 2025 3:00 PM
**To:** Jeffrey Backman <Jeffrey.Backman@gmlaw.com>
**Cc:** Roy Taub <Roy.Taub@gmlaw.com>; Zachary Z. Zermay <zach@zermaylaw.com>; Nikki Charette <Nikki@thomassonpllc.com>; {F16721560}.Active@gmlaw.imanage.work
**Subject:** Re: Cacho vs. USHEALTH (W.D. Tex.) - Meet & Confer [IMAN-ACTIVE.FID16721560]

Jeff, I'm not in the office and I'm pressed for time so I can't respond to the substance of all the voluminous emails you sent yesterday and today. That said I want to let you know that as we indicated in Mr. Cacho's motion for stay he did serve responses yesterday and they're on their way to you. I know this because I personally dropped them off at FedEx yesterday evening.

I will respond to your emails when I have time to do so. For the moment, it seems like many issues in your email or me, but I do take issue with the nature and tone and spirit of your emails, and many of the characterization you've made not only the emails but in public filings. I've mentioned this before to you that they do real damage to people, unfairly and unnecessarily, and beyond that they harm our profession and how the public general views are profession. It's all just so unnecessary. I'm just really disappointed by what transpiring in real time.I'm just going to leave it at that for now.

Sent from my iPhone

> On Jan 28, 2025, at 11:05 AM, Jeffrey Backman <Jeffrey.Backman@gmlaw.com> wrote:
>
> Andrew – For the same reasons we have explained multiple times to you and Zach in the Florida case, we oppose any effort to compel arbitration and/or stay the cases your client has filed, including his case in the Western District of Texas. You were copied on those several emails so I will not rehash the many reasons here.
>
> And as you likely saw, Judge Lammens just denied the various requests for stay relief you sought in the Florida case. He did so without first receiving our about-to-be-filed response. And in doing so, he commented that at first glance, and without the benefit of a response by Defendants, the motion to compel arbitration may lack merit. His order focused solely on the fact that your effort to use a "notice" in an application for insurance is not an agreement to arbitrate. I could only assume that when he sees the many other reasons why your motion is baseless, that he's likely to conclude that the motion is and was frivolous.

If you file a similar motion in TX, we intend to seek the same type of sanctions we've advised will be sought in the Florida case.

If you want/need until February 10 to provide substantive responses to the pending motions to dismiss, we'd be ok with that; but it's not clear to me that's what you were asking. We don't agree to enlarge any period of time if the intent is to file a baseless motion to compel arbitration like what was filed in the Florida case.

Sincerely,

Jeff

<image002.png>
Jeffrey A. Backman, Esq.
Greenspoon Marder LLP
Partner
200 East Broward Boulevard
Suite 1800
Fort Lauderdale, FL 33301
Direct Phone Number - (954)734-1853
Email: jeffrey.backman@gmlaw.com
www.gmlaw.com

<image003.png>
[facebook.com]
<image004.png>
[linkedin.com]
<image005.png>
[twitter.com]

---

**From:** Andrew T. Thomasson <Andrew@thomassonpllc.com>
**Sent:** Tuesday, January 28, 2025 9:19 AM
**To:** Jeffrey Backman <Jeffrey.Backman@gmlaw.com>; Roy Taub <Roy.Taub@gmlaw.com>
**Cc:** Zachary Z. Zermay (Other) <zach@zermaylaw.com>; Nikki Charette <Nikki@thomassonpllc.com>
**Subject:** Cacho vs. USHEALTH (W.D. Tex.) - Meet & Confer

Gentlemen,

As you know, there are three pending motions to dismiss in the referenced case. February 10 is Mr. Cacho's deadline to oppose your clients' earliest two motions, and January 31 is his deadline to oppose the most recently filed motion. That said, the same parties must be in Ocala for a hearing on January 31 which means I would need to travel on January 30.

Mr. Cacho intends to file a Motion to Compel Arbitration based on documents you produced in the Florida action less than a week ago; I'd also like to obtain your consent to stay the case pending resolution of the

arbitration issue. Please let me know if your clients will consent to the reief sought in those motions and, if they will not, please let me know what times you are available today to meet and confer with me by telephone.

**Andrew T. Thomasson | Attorney**
350 Springfield Avenue, Suite 200 | Summit, NJ 07901
D: (973) 665-2056 | F: (973) 559-5579

<image006.png>

NOTICE TO ANY INDIVIDUAL TO WHOM THIS EMAIL IS NOT ADDRESSED: Your review, dissemination, distribution or copying of this message is strictly prohibited. DO NOT PRINT, COPY OR DISTRIBUTE this email. Instead, please click "reply" and advise us that you received this email in error or call us. Then, delete the email and remove it from your Delete folder. If you do print, copy or distribute it, you may be sued to enforce its confidentiality because this email is intended only for the use of the individual(s) to whom it is addressed and may contain privileged or confidential information and, under law, must not be disclosed.

GREENSPOON MARDER LLP LEGAL NOTICE
The information contained in this transmission may be attorney/client privileged and confidential. It is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by reply e-mail.

Unless specifically indicated otherwise, any discussion of tax issues contained in this e-mail, including any attachments, is not, and is not intended to be, "written advice" as defined in Section 10.37 of Treasury Department Circular 230.

A portion of our practice involves the collection of debt and any information you provide will be used for that purpose if we are attempting to collect a debt from you.

<image001.png>
<image002.png>
<image003.png>
<image004.png>