# EXHIBIT E-3

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JOSHUA CACHO,

**CASE NO.:** 6:23-cv-737-CEM-EJK

Plaintiff, v.

USHEALTH ADVISORS, LLC and USHEALTH GROUP, INC.,

Defendants.

______________________________________/

**DEFENDANT USHEALTH ADVISORS, LLC'S**

**FIRST SET OF INTERROGATORIES TO PLAINTIFF**

Defendant USHEALTH Advisors, LLC, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, hereby propounds its First Set of Interrogatories to Plaintiff Joshua Cacho, who shall serve answers to the Interrogatories in writing within thirty (30) days.

## DEFINITIONS

1. "You," "Your," "Plaintiff" and "Cacho" mean Joshua Cacho, the individual, and/or any persons or entities acting, or purporting to act, on his behalf.

2. "Complaint" means the Second Amended Complaint filed on dated August 18, 2023, filed in the action *Cacho v. USHEALTH Advisors, LLC*, Case No. 6:23-cv-00737-CEM-EJK,

pending in the United States District Court for the Middle District of Florida.

3. The term "USHA" for purposes of these Interrogatories means USHEALTH Advisors, LLC and anyone You contend or allege was or is acting, or purporting to be acting, in concert with USHEALTH Advisors, LLC or on its behalf. Based solely upon the allegations in the Complaint, these terms include USHEALTH Group, Inc., Brandon Martinez, and Jennifer Maser.

4. The term "Telephone Call(s)" means all telephone calls, text messages, and/or voicemails that You allege to have received from or on behalf of USHA, including but not limited to those alleged in the Complaint.

5. The term "Subject Number" means the telephone number on which You claim to have received the Telephone Calls.

6. "Person," means any natural person or entity, including without limitation, any individual, firm, corporation, company, joint venture, trust, tenancy, association, partnership, business, agency, department, bureau, board, commission, or any other form of public, private or legal entity. Any reference herein to any public or private company, partnership, association, or other entity include such entity's divisions, departments, subsidiaries, affiliates, predecessors, partners, present and former directors, officers, owners, shareholders, employees, attorneys, agents and all other persons acting or purporting to act on its behalf or subject to its direction or control.

7. "Document" means all written or graphic material and all copies containing any additional matter, however produced or reproduced, of any kind and description in Your actual or constructive possession, custody, care or control,

which pertain directly or indirectly, in whole or in part, to the subjects or any other matters relevant to this action, or which are themselves listed below as specific documents, including, but not limited to, originals (or full and correct copies) of correspondence, papers, email, letters, other communications (including Communications, defined below), notes, memoranda, photographs, schematics and other drawings, computer or telephone "screen shots," sound recordings (including telephone call recordings), telephone bills, telephone call logs, books, records, reports, studies, analyses, estimates, plans, advertising, contracts, agreements, acknowledgment and consent forms, invoices, ledgers, journals, schedules, bank checks, charge slips, receipts, calendars, diaries, recordings, data sheets and Electronic Records (as defined below) in any form.

8. "Electronic Records" and "ESI" mean a record created, generated, sent, communicated, received, or stored by means relating to technology having electrical, digital, magnetic, wireless, optical, electromagnetic or similar capabilities, including but not limited to hard drive, server-based, cloud-based and/or Web-based documents and text on hard storage disks, external drives, jump-drives, CD-ROMs, DVD, optical discs, backup drives, printer buffers, smart cards, memory calculators, pagers, personal digital assistants, cellular telephones, computers and computer tablets, voice recording devices, answering machines, fax machine data and logs, and other data storage devices and/or compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. In response to this request, ESI should be

produced in native format in a reasonable readable format, clearly labeled as to the kind of software used to prepare, organize, and manipulate the data contained.

9. "Communications" mean any oral or written statement, dialogue, colloquy, discussion, conversation, or other transfer of thoughts or ideas between persons and/or entities.

10. "Relating" or "related to," "evidencing," and "reflecting" mean directly or indirectly referring to, concerning, constituting, embodying, discussing, analyzing, reflecting, evidencing, mentioning, describing, pertaining to, arising out of, in connection with, or in any way legally, logically, or factually connected with the matter discussed.

11. The conjunctions "and" and "or" mean "and/or" so as to encompass the broader of the two possible constructions, and shall not be interpreted disjunctively to exclude any information or documents otherwise within the scope of any Interrogatory.

12. The term "each" means "each and every" and the term "every" means "each and every."

13. All pronouns used herein shall include and be read to encompass the alternative forms of the pronoun, whether masculine, feminine, neuter, singular or plural, and shall not be interpreted to exclude any information or documents otherwise within the scope of the particular Interrogatory.

## INSTRUCTIONS

1. These Interrogatories are continuing in nature and the responses must be supplemented by you at such time in the future as any facts, information and documents discovered hereafter shall have been ascertained, and such supplemental responses shall be served upon the undersigned attorneys reasonably after such discovery. The original of the responses are to be served on Defendant's attorneys at the offices of Greenspoon Marder LLP, 200 East Broward Boulevard, Suite 1800, Fort Lauderdale, Florida 33301.

2. If you assert that any information called for by these Interrogatories is protected against disclosure by the attorney's work product doctrine, attorney- client privilege, or other similar grounds, you shall provide the following information with respect to such information or document: (a) the author(s) or speaker, including their name and capacity or title; (b) type, subject matter and physical size/number of pages of the document or information; (c) the name and capacity of all addressees and recipients of the original or copies of a document or the information; (d) all persons to whom the information or document was distributed, shown or explained; (e) the date the information was first known or a withheld document was created and/or dated; (f) the source from which the information or document was derived; and (g) the nature of the privilege asserted or other basis upon which you contend that you are entitled to withhold the information or document.

3. If you object to any portion of an Interrogatory, provide all information responsive to the portion to which you do not object.

4. Unless otherwise instructed, the relevant time period for all interrogatories is from April 21, 2019 through the date you finish responding to this Set of Interrogatories.

## INTERROGATORIES

1. State the full name, current residential and business address, and title for You and all persons consulted and/or who provided information or assisted You in responding to these Interrogatories.

Answer: Joshua Cacho, 6773 Isla Del Rey Dr. El Paso, Texas 79912.

2. Identify the total number of Telephone Calls You claim to have received from USHA (or a third party allegedly calling on its behalf), and for each alleged call, state the date, approximate time, and estimated duration of the call and the names (if any) of persons or entities identified by the caller, whether You answered the call, Your physical location at the time of each call, and describe with specificity the content and subject matter of each call, including but not limited to any instances in which You requested to no longer be called.

Answer: Plaintiff received 23 calls from USHA and USHG. Plaintiff was located in Florida for each calls received.

Texts 1-7 were sent from Brandon Martinez, all messages were solicitation for healthcare products on behalf of USHA and USHG. *Please see Exhibit A for Call log.*

July 25, 2024 Plaintiff requested information be sent to his email from Brandon via text for purpose of identifying the company responsible for the texts.

Text 8 - Brandon sent a text instead of email in response to previous message sent by Plaintiff.

Texts 9-13 were sent from Nathalia, all messages were solicitation for health care products

on behalf USHA and USHG.

Texts 14-16 were sent from Robert Cabrera, all messages were solicitation for health care products on behalf USHA and USHG.

Outbound call from Plaintiff to USHA and USHG - February 28, 2023, Plaintiff called Robert to identify the party responsible for the messages, but the call went straight to voice mail.

Outbound texts – February 28, 2023, at 2:35 PM Plaintiff sent 2 messages to Robert that he attempted to call but wasn't getting through and had to leave a Voice mail.

Call 17 – Robert from USHA and USHG called Plaintiff, gathered information from Plaintiff, and transferred Plaintiff to Jennifer Masser.

Plaintiff received four (4) texts from Jennifer Maser through EBR between February 28, 2023, and March 2, 2023.

Outbound text – Plaintiff sent Jennifer Maser a Cancelation and DNC Request on March 2, 2023, at 11:11 AM.

Text 18 – sent from Jennifer Masser, all messages were solicitation for health care products on behalf USHA and USHG.

Outbound Text – March 2, 2023, Plaintiff sent Jennifer Masser a message in response to her previous message -DNC Request.

Text 19 - sent from Jennifer Masser, solicitation for health care products on behalf USHA and USHG.

Outbound texts – March 2, 2023, Plaintiff sent Jennifer Masser two (2) DNC Requests back to back.

Texts 20-22 - March 2, 2023, three (3) messages were sent from Jennifer Masser, all messages were solicitation for health care products on behalf USHA and USHG.

Outbound Text – March 2, 2023, Plaintiff sent Jennifer Masser a final DNC Request.

Text 23 - March 2, 2023, message sent from Jennifer Masser, messages was solicitation for health care products on behalf USHA and USHG.

**3.** Describe and identify any and all communications between You and USHA, including the dates on which each such alleged communications took place.

Answer: Objection: USHA has a record of each of the communications between Plaintiff and USHA. Subject to the objection Plaintiff contends that the following communications took place between Plaintiff and USHA.

July 25, 2022, Plaintiff sent Brandon of USHA a request for information to be sent to his email address. Brandon of USHA immediately replied with a text message to USHA and USHG's website. February 28 , 2023, Plaintiff informed Robert of USHA and USHG that he attempted to call. February 28, 2023, Robert called Plaintiff back from the same number he had been messaging Plaintiff from. On February 28, 2023, Plaintiff receive four messages through EBR from Jennifer Masser. March 2, 2023, Plaintiff sent Jennifer Masser multiple DNC Requests, and Jennifer Masser sent multiple solicitation messages while acknowledging Plaintiff's DNC Requests and continuing to ignore said DNC Requests

**4.** Describe in specific detail the factual basis for Your contention that USHA made or initiated the Telephone Calls.

Answer: USHA hired and authorized Brandon Martinez and Jennifer Maser to act on their behalf. Martinez and Maser represented themselves as USHA agents and Plaintiff had every reason to believe the Martinez and Maser are in fact, USHA agents. Brandon Martinez sent Plaintiff a link (ushagent.com/brandonmartinez) via text message directing Plaintiff to a website with USHealth Group Inc's logo, USHA's information was located in the legal notice of the website, privacy policy and other locations as well. The website was clearly owned and operated by USHA. When Plaintiff spoke with Robert, Robert stated he was messaging and calling on behalf of USHA, just as Jennifer Masser had stated. Jennifer's email that she sent Plaintiff had US Health Advisors on it, her email domain was from ushadvisors.com

**5.** Describe in specific detail the factual basis for Your contention of the existence of

an agency relationship between USHEALTH Advisors, LLC and each

person who You allege made a Telephone Call in which said person(s) was/were authorized to make the Telephone Calls or said Telephone Calls were otherwise ratified by USHEALTH Advisors, LLC.

Answer: Brandon Martinez provided a website link with multiple references to USHA. Robert stated he was calling on behalf of USHA. Jennifer Masser stated multiple times in text, phone, and email she was from USHA

**6.** State all facts that You contend prove that USHEALTH Advisors, LLC controlled the manner and means by which the Telephone Calls were made or sent to You.

Answer: USHEALTH Advisors, LLC hired, trained, directed, and oversaw agents Brandon Martinez and Jennifer Maser. Through Martinez and Maser USHEALTH Advisors, LLC controlled the manner and means of the phone calls directed at Plaintiff.

**7.** Describe and quantify any injury, damages, or harm (economic or otherwise) that You claim to have suffered as a result of the alleged violation in the Complaint, if any, and identify with particularity any documents supporting such injury, damages, or harm.

Answer: Plaintiff suffered stress, weight loss, anxiety, and depression as a result of the phone calls. Plaintiff was statutorily damaged as a result of 23 phone calls:

9 phone calls in violation of 47 U.S.C. 227(c) @ $500 per call = $4,500

14 phone calls in violation of 47 U.S.C. (c) @$1500 per call = $21,000

9 phone calls in violation of Fla. Stat. 501.059(j) @ $500 per call = $4,500

14 phone calls in violation of Fla. Stat. 501.059(j) @ $1500 per call = $21,000

2 violations of Fla. Stat. 501.616(6)(b) = $50,000

Total Damages = $101,000

**8.** Describe and identify all facts evidencing USHA's alleged conduct toward You was willful or knowing as alleged in the Complaint.

Answer: On August 5, 2023, Plaintiff sent USHA an email to info@ushealthgroup.com

titled DNC Request, the body of the email was requesting USHA's Internal Do Not Call Policy. On August 5, 2023, Plaintiff sent USHA an email to media@ushealthgroup.com titled DNC Request, the body of the email was requesting USHA's Internal Do Not Call Policy. On August 5, 2023, Plaintiff sent a demand email to CEO of USHA Troy McQuagge at mcquagget@ushealthgroup.com, outlining the text messages that were sent to Plaintiff illegally, informing him Plaintiff was on the National Do Not Call registry. Plaintiff filed a lawsuit for TCPA violations for text messages that were sent to his phone from USHealth Group Inc., also known as USHA. Texts/calls 8-24 were all knowing and willful violations, as USHA was well aware that Plaintiff did not want to be contacted on his cellular telephone, USHA was aware that Plaintiff was on the National Do Not Call Registry, USHA was aware that Plaintiff was not interested in any of their health care products.

**9.** Describe and identify all facts evidencing that USHA's alleged conduct violated the Telephone Consumer Protection Act or its regulations.

Answer: USHA violated the TCPA by soliciting Plaintiff via text messages while he was on the National Do Not Call Registry. USHA violated the TCPA while messaging Plaintiff continuously for months after Plaintiff had provided multiple Do Not Call Requests. Plaintiff registered his phone number on the National Do Not Call list on XX date and Plaintiff's phone number was on the National DNC at all times relevant to this Complaint.

**10.** Describe and identify all facts evidencing that USHA's alleged conduct violated the Florida Telephone Solicitation Act (Fla. Stat. § 501.059).

Answer: USHA violated the FTSA by Soliciting Plaintiff via text message more than 1 time in a 365 day period. USHA solicited Plaintiff multiples times after Plaintiff had provided multiple DNC Requests in violation of Fla. Stat. § 501.059(j).

**11.** Describe and identify all facts evidencing that USHA's alleged conduct violated the Florida Telemarketing Act.

Answer: USHA violated the FTA by soliciting Plaintiff more than three (3) times in a 24 hour period. USHA called Plaintiff 6 times on March 2, 2023.

**12.** Identify and describe the following information for all telephone numbers registered or assigned to You, for which You have been the customary user, or for which You or a business with which You are associated paid to acquire since April 21, 2019, including but not limited to the Subject Number: the

telephone number, the name of the subscriber, the name of the carrier(s) (e.g., AT&T, Verizon, etc.), the date(s) of service (for each carrier), whether the telephone number is associated with a residential line or some other type of phone (e.g., cellular telephone, business number, VoIP number), and whether the carrier assesses a specific charge for incoming calls. If any of Your telephone numbers switched from being associated with one type of phone to another type of phone (e.g., cellular phone, residential line, or some other type of phone), identify when the switch occurred, identify the type of phones switched, and identify the phone numbers associated therewith.

Answer: Objection. Any other possible phone numbers Plaintiff may have had are irrelevant to this case. Subject to this objection, 407-780-9810 is the phone number relevant to this Complaint. Spectrum Wireless is the provider, May 18, 2022, is the date of service, it's a cellular telephone, the carrier does not charge for incoming calls. My phone number was always a cellular telephone number.

**13.** Identify any business purposes for which You use or have used the Subject Number, including but not limited to in connection with CMS Financial, Inc., Morality, Inc., CCMS Solutions, Inc., and It's Electric, Inc.

Answer: Plaintiff has never used the Subject Number for any of the businesses described in this question, or any other business for that matter, other than personal.

**14.** At any time during the four (4) years prior to filing this Complaint, did You ever provide telephone numbers of Yours, including but not limited to the Subject Number, over the internet, phone, or in person in order to receive information from third parties relating to the purchase or sale of health insurance coverage? If yes, please describe each instance with specificity, including the date (or approximate date) and website address or identify the name of the company to whom You provided it to, and identify any related documents including emails, letters, or text messages You received after submitting Your information.

Answer: No.

**15.** Identify all demands, claims, or lawsuits asserting violations of the Telephone Consumer Protection Act or its regulations, the Florida Telephone

Solicitation Act, or the Florida Telemarketing Act that You have made, directly or indirectly (such as through counsel), including the date of the demand, claim, or lawsuit, the name of the party that was alleged to have committed the violation and the case numbers and courts of any lawsuits.

Answer: Please see Exhibit B for a list of Plaintiff's lawsuits.

**16.** Identify for each year from 2019 through the present date, the amount of compensation, money, or income that You or any entities that You controlled received from a claimed violation of the Telephone Consumer Protection Act or its regulations, the Florida Telephone Solicitation Act, or the Florida Telemarketing Act.

Answer: Objection. Any settlement funds Plaintiff may or may not have received since the date in question is Confidential and punishable if revealed other than to Parties that are in connection with any settlement agreements that Plaintiff may have had with any party since the date in question.

Dated: January 16, 2024,

Respectfully,

*Joshua Cacho*

Joshua Cacho
Plaintiff, Pro Se
6773 Isla Del Rey Dr
jcacho1848@gmail.com
*407-780-9810*

**CERTIFICATE OF SERVICE**

I hereby certify that, on January 16, 2024, a true and correct copy of the foregoing was served upon Defendant's counsel of record Jeffrey Aaron Backman at Jeffrey.backman@gmlaw.com and Defendant's counsel of record Roy Taun at

roy.taub@gmlaw.com.

# EXHIBIT A

| No. | Date | Time (EST) | Caller ID/Email Adress | Notes |
|---|---|---|---|---|
| 1 | Jun 24, 2022 | 7:29 PM | 954-716-8575 | Unauthorized solicitation text message |
| 2 | Jun 25, 2022 | 10:21 AM | 954-716-8575 | Unauthorized solicitation text message |
| 3 | Jun 26, 2022 | 10:19 AM | 954-716-8575 | Unauthorized solicitation text message |
| 4 | Jun 29, 2022 | 12:18 PM | (954) 716-8575 | Unauthorized solicitation text message |
| 5 | Jul 1, 2022 | 12:22 PM | (954) 716-8575 | Unauthorized solicitation text message |
| 6 | Jul 4, 2022 | 2:19 PM | (954) 716-8575 | Unauthorized solicitation text message |
| 7 | Jul 8, 2022 | 3:20 PM | (954) 716-8575 | Unauthorized solicitation text message |
| | Jul 25, 2024 | 6:57 PM | 407-780-9810 | Outbound text to Brandon Martinez requesting information be sent via email |
| 8 | Jul 25, 2024 | 6:57 PM | 954-716-8575 | Unauthorized solicitation text message |
| 9 | Aug 2, 2022 | 10:05 AM | (754) 253-3608 | Unauthorized solicitation text message |
| 10 | Aug 3, 2022 | 1:03 PM | (754) 253-3608 | Unauthorized solicitation text message |
| 11 | Aug 5, 2022 | 10:04 AM | (754) 253-3608 | Unauthorized solicitation text message |
| | Aug 5, 2022 | 2:26 PM | bostonred.85@gmail.com | Plaintiff sent a request for USHA's Internal DNC Policy and a DNC Request to info@ushealthgroup.com - DNC Request #1 |
| | Aug 5, 2022 | | bostonred.85@gmail.com | Plaintiff sent a request for USHA's Internal DNC Policy |

| No. | Date | Time (EST) | Caller ID/Email Adress | Notes |
|---|---|---|---|---|
| | | | | and a DNC Request to media@ushealthgroup.com - DNC request #2 |
| | Aug 5, 2022 | | bostonred.85@gmail.com | Plaintiff sent a notification of the unauthorized calls he had received (calls 1-7) in a demand email - DNC Request #3 |
| | Aug 11, 2023 | | | Plaintiff filed a lawsuit against USHA for unauthorized calls he had received - DNC request #4 |
| | Aug 16, 2023 | | OneillC@ushealthgroup.com | Plaintiff received an email from Casey O'Neil Assistant General Counsel in acknowledgement of demand email and DNC request that was sent to CEO |
| | Aug 17, 2023 | | bostonred.85@gmail.com | Plaintiff responded and notified Casey that he had already filed the lawsuit - DNC Request #5 |
| 12 | Aug 7, 2022 | 6:02 PM | (754) 253-3608 | Unauthorized solicitation text message - Knowing and willful |
| 13 | Aug 15, 2022 | 10:03 PM | (754) 253-3608 | Unauthorized solicitation text message - Knowing and willful |
| 14 | Feb 25, 2023 | 10:20 AM | (305) 901-7618 | Unauthorized solicitation text message - Knowing and willful |
| 15 | Feb 26, 2023 | 4:17 PM | (305) 901-7618 | Unauthorized solicitation text message - Knowing and willful |
| 16 | Feb 28, 2023 | 10:25 AM | (305) 901-7618 | Unauthorized solicitation text message - Knowing and willful |
| | Feb 28, 2023 | 2:35 PM | (407) 780-9810 | Plaintiff sent USHA a message in reference to call 16 to 305-901-7618 |
| | Feb 28, 2023 | 2:35 PM | (407) 780-9810 | Plaintiff sent USHA a message in reference to call 16 to 305- |

| No. | Date | Time (EST) | Caller ID/Email Adress | Notes |
|---|---|---|---|---|
| | | | | 901-7619 |
| 17 | Feb 28, 2023 | | (305) 901-7618 | Plaintiff received an Unauthorized call from USHA - Knowing and willful |
| | Feb 28, 2023 | 3:30 PM | (561) 827-0261 | Jennifer of USHA sent a EBR call to Plaintiff |
| | Feb 28, 2023 | 3:30 PM | (561) 827-0261 | Jennifer of USHA sent a EBR call to Plaintiff |
| | Feb 28, 2023 | 6:05 PM | (561) 827-0261 | Jennifer of USHA sent a EBR call to Plaintiff |
| | Mar 2, 2023 | 8:53 AM | (561) 827-0261 | Jennifer of USHA sent a EBR call to Plaintiff |
| | Mar 2, 2023 | 11:11 AM | (561) 827-0261 | Plaintiff sent a DNC request to Jennifer of USHA - DNC Request # 6 |
| 18 | Mar 2, 2023 | 11:12 AM | (561) 827-0261 | Unauthorized solicitation text message - Knowing and willful |
| | Mar 2, 2023 | 11:13 AM | (561) 827-0261 | Plaintiff sent a DNC request to Jennifer of USHA - DNC Request # 7 |
| 19 | Mar 2, 2023 | 11:13 AM | (561) 827-0261 | Unauthorized solicitation text message - Knowing and willful |
| | Mar 2, 2023 | 11:13 AM | (561) 827-0261 | Plaintiff sent a DNC request to Jennifer of USHA - DNC Request # 7 |
| | Mar 2, 2023 | 11:13 AM | (561) 827-0261 | Plaintiff sent a DNC request to Jennifer of USHA - DNC Request # 8 |
| 20 | Mar 2, 2023 | 11:14 AM | (561) 827-0261 | Unauthorized solicitation text message - Knowing and willful |
| 21 | Mar 2, 2023 | 11:15 AM | (561) 827-0261 | Unauthorized solicitation text |

| No. | Date | Time (EST) | Caller ID/Email Adress | Notes |
|---|---|---|---|---|
| | | | | message - Knowing and willful |
| 22 | Mar 2, 2023 | 11:15 AM | (561) 827-0261 | Unauthorized solicitation text message - Knowing and willful |
| | Mar 2, 2023 | 11:16 AM | (561) 827-0261 | Plaintiff sent a DNC request to Jennifer of USHA - DNC Request # 10 |
| 23 | Mar 2, 2023 | 11:16 AM | (561) 827-0261 | Unauthorized solicitation text message - Knowing and willful |

# EXHIBIT B

| | | | | | |
|---|---|---|---|---|---|
| Cacho, Joshua (pla) | 6:2022cv01337 | Cacho v. Insurance Supermarket Inc. et al | Florida Middle District Court | 7/28/2022 | 11/14/2022 |
| Cacho, Joshua (pla) | 6:2022cv01439 | Cacho v. USHealth Group, Inc | Florida Middle District Court | 8/12/2022 | 1/24/2023 |
| Cacho, Joshua (pla) | 6:2022cv01474 | Cacho v. SelectQuote Auto & Home Insurance Serv | Florida Middle District Court | 8/18/2022 | 6/16/2023 |
| Cacho, Joshua (pla) | 6:2022cv01571 | Cacho v. Sunshine Capital LLC et al | Florida Middle District Court | 8/31/2022 | 9/26/2022 |
| Cacho, Joshua (pla) | 6:2022cv01721 | Cacho v. FIA Liquidation Company, Inc. | Florida Middle District Court | 9/20/2022 | 1/11/2023 |
| Cacho, Joshua (pla) | 6:2022cv01830 | Cacho v. United Insurance Group Agency, Inc. | Florida Middle District Court | 10/6/2022 | 2/3/2023 |
| Cacho, Joshua (pla) | 6:2022cv01831 | Cacho v. GoHealth, LLC | Florida Middle District Court | 10/6/2022 | 11/9/2022 |
| Cacho, Joshua (pla) | 6:2022cv01917 | Cacho v. Quotewizard.com, LLC et al | Florida Middle District Court | 10/18/2022 | 11/22/2022 |
| Cacho, Joshua (pla) | 6:2022cv01998 | Cacho v. Monevo, Inc. | Florida Middle District Court | 10/31/2022 | 9/25/2023 |
| Cacho, Joshua (pla) | 6:2022cv02167 | Cacho v. EGV Companies, Inc. | Florida Middle District Court | 11/21/2022 | 12/13/2022 |
| Cacho, Joshua (pla) | 6:2023cv00014 | Cacho v. Sunbility LLC et al | Florida Middle District Court | 1/4/2023 | |
| Cacho, Joshua (pla) | 6:2023cv00152 | Cacho v. Tobias & Associates, Inc. | Florida Middle District Court | 1/27/2023 | 3/14/2023 |
| Cacho, Joshua (pla) | 6:2023cv00177 | Cacho v. CHW Group Inc | Florida Middle District Court | 1/31/2023 | 3/22/2023 |
| Cacho, Joshua (pla) | 6:2023cv00387 | Cacho v. Aquotein LLC et al | Florida Middle District Court | 3/2/2023 | |
| Cacho, Joshua (pla) | 6:2023cv00438 | Cacho v. Wholesale Screen Enclosures Inc. et al | Florida Middle District Court | 3/10/2023 | 5/9/2023 |
| Cacho, Joshua (pla) | 6:2023cv00738 | Cacho v. Finesse Carwash Service & Detailing Inc | Florida Middle District Court | 4/21/2023 | |
| Cacho, Joshua (pla) | 6:2023cv00737 | Cacho v. USHealth Advisors, LLC et al | Florida Middle District Court | 4/21/2023 | |
| Cacho, Joshua (pla) | 6:2023cv01109 | Cacho v. Keller Postman LLC | Florida Middle District Court | 6/12/2023 | 7/14/2023 |
| Cacho, Joshua (pla) | 6:2023cv01109 | Cacho v. Keller Postman LLC | Florida Middle District Court | 6/12/2023 | 7/14/2023 |
| Cacho, Joshua (pla) | 6:2023cv00974 | Cacho v. Law Offices of Richard H. Weisberg, P.A. | Florida Middle District Court | 6/14/2023 | |
| Cacho, Joshua (pla) | 6:2023cv01316 | Cacho v. Modern Concepts Construction LLC | Florida Middle District Court | 7/14/2023 | |
| Cacho, Joshua (pla) | 6:2023cv01501 | Cacho v. Honest Tax, LLC | Florida Middle District Court | 8/7/2023 | |
| Cacho, Joshua (pla) | 1:2023cv11157 | Cacho v. McCarthy & Kelly LLP | New York Southern District Court | 12/22/2023 | |
| Cacho, Joshua (pla) | 3:2023cv00298 | Cacho v. McCarthy & Kelly LLP | Texas Western District Court | 8/15/2023 | 12/22/2023 |
| Cacho, Joshua (pla) | 3:2023cv00303 | Cacho v. RBM Insurance, Inc. et al | Texas Western District Court | 8/17/2023 | |
| Cacho, Joshua (pla) | 3:2023cv00317 | Cacho v. United Tax Defense LLC et al | Texas Western District Court | 8/24/2023 | |
| Cacho, Joshua (pla) | 3:2023cv00347 | Cacho v. Spectrum Mobile Equipment, LLC | Texas Western District Court | 9/14/2023 | 12/6/2023 |
| Cacho, Joshua (pla) | 3:2023cv00372 | Cacho v. American Health Plans, LLC | Texas Western District Court | 10/5/2023 | |
| Cacho, Joshua (pla) | 3:2023cv00455 | Cacho v. DMB Financial, LLC et al | Texas Western District Court | 12/18/2023 | |
| Cacho, Joshua (pla) | 3:2023cv00456 | Cacho v. ACA EXPERTS, LLC | Texas Western District Court | 12/18/2023 | |