# EXHIBIT E-4

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CASE №: 6:23-cv-737-CEM-EJK

JOSHUA CACHO,

Plaintiff,

v.

USHEALTH ADVISORS, LLC and
USHEALTH GROUP, INC.,

Defendants.
______________________________________/

**DECLARATION OF ANDREW T. THOMASSON**
**<u>IN OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS</u>**

Plaintiff, Joshu Cacho, by and through his undersigned counsel :

1. Documents evidencing or relating to the alleged Telephone Calls, including but not limited to Your notes, telephone billing records, or screenshots.

Answer: See Attached.

2. To the extent not requested by Request No. 1, Documents relating to the alleged Telephone Calls, including but not limited to Your notes, telephone billing records, or screenshots.

Answer: See attached.

3. Recordings of the Telephone Calls You claim to have received.

Answer: None.

4. All billing statements for the cellular telephone associated with the

Subject Number for any month in which You claim to have received a telephone call from USHA, including all phone records evidencing the Telephone Calls.

Answer: Objection: Spectrum only goes back 14 months. For February 2023, and March 2023's bills see attached.

5. Documents from, created by, or accessible to You via any telephone application (or "app") or its website related to the Telephone Calls, including but not limited to an application aimed at blocking or keeping track of telephone solicitations or robocalls (such as, for example, Block Calls Get Cash).

Answer: None.

6. Documents You create and/or maintain to track or log any telephone calls or text messages, including telephone calls or text messages not relating to USHA, You believe to have been sent or placed to You in violation of any law.

Answer: Objection: The question is overly broad, not limited in scope and ill defined.

Supplemental Answer: None.

7. Documents of an informational or educational nature regarding how recipients of telephone or text message solicitations can seek relief, including but not limited to monetary relief, under the Telephone Consumer Protection Act or its regulations, the Florida Telephone Solicitation Act (Fla. Stat. § 501.059), the Florida Telemarketing Act, or any other law.

Answer: See attached.

8. Documents reflecting any and all communications between You and

USHA, including any documents reflecting notes of such communications.

Answer: Objection: USHA has a record of each of the communications between Plaintiff and USHA.

9. Documents reflecting any and all communications between You and anyone other than your attorneys, relating to the Telephone Calls, including any documents reflecting notes of such communications.

Answer: None.

10. Documents reflecting any research or investigation You conducted related to USHA, including but not limited to online research.

Answer: Objection: The question is overly broad, not limited in scope and ill defined.

11. Documents reflecting all telephone numbers from which You received the Telephone Calls.

Answer: See attached.

12. Documents sufficient to identify the subscriber of the Subject Number.

Answer: See attached

13. Documents sufficient to identify all telephone numbers from which You received the Telephone Calls.

Answer: See attached.

14. Documents supporting Your claim that USHA is responsible for the

Telephone Calls.

Answer: See attached.

15. Documents sufficient to identify all telephone accounts and numbers used by You to make or receive telephone calls.

Answer: Objection: For subject number See attached.

16. Copies of Your social media posts, including but not limited to posts on Facebook and Twitter, relating to the Telephone Calls.

Answer: None

17. Copies of Your social media posts, including but not limited to posts on Facebook and Twitter, relating to this lawsuit or the possible commencement of litigation.

Answer: None

18. Copies of Your social media posts, including but not limited to postson Facebook and Twitter, relating to the Telephone Consumer Protection Act or its regulations, the Florida Telephone Solicitation Act, the Florida Telemarketing Act, or asserting demands or claims under any of those laws.

Answer: None

19. Documents evidencing any damages and/or harm caused to Plaintiff as a result of his receipt of Telephone Calls.

Answer: See attached

20. Documents evidencing economic damages and/or harm caused to Plaintiff as a result of his receipt of Telephone Calls.

Answer: See attached.

21. Documents related to Your attempts to mitigate any claimed damages.

Answer: None

22. Copies of any testimony You have provided under oath including, but not limited to, affidavits, depositions, discovery responses, or in-court testimony, in the last 10 years.

Answer: None

23. Documents sufficient to identify all lawsuits You have filed or commenced in the last 10 years, including but not limited to the complaints or petitions filed in those lawsuits.

Answer: See attached

24. Documents relating to any instances in which You were convicted of a crime involving a dishonest or false statement in the last 10 years.

Answer: None

25. Documents relating to Your consent to receive Telephone Calls.

Answer: None

26. Documents showing who made the Telephone Calls.

Answer: See attached.

27. Document showing Plaintiff did not provide prior express invitation

or permission to receive Telephone Calls.

Answer: Objection: Plaintiff cannot prove a negative.

28. Documents showing Plaintiff did not provide consent to receive Telephone Calls.

Answer: Objection: Plaintiff cannot prove a negative.

29. Documents related to or reflecting Plaintiff's business relationship with USHA.

Answer: None. Plaintiff did not have a business relationship with USHA.

30. Documents related to Plaintiff's prior express invitation or permission to receive Telephone Calls.

Answer: Objection: Plaintiff cannot prove a negative.

31. Documents relating to any assertion by a company You have accused of violating the Telephone Consumer Protection Act or its regulations, the Florida Telephone Solicitation Act (Fla. Stat. § 501.059), or the Florida Telemarketing Act that You gave consent to receive the telephone call or text message that You claimed was in violation of a law.

Answer: None.

32. Any and all documents evidencing that USHA made or initiated any of the Telephone Calls to You as alleged in the Complaint.

Answer: See attached.

33. Any and all documents evidencing that the Telephone Calls to You as alleged in the Complaint were made on behalf of or at the direction of USHEALTH Advisors, LLC.

Answer: See attached.

34. Documents that You contend support Your claim that USHA's conduct was knowing and willful as alleged in the Complaint.

Answer: See attached screen shots, DNC Requests and Demand sent in August of 2022. See attached correspondence from Assistant General Counsel for USHA.

35. Documents that support Your claim that USHA violated the Telephone Consumer Protection Act.

Answer: See attached.

36. Documents that support Your claim that USHA violated the Florida Telephone Solicitation Act (Fla. Stat. § 501.059).

Answer: See attached.

37. Documents that support Your claim that USHA violated the Florida Telemarketing Act.

Answer: See attached.

38. Documents referenced or reviewed in connection with Plaintiff's answers to Defendant USHEALTH Advisors, LLC's First Set of Interrogatories to Plaintiff that are being served simultaneously herewith.

Answer: See attached.

39. Documents sufficient to identify Your e-mail address(es).

Answer: Objection: The question is not relevant to calls made to Plaintiff from USHA.

40. Documents sufficient to identify Your Internet Protocol ("IP") address(es), including the IP address from any laptop, desktop, notebook, cellular telephone, or other mobile device that You use or used from May 2021 to the present to browse Internet websites.

Answer: See attached for Plaintiff's current IP addresses. Objection: Plaintiff cannot provide his IP address from when he was in Florida. Plaintiff is currently a resident of El Paso, Texas.

41. Documents sufficient to identify Your internet service provider(s).

Answer: None

42. Documents sufficient to identify Your cellular telephone service provider(s).

Answer: See attached.

43. Documents sufficient to identify Your residential telephone service provider(s).

Answer: See attached. Plaintiff's cellular telephone is his residential telephone.

44. Documents sufficient to identify Your business telephone service provider(s).

Answer: See attached.

45. Document sufficient to identify Your VoIP telephone service provider(s).

Answer: None.

46. Documents relating to or otherwise evidencing Your interest in and/or consent to receive telephone calls regarding health insurance.

Answer: None

47. Documents relating to or otherwise evidencing Your interest in obtaining health insurance coverage in May 2021.

Answer: None

48. Concerning any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert, please produce the following:

a. All documents concerning any facts known by the expert that relate to or form the basis of the expert's mental impressions and opinions formed or made in connection with this case, regardless of when and how the factual information was acquired;

b. All documents and electronic files concerning the expert's mental impressions and opinions formed or made in connection with this case and any methods used to derive them;

c. All documents, electronic files, tangible things, reports, models, or data compilations that have been provided to, reviewed by,

or prepared by or for the expert in anticipation of a testifying expert's testimony concerning any issue in this case;

d. The expert's current resume and bibliography;

e. All documents and electronic files containing any factual observations, tests, supporting data, inspections, calculations, photographs, videotapes, reports, and all opinions of such expert relating to any issue in this case;

f. All correspondence between You and/or Your counsel and such expert concerning any facts in this case;

g. All advertising, regardless of type of media, published by or on behalf of such expert;

h. Any and all published court opinions that report, criticize or challenge such expert, or report, criticize or challenge the work of such expert; and

i. Any and all publications authored by such expert.

Answer: None

49. Photographs, screenshots, recordings, videos, drawings and all other images, however generated, You contend are relevant to any of the Telephone Calls.

Answer: See attached.

50. Photographs, screenshots, recordings, videos, drawings and all other images, however generated, You contend are relevant to any issue in this case.

Answer: See attached.

51. Communications concerning joining in any lawsuit alleging a violation of the Telephone Consumer Protection Act or its regulations, the Florida Telephone Solicitation Act (Fla. Stat. § 501.059), or the Florida Telemarketing Act, or providing information for any lawsuit alleging violation of the Telephone Consumer Protection Act or its regulations, the Florida Telephone Solicitation Act, or the Florida Telemarketing Act.

Answer: Objection: The question is overly broad, not limited in scope and ill defined. Subject to the proceeding objection please see attached.

52. Documents (or, for purposes of this request only, portions or excerpts of documents) showing the Internet browsing history on any devices You use or used to browse Internet websites that reflect any visits to the website obamacareplans.com.

Answer: None.

53. Documents (or, for purposes of this request only, portions or excerpts of documents) reflecting Internet browsing history on any devices You used from January 2021 through May 2021 for websites regarding the sale or purchase of health insurance coverage.Answer: None

54. Documents reflecting Your interest in and/or consent to receive information related to health insurance coverage from January 2021 through May 2021.

Answer: None

55. Your cellular telephone GPS data, also known as cell site data, for the

Subject Number on the dates and times You allege to have received the Telephone Calls and for any other calls You allege to have received from or on behalf of USHA.

Answer: None

56. Documents showing where You were at the time You received each and every Telephone Call.

Answer: None

57. Documents showing what You were doing at the time You received each and every Telephone Call.

Answer: None

58. Documents showing in any way that You requested not to be called during any of the Telephone Calls.

Answer: See attached.

59. Documents showing proof of payments made for the cellular telephone account linked to the Subject Number for the months in which You received the Telephone Calls. Responsive documents may include, but are not limited to, bank statements, credit card statements, and/or cancelled checks. Entire bank statements or credit card statements need not be produced.

60. USHA is seeking only the portions of the documents identifying any of the following information for payments made: the name of the payor; the name of the payee; the payment amount; and the date of the payment.

Answer: none

61. Documents showing reimbursement(s) to You, or any individual or

entity, for payments made for the cellular telephone account linked to the Subject Number.

Answer: None

62. Documents showing payment of an allowance, stipend, credit, bonus, or benefit for the use of Your cellular telephone linked to the Subject Number. For example, if Your employer gives You a monthly communications allowance or stipend, documents reflecting the allowance or stipend would be responsive.

Answer: None

63. Documents sufficient to identify Your current and former employer(s).

Answer: None

64. Local, State, or Federal tax filings, filed by You or a business that You are associated with, contracted with, or employed by, claiming a tax deduction for all or part of the payments made for the cellular telephone accounts linked to the Subject Number. Entire tax returns need not be produced. USHA is seeking only the portions of the filing(s) identifying the deduction being claimed, and individual or entity claiming the deduction.

Answer: None

65. Documents sufficient to identify the date You registered the Subject Number on the National Do-Not-Call Registry.

Answer: See attached

66. Documents sufficient to identify any instance, from the date that the

Subject Number was registered on the National Do-Not-Call Registry to the day that You respond to this Request, when you used the Subject Number for a business purpose, including but not limited to any advertisement, business card, website, listing, publication, application, or government filing.

Answer: None

67. Documents identifying any client or business acquaintance or associate that Plaintiff provided his cellular telephone number to for contacting him for business purposes.

Answer: None

68. Documents reflecting the use of the Subject Number for any business purposes, including but not limited to with respect to CMS Financial, Inc., Morality, Inc., CCMS Solutions, Inc., and It's Electric, Inc.

Answer: None.

69. Documents sufficient to reflect Plaintiff's share of equity or ownership in each of the following: (a) CMS Financial, Inc.; (b) Morality, Inc.; (c) CCMS Solutions, Inc.; and (d) It's Electric, Inc.

70. Answer: None

71. Documents sufficient to reflect Plaintiff's share of equity or ownership in each of the following: (a) CMS Financial, Inc.; (b) Morality, Inc.; (c) CCMS Solutions, Inc.; and (d) It's Electric, Inc.

Answer: None.

72. Documents showing in any way that You requested not to be called during any of the Telephone Calls.

Answer: Objection: duplicate question designed to irritate Plaintiff and waste time.

73. A copy or screenshot(s) of Your entire missed telephone call lists for the Subject Number during the month in which You claim You received the Telephone Calls.

Answer: Objection: The question is overly broad, not limited in scope and ill defined.

74. A copy or screenshot(s) of Your entire telephone call history (incoming and outgoing telephone calls) for the Subject Number during the month in which You claim You received the Telephone Calls.

Answer: Objection: The question is overly broad, not limited in scope and ill defined.

75. Documents relating to any call forwarding service You used to forward calls dialed to a different telephone number to the Subject Number, such as Google Voice.

Answer: None

76. A Google Takeout export of Your Google Chrome browser history.

Answer: Objection: The question is overly broad, not limited in scope and ill

defined.

77. A Google Takeout export of Your Google My Business data.

Answer: Objection: The question is overly broad, not limited in scope and ill defined.

78. A Google Takeout export of Your Google My Activity data.

Answer: Objection: The question is overly broad, not limited in scope and ill defined.

79. A Google Takeout export of Your Google Saved data.

Answer: Objection: The question is overly broad, not limited in scope and ill defined

80. A Google Takeout export of Your Google Voice data.

Answer: Objection: The question is overly broad, not limited in scope and ill defined

81. Documents sufficient to identify all demands, claims, or lawsuits asserting violations of the Telephone Consumer Protection Act or its regulations, the Florida Telephone Solicitation Act, or the Florida Telemarketing Act that You have made, either directly or through and attorney, including but not limited to demand letters.

Answer: See attached.

82. Documents sufficient to reflect any and all compensation, money, or income that You received from a claimed violation of the Telephone Consumer Protection Act or its regulations, the Florida Telephone Solicitation Act, or the Florida Telemarketing Act, including but not limited to W-9 forms.

Answer: Objection: Privacy issue, providing this information would be in violation of any settlement agreement Plaintiff may or may not have made in the past. Also not relevant to USHA's calls to Plaintiff.

83. Documents sufficient to reflect Your total income in all years in which You received compensation, money, or income from a claimed violation of the Telephone Consumer Protection Act or its regulations, the Florida Telephone Solicitation Act, or the Florida Telemarketing Act, including but not limited to tax returns or pay statements.

Answer: Objection: The question is overly broad, not limited in scope and ill defined.

84. Documents, including but not limited to browsing history, e-mail messages, and text messages, containing any of the following words or phrases:

a. obamacareplans.com

b. USHEALTH Advisors

Answer: None.

85. All Documents referenced in Your Rule 26 Initial Disclosures.

Answer: See attached.

86. All Documents You intend to rely upon at trial in this action.

**AS TO OBJECTIONS ONLY:**

Date: January 27, 2025

*s/ Andrew T. Thomasson*

Andrew T. Thomasson (NJ No. 04836201)
THOMASSON PLLC
16414 San Pedro Avenue, Suite 700
San Antonio, TX 78232-2272
Telephone: (973) 665-2056
Email: Andrew@Thomassonpllc.com

*Attorney for Plaintiff, Joshua Cacho*