# EXHIBIT I

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JOSHUA CACHO, **CASE NO.:** 6:23-cv-737-CEM-EJK

Plaintiff,

v.

USHEALTH ADVISORS, LLC and
USHEALTH GROUP, INC.,

Defendants.
_____________________________/

**DEFENDANT USHEALTH ADVISORS, LLC'S FIRST**
**REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF**

Defendant USHEALTH Advisors, LLC, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, requests that Plaintiff Joshua Cacho produce and permit inspection and copying of the documents and things described below within thirty (30) days of service of this First Request for Production of Documents.

**DEFINITIONS**

1. "You," "Your," "Plaintiff" and "Cacho" mean Joshua Cacho, the individual, and/or any persons or entities acting, or purporting to act, on his behalf.

2. "Complaint" means the Second Amended Complaint filed on dated August 18, 2023, filed in the action *Cacho v. USHEALTH Advisors, LLC*, Case No. 6:23-cv-00737-CEM-EJK, pending in the United States District Court for the

Middle District of Florida.

3. The term "USHA" for purposes of this Request means USHEALTH Advisors, LLC and anyone You contend or allege was or is acting, or purporting to be acting, in concert with USHEALTH Advisors, LLC or on its behalf. Based solely upon the allegations in the Complaint, these terms include USHEALTH Group, Inc., Brandon Martinez, and Jennifer Maser.

4. The term "Telephone Call(s)" means all telephone calls, text messages, and/or voicemails that You allege to have received from or on behalf of USHA, including but not limited to those alleged in the Complaint.

5. The term "Subject Number" means the telephone number on which You claim to have received the Telephone Calls.

6. "Person," means any natural person or entity, including without limitation, any individual, firm, corporation, company, joint venture, trust, tenancy, association, partnership, business, agency, department, bureau, board, commission, or any other form of public, private or legal entity. Any reference herein to any public or private company, partnership, association, or other entity include such entity's divisions, departments, subsidiaries, affiliates, predecessors, partners, present and former directors, officers, owners, shareholders, employees, attorneys, agents and all other persons acting or purporting to act on its behalf or subject to its direction or control.

7. "Document" means all written or graphic material and all copies containing any additional matter, however produced or reproduced, of any kind

and description in Your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, to the subjects or any other matters relevant to this action, or which are themselves listed below as specific documents, including, but not limited to, originals (or full and correct copies) of correspondence, papers, email, letters, other communications (including Communications, defined below), notes, memoranda, photographs, schematics and other drawings, computer or telephone "screen shots," sound recordings (including telephone call recordings), telephone bills, telephone call logs, books, records, reports, studies, analyses, estimates, plans, advertising, contracts, agreements, acknowledgment and consent forms, invoices, ledgers, journals, schedules, bank checks, charge slips, receipts, calendars, diaries, recordings, data sheets and Electronic Records (as defined below) in any form.

8. "Electronic Records" and "ESI" mean a record created, generated, sent, communicated, received, or stored by means relating to technology having electrical, digital, magnetic, wireless, optical, electromagnetic or similar capabilities, including but not limited to hard drive, server-based, cloud-based and/or Web-based documents and text on hard storage disks, external drives, jump-drives, CD-ROMs, DVD, optical discs, backup drives, printer buffers, smart cards, memory calculators, pagers, personal digital assistants, cellular telephones, computers and computer tablets, voice recording devices, answering machines, fax machine data and logs, and other data storage devices and/or compilations from which information can be obtained and translated, if necessary, through detection

devices into reasonably usable form. In response to this request, ESI should be produced in native format in a reasonable readable format, clearly labeled as to the kind of software used to prepare, organize, and manipulate the data contained.

9. “Communications” mean any oral or written statement, dialogue, colloquy, discussion, conversation, or other transfer of thoughts or ideas between persons and/or entities.

10. “Relating” or “related to,” “evidencing,” and “reflecting” mean directly or indirectly referring to, concerning, constituting, embodying, discussing, analyzing, reflecting, evidencing, mentioning, describing, pertaining to, arising out of, in connection with, or in any way legally, logically, or factually connected with the matter discussed.

11. The conjunctions “and” and “or” mean “and/or” so as to encompass the broader of the two possible constructions, and shall not be interpreted disjunctively to exclude any information or documents otherwise within the scope of any Request.

12. The term “each” means “each and every” and the term “every” means “each and every.”

13. All pronouns used herein shall include and be read to encompass the alternative forms of the pronoun, whether masculine, feminine, neuter, singular or plural, and shall not be interpreted to exclude any information or documents otherwise within the scope of the particular Request.

## INSTRUCTIONS

1. These Request is continuing in nature and the answers and documents must be supplemented by You at such time in the future as any facts, information and documents discovered hereafter shall have been ascertained, and such supplemental responses shall be served upon the undersigned attorneys reasonably after such discovery. The original of the responses are to be served on Defendant's attorneys at the offices of Greenspoon Marder LLP, 200 East Broward Boulevard, Suite 1800, Fort Lauderdale, Florida 33301.

2. You are required to produce a document or tangible thing if it is within your possession, custody, or control. Possession, custody or control includes constructive possession, such that you need not have actual physical possession. As long as you have the right to compel the production from a third party (including a person, company, financial institution, agency, authority or representative), you are deemed to have possession, custody, or control.

3. If you do not have any documents responsive to a particular numbered Request, please state so in writing.

4. All documents must be produced in full, without abridgment, abbreviation or expurgation of any sort. Identical copies of a document do not need to be produced, but if a version of a document contains notes or other writings that do not appear on other versions of the same document, it is a "non-identical copy" and must be produced.

5. All documents must be produced as they are kept in the usual course

of business or organized and labeled to correspond with the numbered Requests. The selection of documents from files and other sources shall be performed in a manner to ensure that the file or other source from which the document is obtained may be identified.

6. If you cannot produce a responsive document after exercising due diligence to secure it, please state so in writing and provide the specific information called for by Instructions 7 or 8 below.

7. If you contend that you are entitled to withhold any responsive document(s) on the basis of privilege, attorney work product doctrine, or other grounds, for each such document specify: (a) the author(s), including their name and capacity or title; (b) type and subject matter of the document; (c) the name and capacity of all addressees and recipients of the original or copies thereof; (d) all persons to whom the document was distributed, shown or explained; (e) the date the document was created and/or dated; (f) the source of the factual information from which such document was prepared; and (g) the nature of the privilege or other basis upon which you contend that you are entitled to withhold the document.

8. If you contend that a responsive document has been lost, destroyed, placed beyond your control, or otherwise disposed of, for each such document specify: (a) the author(s), including their name and capacity or title; (b) type, subject matter and physical size/number of pages of the document; (c) the date the document was created and/or dated; (d) the addressees and recipients of the

original or copies thereof; (e) number of pages, attachments and appendices; (f) all persons to whom the document was distributed, shown or explained; (g) date of destruction or other disposition; (h) reason for destruction or other disposition; (i) person authorizing destruction or other disposition; (m) person destroying or otherwise disposing of document(s); and (j) if not destroyed, the person(s) or entity(s) in possession of document.

9. Please produce all responsive documents with a Bates number or other distinguishing mark on each page or item that separately identifies it from all others.

10. Documents should be segregated and identified with the numbered Request to which they are responsive. If a particular document is responsive to more than one Request, please state so in writing.

**DOCUMENTS REQUESTED**

Please produce all documents dated, created or modified during the time period April 21, 2019, through the date You finish responding to this Request for each of the following requests, unless another time period is specified:

1. Documents evidencing or relating to the alleged Telephone Calls, including but not limited to Your notes, telephone billing records, or screenshots.

2. To the extent not requested by Request No. 1, Documents relating to the alleged Telephone Calls, including but not limited to Your notes, telephone billing records, or screenshots.

3. Recordings of the Telephone Calls You claim to have received.

4. All billing statements for the cellular telephone associated with the Subject Number for any month in which You claim to have received a telephone call from USHA, including all phone records evidencing the Telephone Calls.

5. Documents from, created by, or accessible to You via any telephone application (or "app") or its website related to the Telephone Calls, including but not limited to an application aimed at blocking or keeping track of telephone solicitations or robocalls (such as, for example, Block Calls Get Cash).

6. Documents You create and/or maintain to track or log any telephone calls or text messages, including telephone calls or text messages not relating to USHA, You believe to have been sent or placed to You in violation of any law.

7. Documents of an informational or educational nature regarding how recipients of telephone or text message solicitations can seek relief, including but not limited to monetary relief, under the Telephone Consumer Protection Act or its regulations, the Florida Telephone Solicitation Act (Fla. Stat. § 501.059), the Florida Telemarketing Act, or any other law.

8. Documents reflecting any and all communications between You and USHA, including any documents reflecting notes of such communications.

9. Documents reflecting any and all communications between You and anyone other than your attorneys, relating to the Telephone Calls, including any documents reflecting notes of such communications.

10. Documents reflecting any research or investigation You conducted related to USHA, including but not limited to online research.

11. Documents reflecting all telephone numbers from which You received the Telephone Calls.

12. Documents sufficient to identify the subscriber of the Subject Number.

13. Documents sufficient to identify all telephone numbers from which You received the Telephone Calls.

14. Documents supporting Your claim that USHA is responsible for the Telephone Calls.

15. Documents sufficient to identify all telephone accounts and numbers used by You to make or receive telephone calls.

16. Copies of Your social media posts, including but not limited to posts on Facebook and Twitter, relating to the Telephone Calls.

17. Copies of Your social media posts, including but not limited to posts on Facebook and Twitter, relating to this lawsuit or the possible commencement of litigation.

18. Copies of Your social media posts, including but not limited to posts on Facebook and Twitter, relating to the Telephone Consumer Protection Act or its regulations, the Florida Telephone Solicitation Act, the Florida Telemarketing Act, or asserting demands or claims under any of those laws.

19. Documents evidencing any damages and/or harm caused to Plaintiff as a result of his receipt of Telephone Calls.

20. Documents evidencing economic damages and/or harm caused to Plaintiff as a result of his receipt of Telephone Calls.

21. Documents related to Your attempts to mitigate any claimed damages.

22. Copies of any testimony You have provided under oath including, but not limited to, affidavits, depositions, discovery responses, or in-court testimony, in the last 10 years.

23. Documents sufficient to identify all lawsuits You have filed or commenced in the last 10 years, including but not limited to the complaints or petitions filed in those lawsuits.

24. Documents relating to any instances in which You were convicted of a crime involving a dishonest or false statement in the last 10 years.

25. Documents relating to Your consent to receive Telephone Calls.

26. Documents showing who made the Telephone Calls.

27. Document showing Plaintiff did not provide prior express invitation or permission to receive Telephone Calls.

28. Documents showing Plaintiff did not provide consent to receive Telephone Calls.

29. Documents related to or reflecting Plaintiff's business relationship with USHA.

30. Documents related to Plaintiff's prior express invitation or permission to receive Telephone Calls.

31. Documents relating to any assertion by a company You have accused of violating the Telephone Consumer Protection Act or its regulations, the Florida Telephone Solicitation Act (Fla. Stat. § 501.059), or the Florida Telemarketing Act that You gave consent to receive the telephone call or text message that You claimed was in violation of a law.

32. Any and all documents evidencing that USHA made or initiated any of the Telephone Calls to You as alleged in the Complaint.

33. Any and all documents evidencing that the Telephone Calls to You as alleged in the Complaint were made on behalf of or at the direction of USHEALTH Advisors, LLC.

34. Documents that You contend support Your claim that USHA's conduct was knowing and willful as alleged in the Complaint.

35. Documents that support Your claim that USHA violated the Telephone Consumer Protection Act.

36. Documents that support Your claim that USHA violated the Florida Telephone Solicitation Act (Fla. Stat. § 501.059).

37. Documents that support Your claim that USHA violated the Florida Telemarketing Act.

38. Documents referenced or reviewed in connection with Plaintiff's answers to Defendant USHEALTH Advisors, LLC's First Set of Interrogatories to Plaintiff that are being served simultaneously herewith.

39. Documents sufficient to identify Your e-mail address(es).

40. Documents sufficient to identify Your Internet Protocol ("IP") address(es), including the IP address from any laptop, desktop, notebook, cellular telephone, or other mobile device that You use or used from May 2021 to the present to browse Internet websites.

41. Documents sufficient to identify Your internet service provider(s).

42. Documents sufficient to identify Your cellular telephone service provider(s).

43. Documents sufficient to identify Your residential telephone service provider(s).

44. Documents sufficient to identify Your business telephone service provider(s).

45. Document sufficient to identify Your VoIP telephone service provider(s).

46. Documents relating to or otherwise evidencing Your interest in and/or consent to receive telephone calls regarding health insurance.

47. Documents relating to or otherwise evidencing Your interest in obtaining health insurance coverage in May 2021.

48. Concerning any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert, please produce the following:

a. All documents concerning any facts known by the expert that relate to or form the basis of the expert's mental impressions and opinions formed or made in connection with this case,

regardless of when and how the factual information was acquired;

b. All documents and electronic files concerning the expert's mental impressions and opinions formed or made in connection with this case and any methods used to derive them;

c. All documents, electronic files, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of a testifying expert's testimony concerning any issue in this case;

d. The expert's current resume and bibliography;

e. All documents and electronic files containing any factual observations, tests, supporting data, inspections, calculations, photographs, videotapes, reports, and all opinions of such expert relating to any issue in this case;

f. All correspondence between You and/or Your counsel and such expert concerning any facts in this case;

g. All advertising, regardless of type of media, published by or on behalf of such expert;

h. Any and all published court opinions that report, criticize or challenge such expert, or report, criticize or challenge the work of such expert; and

i. Any and all publications authored by such expert.

49. Photographs, screenshots, recordings, videos, drawings and all other images, however generated, You contend are relevant to any of the Telephone Calls.

50. Photographs, screenshots, recordings, videos, drawings and all other images, however generated, You contend are relevant to any issue in this case.

51. Communications concerning joining in any lawsuit alleging a violation of the Telephone Consumer Protection Act or its regulations, the Florida Telephone Solicitation Act (Fla. Stat. § 501.059), or the Florida Telemarketing Act, or providing information for any lawsuit alleging violation of the Telephone Consumer Protection Act or its regulations, the Florida Telephone Solicitation Act, or the Florida Telemarketing Act.

52. Documents (or, for purposes of this request only, portions or excerpts of documents) showing the Internet browsing history on any devices You use or used to browse Internet websites that reflect any visits to the website obamacareplans.com.

53. Documents (or, for purposes of this request only, portions or excerpts of documents) reflecting Internet browsing history on any devices You used from January 2021 through May 2021 for websites regarding the sale or purchase of health insurance coverage.

54. Documents reflecting Your interest in and/or consent to receive information related to health insurance coverage from January 2021 through May 2021.

55. Your cellular telephone GPS data, also known as cell site data, for the Subject Number on the dates and times You allege to have received the Telephone Calls and for any other calls You allege to have received from or on behalf of USHA.

56. Documents showing where You were at the time You received each and every Telephone Call.

57. Documents showing what You were doing at the time You received each and every Telephone Call.

58. Documents showing in any way that You requested not to be called during any of the Telephone Calls.

59. Documents showing proof of payments made for the cellular telephone account linked to the Subject Number for the months in which You received the Telephone Calls. Responsive documents may include, but are not limited to, bank statements, credit card statements, and/or cancelled checks. Entire bank statements or credit card statements need not be produced. USHA is seeking only the portions of the documents identifying any of the following information for payments made: the name of the payor; the name of the payee; the payment amount; and the date of the payment.

60. Documents showing reimbursement(s) to You, or any individual or entity, for payments made for the cellular telephone account linked to the Subject Number.

61. Documents showing payment of an allowance, stipend, credit, bonus, or benefit for the use of Your cellular telephone linked to the Subject Number. For

example, if Your employer gives You a monthly communications allowance or stipend, documents reflecting the allowance or stipend would be responsive.

62. Documents sufficient to identify Your current and former employer(s).

63. Local, State, or Federal tax filings, filed by You or a business that You are associated with, contracted with, or employed by, claiming a tax deduction for all or part of the payments made for the cellular telephone accounts linked to the Subject Number. Entire tax returns need not be produced. USHA is seeking only the portions of the filing(s) identifying the deduction being claimed, and individual or entity claiming the deduction.

64. Documents sufficient to identify the date You registered the Subject Number on the National Do-Not-Call Registry.

65. Documents sufficient to identify any instance, from the date that the Subject Number was registered on the National Do-Not-Call Registry to the day that You respond to this Request, when you used the Subject Number for a business purpose, including but not limited to any advertisement, business card, website, listing, publication, application, or government filing.

66. Documents identifying any client or business acquaintance or associate that Plaintiff provided his cellular telephone number to for contacting him for business purposes.

67. Documents reflecting the use of the Subject Number for any business purposes, including but not limited to with respect to CMS Financial, Inc., Morality, Inc., CCMS Solutions, Inc., and It's Electric, Inc.

68. Documents sufficient to reflect Plaintiff's position(s) in each of the following: (a) CMS Financial, Inc.; (b) Morality, Inc.; (c) CCMS Solutions, Inc.; and (d) It's Electric, Inc.

69. Documents sufficient to reflect Plaintiff's share of equity or ownership in each of the following: (a) CMS Financial, Inc.; (b) Morality, Inc.; (c) CCMS Solutions, Inc.; and (d) It's Electric, Inc.

70. Documents showing in any way that You requested not to be called during any of the Telephone Calls.

71. A copy or screenshot(s) of Your entire missed telephone call lists for the Subject Number during the month in which You claim You received the Telephone Calls.

72. A copy or screenshot(s) of Your entire telephone call history (incoming and outgoing telephone calls) for the Subject Number during the month in which You claim You received the Telephone Calls.

73. Documents relating to any call forwarding service You used to forward calls dialed to a different telephone number to the Subject Number, such as Google Voice.

74. A Google Takeout export of Your Google Chrome browser history.

75. A Google Takeout export of Your Google My Business data.

76. A Google Takeout export of Your Google My Activity data.

77. A Google Takeout export of Your Google Saved data.

78. A Google Takeout export of Your Google Voice data.

79. Documents sufficient to identify all demands, claims, or lawsuits asserting violations of the Telephone Consumer Protection Act or its regulations, the Florida Telephone Solicitation Act, or the Florida Telemarketing Act that You have made, either directly or through and attorney, including but not limited to demand letters.

80. Documents sufficient to reflect any and all compensation, money, or income that You received from a claimed violation of the Telephone Consumer Protection Act or its regulations, the Florida Telephone Solicitation Act, or the Florida Telemarketing Act, including but not limited to W-9 forms.

81. Documents sufficient to reflect Your total income in all years in which You received compensation, money, or income from a claimed violation of the Telephone Consumer Protection Act or its regulations, the Florida Telephone Solicitation Act, or the Florida Telemarketing Act, including but not limited to tax returns or pay statements.

82. Documents, including but not limited to browsing history, e-mail messages, and text messages, containing any of the following words or phrases:

a. obamacareplans.com
b. USHEALTH Advisors

83. All Documents referenced in Your Rule 26 Initial Disclosures.

84. All Documents You intend to rely upon at trial in this action.

Dated: December 20, 2023

GREENSPOON MARDER LLP

*/s/ Roy Taub*

Jeffrey A. Backman (Bar No. 662501)
Roy Taub (Bar No. 116263)
200 E. Broward Blvd., Suite 1800
Ft. Lauderdale, FL 33301
(954) 491-1120
jeffrey.backman@gmlaw.com
mary.torres@gmlaw.com
roy.taub@gmlaw.com
cheryl.cochran@gmlaw.com

*Attorneys for Defendant*
*USHEALTH Advisors, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that, on December 20, 2023, a true and correct copy of the foregoing was served upon Plaintiff *pro se* by e-mail and FedEx overnight delivery at the following mailing and e-mail addresses:

Joshua Cacho
164 Estella Road
Lake Mary, FL 32746
jcacho1848@gmail.com

*Plaintiff Pro Se*

*/s/ Roy Taub*
ROY TAUB