UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JOSHUA CACHO**, a Florida Resident

    **Plaintiff,**

v.                                                  **Case No: 6:23-cv-737-CEM-UAM**

**USHEALTH ADVISORS, LLC** and
**USHEALTH GROUP, INC,**

    **Defendants.**

### ORDER

On January 17, 2025, the Court granted Defendant USHealth Advisors, LLC's discovery motions and ordered Plaintiff to pay to Defendant the reasonable expenses and attorney's fees incurred by counsel in preparing and filing the motion to compel (Doc. 60) and both motions for sanctions (Docs. 67, 69). (Doc. 88). The Court directed Defendant to file an affidavit supporting the request for fees and expenses and permitted Plaintiff to file a response in opposition ten days thereafter. As directed, Defendant filed the Affidavit of Roy Taub, Esq. in support of its request for fees and expenses in excess of $20,000.00. (Doc. 95). Plaintiff filed a response in opposition challenging both the time spent by counsel and the requested hourly rates. (Doc. 112)

While the Court has determined that the Defendant has a right to recover attorney's fees associated with the successful motions to compel and sanctions, the Court has a corresponding duty to ensure that such an award is reasonable. In determining a reasonable award of attorney's fees, the Court applies the federal lodestar approach, which is calculated by multiplying the number of hours reasonably expended on the litigation by the reasonable

hourly rate for the services provided by counsel for the prevailing party. *See Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983). "Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting Hensley, 461 U.S. at 436). Additionally, the Court is "an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (*quoting Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

### I. Hours Expended

First, the Court must determine the number of hours reasonably expended on the litigation. Counsel must exercise proper "billing judgment" and exclude hours that are "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). If fee applicants do not exercise billing judgment, courts "are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are 'excessive, redundant, or otherwise unnecessary.'" *ACLU of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). When a court finds the number of hours billed to be unreasonably high, a court has two choices: it may review each entry and deduct the unreasonable time, or it may reduce the number of hours by an across-the-board cut. *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).

Here, Defendant seeks compensation for 48.50 hours, consisting of work performed by three lawyers from Greenspoon Marder LLP—Roy Taub, Esq., Jeffrey Backman, Esq., and Jacob Mars, Esq.[1] On its face, the time spent on the preparation and filing of three discovery motions seems unreasonably high. Indeed, the motion to compel, which was only three and a half-pages long, contained very limited discussion, with minimal legal analysis regarding ten outstanding discovery requests. (Doc. 60). And the motions for sanctions, which were largely duplicative of each other, contained no novel legal theories or difficult factual issues. Instead, they presented a straightforward issue—a party who failed to comply with a Court Order. (Docs. 67, 69). Given the limited complexity of these motions, the Court finds that the requested number of hours should be reduced by 75%.

Moreover, the Court declines to award fees for time spent after Defendant filed its reply brief in support of its motion for sanctions on January 14, 2025. *See e.g., Skybolt Aeromotive Corp. v. MilSpec Products, Inc.*, No. 5:16-cv-616-Oc-PRL, 2017 WL 2464119, at *5 (M.D. Fla. June 7, 2017) (excluding from the fee award hours that were incurred after filing the motion to compel, including the hours incurred for drafting the affidavit of attorney's fees associated with the motion to compel).

Accordingly, the Court finds that 10.55 hours is a reasonable number of hours spent by counsel in preparing and filing the motion to compel and motions for sanctions. Specifically, the Court allows 1.1 hours for Mr. Backman; 3.65 hours for Mr. Taub; and 5.8 hours for Mr. Mars.

---

[1] Specifically, Defendant seeks to recover fees for 4.80 hours by Mr. Backman, 14.6 hours by Mr. Taub, and 29.1 hours by Mr. Mars.

## II. Reasonable Hourly Rates

A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *Norman*, 836 F.2d at 1299. The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with the prevailing market rates. *Id.* The trial court itself is an expert on the question of the reasonableness of fees and may consider its own knowledge and experience. See id. at 1303.

Here, Defendant requests $525.00 per hour for Roy Taub, Esq., a partner with Greenspoon Marder LLP with more than twenty years of experience in civil litigation; $650.00 per hour for Jeffrey Backman, Esq., a partner with Greenspoon Marder LLP with more than twenty-one years of experience in civil litigation; and $325.00 per hour for Jacob Mars, Esq., an associate at Greenspoon Marder LLP with over a year of experience in civil litigation.

While Mr. Taub avers that these rates are reasonable, the Court finds them unreasonably high based on its own experience and familiarity with rates in the Middle District of Florida, especially given the routine nature of the motions. In fact, it is questionable whether the level of expertise offered by both Mr. Taub and Mr. Backman was needed in the making of these motions. Accordingly, the Court will reduce Mr. Backman's hourly rate to $400.00; Mr. Taub's hourly rate to $350.00; and Mr. Mars' hourly rate to $250.00.

## III. Conclusion

Based upon the foregoing, the Court finds that the reasonable expenses and attorney's fees incurred by counsel in preparing and filing the motion to compel and motions for sanctions is:

- 5 -

| Lawyer | Hours expended | Hourly Rate | Total |
|---|---|---|---|
| Backman | 1.10 hours | $400.00 | $440.00 |
| Taub | 3.65 hours | $350.00 | $1,277.50 |
| Mars | 5.80 hours | $250.00 | $1,450.00 |
| | | | **Total: $3,167.50** |

Within **10 days** of this Order, Plaintiff shall remit to counsel for Defendant USHealth Advisors, LLC **$3,167.50**, which represents the reasonable expenses and attorney's fees incurred in preparing and filing the motion to compel and motions for sanctions.

**DONE** and **ORDERED** in Ocala, Florida on February 14, 2025.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties