UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:23-cv-737-CEM-EJK

JOSHUA CACHO,

    Plaintiff,

v.

USHEALTH ADVISORS, LLC and
USHEALTH GROUP, INC.,

    Defendants.

_____/

**DECLARATION OF ANDREW T. THOMASSON**
**IN OPPOSITION TO DEFENDANTS' MOTIONS FOR SANCTIONS**

Andrew T. Thomasson, of full age, hereby declare as follows:

    1.    I am an attorney and partner at the law firm of Thomsson PLLC. I am admitted *pro hac vice* (Doc. 66) in the referenced action to act as co-counsel of record for Plaintiff, Joshua Cacho. I submit this Declaration in Support of Mr. Cacho's Opposition to Defendants' Motions for Sanctions (Docs. 108, 109).

    2.    I have personal knowledge of the facts set forth below and, if I am called upon as a witness, I can and will competently and truthfully testify as to those facts.

    3.    Attached as ***Exhibit A*** is a true copy of my current *Curriculum Vitae.*

    4.    I have always been, and remained, a member in good standing and my license to practice law has never been suspended or revoked by the

1

State of New Jersey or any court. There are no disciplinary proceedings pending against me in any jurisdiction and no discipline has ever been imposed on me in any jurisdiction. I have never been the subject of an ethics complaint, sued for malpractice, or charged with violating Fed. R. Civ. P. 11; I am also Peer-Reviewed by Martindale-Hubbell and, since 2016 to 2023, I have been selected by Super Lawyers® for inclusion on its list of Rising Stars in the State of New Jersey.

5. A finding of sanctions against me in this case would, in my view, be unwarranted and unfairly devasting to my class action practice and reputation. I respectfully ask the Court not to enter such an order.

6. It has always been my experience practicing in various courts around our country, judges expect counsel to engage in *meaningful* meet and confer efforts—by telephone or in person—and discuss issues so they can either resolve issues or at least narrow them for courts. I have almost always succeeded in my meet and confer efforts to resolve disputes with my adversaries so courts do not need to intervene. I regret my experience with Defendants' counsel in this case has been very different than what I am accustomed to in litigation. I do not wish to cast blame or motives; instead I point the Court to the communications attached as *Exhibit B* so the Court may draw its own conclusions.

**THOMASSON PLLC**
CONSUMER PROTECTION LAWYERS

ANDREW T. THOMASSON
Andrew@Thomassonpllc.com
D 973-665-2056

## *Curriculum Vitae*

**EDUCATION**

*Legal*  Thomas Jefferson School of Law, San Diego, California
Juris Doctor (*pro bono honors*)
Moot Court, Alternative Dispute Resolution Team

*Undergraduate*  Arkansas State University, Jonesboro, Arkansas
B.A. Political Science; Minor, German Studies (*with honors*)

**PROFESSIONAL LICENSES**  Attorney, State Bar of New Jersey
Bar No. 048362011

**ADMISSIONS**

*State Courts*  New Jersey Supreme Court

*Federal Courts*  <u>United States Courts of Appeal:</u>

| | |
|---|---|
| Second Circuit | Sixth Circuit |
| Third Circuit | Seventh Circuit |
| Fourth Circuit | Eighth Circuit |
| Fifth Circuit | |

<u>United States District Courts:</u>

| | |
|---|---|
| Eastern District of Arkansas | Western District of Michigan |
| Western District of Arkansas | District of New Jersey |
| District of Colorado | Northern District of Texas |
| Northern District of Florida | Southern District of Texas |
| Central District of Illinois | Western District of Texas |
| Northern District of Illinois | Eastern District of Wisconsin |
| Southern District of Indiana | Western District of Wisconsin |
| Eastern District of Michigan | |

**EXPERIENCE**  Thomasson PLLC, 2021 to present.

Stern Thomasson LLP, 2015 to 2021

Thomasson Law LLC, 2013 to 2015

Practice primarily in class action litigation and appeals on behalf of consumers with claims under the Fair Debt Collection Practices Act, Fair Credit Reporting Act, Telephone Consumer Protection Act, and concomitant state statutes including, *inter alia*, New Jersey Consumer Fraud Act and Texas Finance Code.

| | |
|---|---|
| NOTABLE DECISIONS | *Steffek v. Client Servs.*, 948 F.3d 761 (7th Cir. 2020)<br>Represented Appellants and certified class of Wisconsin consumers in reversing district court's grant of summary judgment.<br><br>*Heredia v. Capital Mgmt. Servs., L.P.*, 942 F.3d 811 (7th Cir. 2019)<br>Represented plaintiff-appellant on dismissed FDCPA class claims. Court reversed finding collection letters falsely stated possibility that the creditor "may" file an IRS Form 1099C if the consumer accepted a settlement because the creditor would never do so.<br><br>*Prospect Funding Holdings, LLC v. Breen*, 757 Fed. Appx. 130 (3d Cir. 2018)<br>Personal injury attorney, who signed acknowledgment of a client's agreement with a "litigation funding" company, had collateral estoppel defense against funding company when a different court in a prior lawsuit ruled the agreement was unenforceable in violation of usury and champerty.<br><br>*Panico v. Portfolio Recovery Assocs., LLC*, 879 F.3d 56 (3d Cir. 2018)<br>Delaware statute tolling its limitations period for claims against defendants outside Delaware did not apply in a lawsuit filed in non-Delaware court against a non-Delaware defendant who was amenable to service of process in the chosen forum notwithstanding enforcement of a Delaware choice of law provision in the parties' contract.<br><br>*Levins v. Healthcare Revenue Recovery Grp. LLC*, 902 F.3d 274 (3d Cir. 2018)<br>Reversed dismissal of FDCPA violation based on collector's failure to use its true name in voicemail messages left to collect debts.<br><br>*Boucher v. Financial. Systems of Green Bay, Inc.*, 880 F.3d 362 (7th Cir. 2018)<br>A debt collector's use of the Seventh Circuit's previously-approved safe harbor language in collection letters does not shield debt collector from liability when it inaccurately uses the safe harbor language with respect to the debt it is collecting.<br><br>*Bock v. Pressler & Pressler, LLP*, 658 Fed. App'x. 63 (3rd Cir. 2016)<br>*Bock v. Pressler & Pressler, LLP*, 254 F. Supp. 3d 724 (D.N.J. 2017), *recon. den.*, 2017 WL 4711472 (D.N.J. Oct. 19, 2017)<br>Following remand to allow the district court to consider standing issues (then) recently addressed by Supreme Court in *Spokeo v. Robins*, the falsity of implied representation of an attorney's involvement in preparing and filing state court collection complaint was an invasion of a consumer's substantive right sufficient for Article III standing. Therefore, judgment re-entered against debt collection law firm. |

*Franco v. Allied Interstate LLC*, 602 Fed. Appx. 40 (2d Cir. 2015)
*Franco v. Allied Interstate LLC*, 718 F. App'x 1 (2d Cir. 2018)
> Twice obtained reversal of district court judgment on an erroneous finding that a defendant's unaccepted Rule 68 offer mooted the plaintiff's individual claim in a consumer class action.

*Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72 (2d Cir. 2016)
> Adopted Seventh Circuit's safe-harbor language requiring disclosure of debt amount n collection letters if the balance will increase over time.

*Vandehey v. Client Servs.*, 390 F. Supp. 3d 956 (E.D. Wis. 2019)
> Holding potentially *de minimis* class recovery is not a bar under Rule 23 to finding a class action is superior method for fairly and efficiently adjudicating the controversy.

*Manuel, et al. v. Caliber Home Loans, Inc.*,
C.A. No. 2:14-cv-05233-SRC-CLW (D.N.J. August 20, 2015)
> Obtained $1 million national class settlement for claims under Fair Debt Collection Practices Act, Real Estate Settlement Procedures Act, and Truth in Lending Act (TILA).

**NOTABLE APPOINTMENTS**   Appointed by United States Bankruptcy Trustee to serve on Official Committee of Unsecured Creditors in the following consolidated Chapter 11 cases filed by publicly traded companies:

> *In re Pernix Sleep, Inc., et al.*, District of Delaware (Case No. 19-10323) [elected Committee Chairman]; and

> *In re SquareTwo Financial Services Corporation*, Southern District of New York (Case No. 17-10659 jlg)

**SPEAKING ENGAGEMENTS**   State Bar of Texas, Advanced Consumer & Commercial Law CLE
   *Speaker*, 19th Annual Conference (2023)

Legal Services of New Jersey, CLE on Updates & Developments re: Fair Debt Collection Practices Act, Speaker (2016)

**CLASS COUNSEL APPOINTMENTS**   *Pascal, et al. vs. Steine & Associates, P.C., et al.*,
   E.D.N.Y. Case No. 2:12-cv-04436-JFB

*Fischer vs. NCB Management Services, Inc.*,
   S.D.N.Y. Case No. 7:12-cv-09451-CS

*Freeman vs. General Revenue Corporation*,
   E.D.N.Y. Case No. 1:12-cv-01406-RER

*Goldman vs. Horizon Financial Management, LLC,*
    S.D.N.Y. Case No. 7:12-cv-07592-LMS

*Dabbas vs. Alpha Recovery Corp.,*
    E.D.N.Y. Case No. 1:13-cv-05169-SMG

*Sabri vs. E. Hope Greenberg d/b/a Law Office of E. Hope Greenberg,*
    E.D.N.Y. Case No. 1:13-cv-00699-FB-VMS

*Bryan vs. National Enterprise Systems, Inc., et al.,*
    E.D.N.Y. Case No. 2:13-cv-03740-LDW

*Gillman Harris vs. Midland Credit Management, Inc.,*
    S.D.N.Y. Case No. 1:13-cv-03125-TPG

*Graff vs. United Collection Bureau, Inc.,*
    E.D.N.Y. Case No. 2:12-cv-02402-GRB

*Rice vs. National Enterprise Systems, Inc.,*
    E.D.N.Y. Case No. 2:13-cv-05118-LDW-ARL

*Mazzucco, et al. vs. Certified Credit & Collection Bureau,*
    D.N.J. C.A. No. 3:13-cv-07422-TJB

*Kavalin vs. AmeriFinancial Solutions, LLC,*
    S.D. Fla. Case No. 0:13-cv-62789-DPG

*Cohen vs. M.L. Zager, P.C.,*
    D.N.J. Case No. 2:14-cv-03143-JBC

*Manuel, et al. vs. Caliber Home Loans, Inc.,*
    D.N.J. Case No. 2:14-cv-05233-SRC-CLW

*Babcock, et al. vs. C.Tech Collections, Inc., et al.,*
    E.D.N.Y. Case No. 1:14-cv-03124-MDG

*Mansour vs. Seas & Associates, LLC,*
    D.N.J. Case No. 2:14-cv-02935-SCM

*Avila vs. Law Office of Gary M. Feldman, Esq.,*
    E.D.N.Y. Case No. 2:13-cv-07407-GRB

*Dispennett vs. Frederick J. Hanna & Associates, P.C.,*
    W.D. Pa. C.A. No. 2:15-cv-00636-MPK

*Jones vs. Delta Management Associates, Inc.,*
    E.D. Wis. Case No. 1:15-cv-00267-WCG

*Zavian vs. Client Services, Inc.,*
    D.N.J. Case No. 2:15-cv-0682-SCM

*Kopchak vs. United Resource Systems, et al.*,
    E.D. Pa. Case No. 5:13-cv-05884-MSG

*Kavalin vs. AFNI, Inc.*,
    S.D. Fla. Case No. 0:15-cv-60143-BB

*Maldonado, et al. vs. Raymond Meisenbacher & Sons, Esqs., P.C., et al.*,
    D.N.J. Case No. 3:15-cv-01845-DEA

*Gamil vs. Rubin & Rothman, LLC*,
    E.D.N.Y. Case No. 2:15-cv-00981-ARL

*Wood vs. New Century Financial Services, Inc.*,
    N.J. Super., Docket No. MRS-L-002679-15

*Prendergast vs. Certified Credit & Collection Bureau*,
    D.N.J. Case No. 3:15-cv-07411-TJB

*Kielbasinski vs. A.R. Resources, Inc.*,
    W.D. Pa. Case No. 3:15-cv-00066-KRG

*Rittle vs. Premium Receivables, LLC*,
    M.D. Pa. Case No. 1:15-cv-00166-SHR

*Specht vs. Eastern Account System of Connecticut, Inc.*,
    S.D.N.Y. Case No. 7:15-cv-02159

*Gadime vs. NRA Group, LLC*,
    E.D.N.Y. Case No. 2:15-cv-04841-SJF-AKT

*Hayes vs. Convergent Healthcare Recoveries, Inc.*,
    C.D. Ill. Case No. 1:14-cv-01467-JES-JEH

*Maldonado, et al. vs. Nelson, Watson & Associates*,
    D.N.J. Case No. 2:15-cv-05940-MAH

*Sandoval vs. LVNV Funding LLC, et al.*,
    D.N.J. Case No. 2:15-cv-06728-KM-MAH

*Chung vs. CCB Credit Services, Inc.*,
    D.N.J. Case No. 2:15-cv-05198-KM-MAH

*Wood vs. Credit Control, LLC*,
    D. Kan. Case No. 6:16-cv-01098-KGG

*Feliciano, et al. vs. Forster, Garbus & Garbus*,
    D.N.J. Case No. 2:15-cv-02496-CLW

*Maldonado, et al. vs. Law Offices of Faloni & Assoc., LLC*,
    D.N.J. Case No. 2:15-cv-02859

*Dickon vs. Rubin & Rothman, LLC*,
   D.N.J. Case No. 2:15-cv-7961-SCM

*Williams vs. Pressler & Pressler, LLP*,
   D.N.J. Case No. 2:11-cv-07296-CLW

*Bell vs. Adler Wallach & Associates, Inc., et al.*,
   W.D. Tex. Case No. 5:16-cv-00366-OLG

*Thomas vs. ARS National Services, Inc.*,
   D.N.J. Case No. 2:15-cv-03635-JAD

*Ballaj vs. Gatestone & Co. International, Inc.*,
   D.N.J. Case No. 2:16-cv-01311-CLW

*Bordeaux vs. Ltd. Fin. Servs., L.P., et al.*,
   D.N.J. Case No. 2:16-cv-00243-KSH-CLW

*Safranski vs. Professional Placement Services, LLC*,
   E.D. Wis. Case No. 1:17-cv-00129-WCG

*Smith vs. Simm Associates, Inc.*,
   E.D. Wis. Case No. 1:17-cv-00769-WCG

*Heerema vs. AFNI, Inc.*,
   D.N.J. Case No. 2:16-cv-00244-JBC

*Zirogiannis vs. National Recovery Agency, Inc.*,
   E.D.N.Y. Case No. 2:14-cv-03954-DRH-AYS

*Heerema, et al. vs. Collecto, Inc., et al.*,
   D.N.J. Case No. 2:16-cv-02087-MF

*Steffek, et al. vs. Client Services, Inc.*,
   E.D. Wis. Case No. 1:18-cv-00160-WCG

*Volkman vs. Enhanced Recovery Company, LLC*,
   E.D. Wis. Case No. 1:18-cv-00091-WCG

*Medicine to Go Pharmacies, Inc. vs. Macoven Pharmaceuticals LLC, et al.*,
   D.N.J. Case No. 2:16-cv-07717-MF

*Hovermale vs. Immediate Credit, Inc.*,
   D.N.J. Case No. 1:15-cv-05646-RBK-JS

*Weiss vs. The Law Offices of Frederic I Weinberg & Associates, P.C., et al.*,
   D.N.J. Case No. 1:16-cv-01679-KMW

*Vandehey vs. Allianceone Receivables Management, Inc.*,
   E.D. Wis. Case No. 1:18-cv-00481

*Long vs. Michael C. Koehn*,
E.D. Wis. Case No. 1:18-cv-00943-WCG

*Aronne vs. Credit Control LLC*,
E.D.N.Y. Case No. 2:18-cv-03744-ADS-AYS

*Ramos, et al. vs. Credit Control LLC*,
E.D.N.Y. Case No. 2:16-cv-04098-JMA-SIL

*Sandri vs. Asset Recovery Solutions LLC*,
E.D. Wis. Case No. 1:18-cv-01182-WCG

*Henhaffer vs. Simeone & Raynor LLC*,
N.J. Super., Docket No. CAM-L-001620-18

*Vandehey vs. Client Services, Inc.*,
E.D. Wis. Case No. 1:18-cv-01669-WCG

*Panico vs. Portfolio Recovery Associates LLC*,
N.J. Super, Docket No. SOM-L- 001183-18

*Oh, et al. vs. Cavalry Portfolio SPV I, LLC, et al.*,
D.N.J. Case No. 2:16-cv-05127-MF (Lead)

*Garcia vs. Allied Interstate LLC, et al.*,
W.D. Tex. Case No. 5:15-cv-00294-RCL

*Nagan vs. Optio Solutions LLC*,
E.D. Wis. Case No. 1:19-cv-00170-WCG

*Cole vs. Menn Law Firm, Ltd.*,
E.D. Wis. Case No. 1:19-cv-00527-WCG

*Heredia vs. Capital Management Services, L.P.*,
E.D. Wis. Case No. 1:17-cv-00248-WCG

*Filgueiras vs. Portfolio Recovery Associates LLC*,
N.J. Super., Docket No. ESX-L-006277-18

*Monroe vs. AssetCare LLC, et al.*,
S.D. Tex. Case. No. 4:19-cv-05039

*DePalma vs. Arcon Credit Solutions LLC*,
N.J. Super., Docket No. OCN-L-000351-22

*Mardis, et al. vs. Jackson Hewitt Tax Service, Inc., et al.*,
D.N.J. No. 2:16-cv-02115-LDW

| | |
|---|---|
| PROFESSIONAL & COMMUNITY INVOLVEMENT, and RECOGNITION | National Association of Consumer Advocates, Member |
| | New Jersey Bar Association, Member |
| | National Consumer Law Center, Donor |
| | New Jersey Legal Services, Donor |
| | New Jersey Rising Stars list 2018-2023 |
| | Martindale-Hubbell, Peer-Reviewed |

NEWS

*New York Times*

A Patient is Sued and His Mental Health Diagnosis Becomes Public (https://www.nytimes.com/2015/12/24/nyregion/a-patient-is-sued-and-his-mental-health-diagnosis-becomes-public.html)

New Jersey Says Psychologist Failed to Prevent Disclosure of Patient Data (https://www.nytimes.com/2017/04/19/nyregion/new-jersey-says-psychologist-failed-to-prevent-disclosure-of-patient-data.html)

New Jersey to Suspend Prominent Psychologist for Failing to Protect Patient Privacy (https://www.nytimes.com/2018/06/29/nyregion/new-jersey-to-suspend-prominent-psychologist-for-failing-to-protect-patient-privacy.html)

*Law360*

Jackson Hewitt, Tax Preparers Agree To $1.1M Settlement (https://www.law360.com/employment-authority/articles/1523954/jackson-hewitt-tax-preparers-agree-to-1-1m-settlement)

Jaffe & Asher Sued Over AmEx Debt Collection Letters (https://www.law360.com/articles/720213/jaffe-asher-sued-over-amex-debt-collection-letters)

Jackson Hewitt Can't Escape Suit Over Tax Prep Commissions (https://www.law360.com/articles/906070/jackson-hewitt-can-t-escape-suit-over-tax-prep-commissions)

NJ Debtor Was Harmed By Law Firm's Practices, Judge Says (https://www.law360.com/articles/929091/nj-debtor-was-harmed-by-law-firm-s-practices-judge-says-)

Law Firm Can't Undo Debtor's Win In Unfair-Collection Suit (https://www.law360.com/articles/976780/law-firm-can-t-undo-debtor-s-win-in-unfair-collection-suit)

Suit Funder Can't Seek Payout In NJ After Ky. Loss: Judge (https://www.law360.com/articles/1009803/suit-funder-can-t-seek-payout-in-nj-after-ky-loss-judge)

| | |
|---|---|
| | Debt Collector Must Face Claim Over Voicemail, 3rd Circ. Says (https://www.law360.com/articles/1075944/-debt-collector-must-face-claim-over-voicemail-3rd-circ-says) |
| | Debt Collector Can't Head Off Class Cert. In Student Loan Suit (https://www.law360.com/articles/1107865/debt-collector-can-t-head-off-class-cert-in-student-loan-suit) |
| | Jackson Hewitt Tax Preparers Denied Class Cert. In Wage Suit (https://www.law360.com/articles/1379515/jackson-hewitt-tax-preparers-denied-class-cert-in-wage-suit) |
| *New York Law Journal* | Rule 68 Decisions Bolster Second Circuit's Latest Reversal (publ. April 9, 2018) |
| *New Jersey Law Journal* | Firm Accused of Filing Collection Suits Without Review by Lawyer (publ. Oct. 11, 2016) |
| | Third Circuit, Interpreting Del. Law, Preserves Strict Time Limit for Debt Collection in NJ Consumer Case (publ. Jan. 2, 2018) |
| *Thomson-Reuters* | Appeals Court Blocks Litigation Funder's Suit Against Plaintiff's Lawyer (publ. Dec. 18, 2018) |
| | Warning about report to IRS may violate fair-debt law - 7th Circuit (publ. Nov. 8, 2019 |

7. Suffice it to say, I have made every effort to work with my adversaries to resolve or at least narrow issues for the Court, but my efforts have proven unsuccessful. That said, I remain hopeful that in future litigation with my adversaries here that our collective experience will be different.

8. I simply do not have sufficient time to address every issue in his Declaration or the Motion that accompanies it because the time constraints.

9. Attached as *Exhibit B* is a true copy of the history of email communications between the Parties' attorneys relevant to Defendants' Motions and Mr. Cacho's oppositions.

*In accordance with 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

Date:  February 24, 2025

       *s/ Andrew T. Thomasson*
Andrew T. Thomasson (NJ No. 04836201)
   THOMASSON PLLC
16414 San Pedro Avenue, Suite 700
San Antonio, TX 78232-2272
Telephone: (973) 665-2056
Email: Andrew@Thomassonpllc.com

*Attorney for Plaintiff, Joshua Cacho*

3