# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

JOSHUA CACHO,                                      **CASE NO.:**  6:23-cv-737-CEM-UAM

      Plaintiff,

      v.

USHEALTH ADVISORS, LLC and
USHEALTH GROUP, INC.,

      Defendants.

_____/

## DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS (DKT. NO. 123)

USHEALTH Advisors, LLC ("USHA") and USHEALTH Group, Inc. ("USHG"), by and through undersigned counsel, move to strike Plaintiff's Opposition to Motion for Sanctions (Dkt. No. 123) (the "Opposition").

"[T]he Court has the inherent power to manage proceedings before it," including the striking of documents. *Alhassid v. Bank of Am., N.A.*, No. 14-CIV-20484, 2015 WL 11216720, *2 (S.D. Fla. May 29, 2015). *See also Bethel v. Baldwin County Bd. of Educ.*, 371 Fed. Appx. 57, 62 (11th Cir. 2010) ("[A] district court has 'inherent power to manage its docket.'") (quoting *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005)).  For the following reasons, the Court should strike Plaintiff's Opposition as improperly and untimely filed.

USHA filed its Motion for Sanctions on January 17, 2025.  *See* Dkt. No. 89. Under Local Rule 3.01(c), Plaintiff's response was due on January 31, 2025.

However, the Court entered an order directing Plaintiff to "respond as to why sanctions should not be imposed" by January 28, 2025  Dkt. No. 91.  Plaintiff and his counsel did not respond to USHA's Motion for Sanctions by January 28, 2025 as ordered, even though Plaintiff unsuccessfully sought a stay of that deadline (among others) twice.  Dkt. Nos. 92, 93, 98.  Nor did Plaintiff seek an enlargement of time to respond prior to that deadline and, to date, he has never sought leave to file an out-of-time response.  Instead, it was not until February 14, 2025 that Plaintiff addressed USHA's Motion for Sanctions, when it was included in an inaccurately described "unopposed" motion for an extension of time to respond, necessitating an opposition from USHA.  *See* Dkt. Nos. 118 & 119.  As USHA explained in that opposition brief, Plaintiff's counsel never advised they were seeking an extension of time to respond to USHA's Motion for Sanctions filed on January 17, 2025, and thus it could not have been included in counsel's response on the conferral.  To give the Court the full context of the communication, a true and correct copy of the e-mail exchange is attached hereto as Exhibit A.

On February 24, 2025, Plaintiff filed an untimely opposition brief as to Defendants' Motion for Sanctions.  *See* Dkt. No. 123.  Neither in that brief nor in the motion for an extension of time has Plaintiff made the requisite showing to permit the filing of an out-of-time response; indeed, procedurally, he would have needed to seek leave *and* made the requisite showing, but no motion for leave has ever been filed.

Federal Rule of Civil Procedure 6(b)(1)(B) provides that deadlines may be extended for "good cause" "after the time has expired if the party failed to act because of excusable neglect." *See also Payne v. C.R. Bard, Inc.*, 606 F. App'x 940, 944 (11th Cir. 2015) ("A party seeking the extension of an already-expired scheduling order deadline must show both good cause and excusable neglect."). "In determining whether a party has shown 'excusable neglect' warranting an extension, a court must consider all pertinent circumstances, including 'the danger of prejudice to the nonmovant, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Id.* (quoting *Advanced Estimating Sys., Inc. v. Riney*, 77 F.3d 1322, 1325 (11th Cir. 1996)). To establish good cause, the party seeking the extension must establish that the schedule could not be met despite the party's diligence. *See Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008).

*Doe v. Vali Hosp. LLC*, No. 6:23-CV-2231-WWB-RMN, 2024 WL 3342216, *1 (M.D. Fla. June 18, 2024). *See also, e.g., Auto–Owners Ins. Co. v. Ace Elec. Serv., Inc.*, 648 F. Supp. 2d 1371, 1375 (M.D. Fla. 2009) ("Federal Rule of Civil Procedure 6 requires a showing of 'excusable neglect' for an extension of a passed deadline.").

"In determining whether a party has shown 'excusable neglect' warranting an extension, a court must consider all pertinent circumstances, including . . . the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Payne*, 606 F. App'x at 944 (internal quotation omitted). Unlike in his unauthorized and out-of-time motion for enlargement, Plaintiff addresses excusable neglect in the untimely opposition brief that he filed (only after USHA pointed out that omission). Plaintiff still provides no valid explanation for the lengthy delay in responding to a deadline specifically

set by the Court, and his and his counsels' conduct in this regard is certainly not consistent with good faith.  Having expressly sought a stay of the deadline, Plaintiff then completely ignored it until seventeen days later only to ask for an additional ten days, without explaining why he could not have met the deadline he clearly knew about, and without ever asking this Court for permission to file an untimely opposition.[1]

Even in his untimely Opposition, Plaintiff recites six grounds supposedly showing "excusable neglect", but none explain Plaintiff's twenty-seven day delay or constitute excusable neglect.  Plaintiff knew his motion to stay was denied on January 28, 2025, the day of the deadline he expressly sought to have stayed.  It was not denied at the "close of business" as Plaintiff suggests, but at 11:32 AM EST. *See* Ex. B.  Plaintiff does not explain why, by exercising diligence, he could not have completed the opposition brief he had supposedly been working upon that same day or timely filed a request for an extension of time; or even ask for permission to file an opposition immediately after the deadline passed (like the next day or even two days later).

Plaintiff further states that his "counsel asked Defendants' counsel whether they would consent to an extension—which they refused . . . ."  Dkt. No. 123 at 9.

---

[1] The Court denied Plaintiff's motion to stay in an order issued on January 28, 2025, the date Plaintiff's opposition to the Motion for Sanctions was due.  *See* Dkt. No. 97; Ex. B.  Rather than finalize an opposition brief that was due later that day, Plaintiff and his counsel spent the next five hours preparing an "emergency objection" to the Court's ruling that they filed at 4:58 p.m. *See* Dkt. No. 98; Ex. C.  Even though that objection was denied two days later, on January 30, 2025, (Dkt. No. 102), it was not until February 14, 2025 – seventeen days after the deadline Plaintiff and his lawyers clearly were aware of – that they acted on it, but to seek additional time to file a response.

That never happened.  Counsel for Defendants has no record of that exchange, and Plaintiff does not attach any.[2]  Moreover, if Defendants had already rejected an extension request, why did Plaintiff represent to the Court in a different filing that the request was unopposed?  *See* Dkt. No. 118.  Also, Plaintiff never explains how asking opposing counsel for its clients' position regarding a proposed extension, whether before or after a deadline, alone, establishes that Plaintiff could not have diligently complied with the January 28, 2025 deadline.  Plaintiff also recites that his "counsel moved to withdraw due to mandatory conflicts of interest" and he "moved to dismiss the case with prejudice," (Dkt. No. 123 at 9), but those are also irrelevant.  Plaintiff does not get to ignore deadlines because of motions that were not filed until days later.  Moreover, these events could not have prevented Plaintiff from filing a brief because his attorneys did file one, even while these two motions remain pending.  Suffice it to say, none of the reasons asserted by Plaintiff satisfy good cause or the more stringent showing of excusable neglect.  *Cf. Giannerini v. Embry-Riddle Aeronautical University, Inc.*, No. 6:22-cv-2075-RBD-LHP, 2024 WL 493601, *2 (M.D. Fla. Jan. 8, 2024) ("[G]ood cause is not present, as Defendant nowhere explains why, by exercising diligence, he could not have completed the CME earlier in the discovery period.").[3]

---

[2] Counsel for Defendants had instituted a practice of only communicating with Plaintiff's counsel in writing so there could not have been any verbal communication with the undersigned on this topic.  The absence of any correspondence is telling.  This has been a consistent pattern, thus necessitating the writing-only policy.

[3] Plaintiff previously asserted his "counsel prepared initial draft opposition to Doc. 89 but Mr. Cacho's input regarding facts to complete it."  Dkt. No. 118 at 2-3.  Curiously, Plaintiff does not assert that as a reason for his inability to comply with the January 28, 2025 deadline or even to timely seek an enlargement of it.  And, having reviewed the filed opposition, it is unclear what

Under settled principles, the Opposition should be stricken as improperly filed. *See Mosley v. MeriStar Management Co., LLC,* 137 F.Appx. 248, 250 (11th Cir. 2005) (affirming striking of opposition to motion for summary judgment because it was filed four days late, without any request for an extension of time or explanation of tardiness); *National Trust Ins. Co. v. Graham Bros. Const. Co., Inc.,* 916 F. Supp. 2d 1244, 1249-51 (M.D. Fla. 2013) (striking motion for summary judgment filed one day after extended deadline).

## CONCLUSION

WHEREFORE, Defendants USHEALTH Advisors, LLC and USHEALTH Group, Inc. respectfully request this Court enter an order striking Plaintiff's Opposition, and for any other relief this Court deems just and proper.

Dated: March 4, 2025                              Respectfully submitted,

*/s/ Jeffrey A. Backman*
Jeffrey A. Backman (Bar No. 662501)
Roy Taub (Bar No. 116263)
GREENSPOON MARDER LLP
200 E. Broward Blvd., Suite 1800
Ft. Lauderdale, FL  33301
Telephone: (954) 491-1120
Facsimile: (954) 343-6958
jeffrey.backman@gmlaw.com
mary.torres@gmlaw.com
roy.taub@gmlaw.com
cheryl.cochran@gmlaw.com

*Attorneys for Defendants*

---

portions of it required Mr. Cacho's input that was not available to Plaintiff's counsel by January 28, 2025.

## CERTIFICATION PURSUANT TO LOCAL RULE 3.01(g)

Undersigned counsel certifies that his colleague and counsel for Defendants, Jeffrey Backman, on February 27, 2025, emailed opposing counsel, Andrew Thomasson and Zachary Zermay, regarding the grounds for this motion and the requested relief. Opposing counsel did not respond to Mr. Backman's email. The next day, February 28, 2025, undersigned counsel emailed opposing counsel again, inquiring as to their "position on the motion to strike." That same day, Mr. Thomasson responded, "[g]ive me a few minutes to get where I'm going and I'll respond." Having not heard back, undersigned counsel emailed again the next business day, March 3, 2025, asking for a follow up to Mr. Thomasson's last email. Mr. Thomasson responded, "I will respond to your email later this evening when I have a moment." As of today, opposing counsel has yet to respond. Pursuant to Local Rule 3.01(g), undersigned counsel will continue to contact opposing counsel for three days regarding their position to this motion and will supplement this motion with a statement certifying whether the parties have resolved all or part of the motion.

By:   */s/Roy Taub*
        ROY TAUB

## CERTIFICATE OF SERVICE

I hereby certify that, on March 4, 2025, a true and correct copy of the
foregoing was electronically filed on the Court's CM/ECF document filing system,
which will send notice of filing and a service copy to all counsel of record.

By: __/s/Roy Taub__
    ROY TAUB