UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JOSHUA CACHO**, a Florida Resident,

    **Plaintiff,**

v.                                      Case No: 6:23-cv-737-CEM-UAM

**USHEALTH ADVISORS, LLC**, a Texas
Limited Liability Company, and
**USHEALTH GROUP, INC**, a Delaware
corporation,

    **Defendants.**

___

## ORDER

This matter is before the Court on Defendants' motion for sanctions related to Plaintiff's refusal to attend his in-person deposition set for January 17, 2025, in Orlando, Florida. (Doc. 89). Plaintiff did not timely respond to the motion.[1] Two weeks after the deadline to respond, Plaintiff filed a motion seeking an extension of time to file a response (Doc. 118), and then filed his response on February 24, 2025. (Doc. 123). Because the Court prefers to resolve this matter on the merits, Plaintiff's motion for extension (Doc. 118) is **granted** to the extent that Plaintiff's response will stand as filed. (Doc. 123). Defendant's motion to strike the response (Doc. 124) is likewise **denied**.

### I. Background

On December 9, 2024, Defendants USHEALTH Advisors, LLC and USHEALTH Group, Inc., noticed Plaintiff's in-person deposition to be taken on January 17, 2025, in

___

[1] On January 24, 2025, the Court directed Plaintiff to respond as to why sanctions should not be imposed on or before the close of business on January 28, 2025. (Doc. 91).

Orlando, Florida. (Doc. 89-9). Plaintiff, who at the time was proceeding pro se, had agreed to that date and location. (Doc. 89-1 at 2). On December 17, 2024—shortly after counsel appeared on behalf of Plaintiff—defense counsel emailed the Notice to Plaintiff's counsel. (Doc. 89-8). There is no dispute that Plaintiff's counsel was aware that the deposition was scheduled to be taken in Orlando, Florida on January 17, 2025. Indeed, Plaintiff's counsel used that fact as a basis to seek an extension in early January 2025 in a case also involving these parties in the Western District of Texas. *See* Doc. 89-3 at 3, ¶9 (representing to court that the requested extension "is necessitated by [Plaintiff's] attorney's previously scheduled out-of-town work commitments (including to Mr. Taub's Florida office for Mr. Cacho's deposition); Doc. 89-3, Exhibit B (in email conferral with Mr. Taub, Mr. Thomasson explained that an extension was needed due to his various work obligations including "Mr. Cacho's depo that you noticed to take place in Florida on January 17th."). On January 7, 2025, Defendants served an Amended Notice—that left the date and location unchanged—and simply added that the deposition "will be recorded by audio, visual and/or stenographic means" and the title was amended to include the language (To be Held In Person & Via Video). (Doc. 89-9).

No objection was raised until January 13, 2025, when Plaintiff's counsel advised that neither Plaintiff nor his counsel would be appearing in Orlando for his deposition. Plaintiff offered to conduct his deposition remotely or requested that the parties jointly move to extend the discovery deadline. Because the parties could not resolve the dispute, Defendants canceled the January 17th deposition in efforts to minimize their expenses.

Then, on January 16, 2025, the day before his scheduled deposition, Plaintiff filed a motion for protective order asking the Court to either cancel his January 17, 2025, deposition

or permit it to be rescheduled. (Doc. 85). Plaintiff argued that he had not received notice; that the notice counsel received on December 9, 2024, failed to state any "method for recording [Mr. Cacho's testimony]"; and that the amended notice served on January 7, 2025, was unclear whether Plaintiff must appear in person or by video. (Doc. 85). In his 3.01(g) certification, Plaintiff counsel represented that Defendants had cancelled the deposition to save on "travel costs" but declined to allow Plaintiff to appear by video or discuss alternate dates. Based on Plaintiff's counsel's representation that the deposition had been canceled, the Court denied his motion for protective order as moot. (Doc. 87).

Defendants then filed the instant motion asking the Court to impose sanctions against Plaintiff for his failure to appear at his deposition. Specifically, they request sanctions in the form of Defendants' attorneys' fees (including those incurred preparing for the noticed deposition on January 17, 2024 for which Plaintiff refused to appear and for preparing and filing the instant motion), and costs that Defendants were not able to mitigate, namely the $152 charge for the Brightline fare for travel to Orlando for the noticed deposition.[2]

## II. Discussion

Rule 37(d) provides that "[t]he court ... may, on motion, order sanctions if... a party... fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). The " 'failure to appear' for a deposition is strictly construed and Rule 37(d) sanctions apply only when a deponent 'literally fails to show up for a deposition session.' " *Sihler v. Global E-Trading, LLC,* No. 8:23-cv-1450-VMC-LSG, 2024 WL 4534218,

---

[2] Defendants also asked the Court to require Plaintiff to appear in Orlando, Florida in person for deposition. However, given the current posture of the case, there is no reason for the Court to order this relief at this time.

at *3 (M.D. Fla. Oct. 21, 2024) (citation omitted). "Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)–(vi)." Fed. R. Civ. P. 37(d)(3). "Instead of or in addition to these sanctions, the court *must require* the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified, or other circumstances make an award of expenses unjust." *Id.* (emphasis added).

Here, Plaintiff argues that sanctions should not be imposed because he agreed to appear at his deposition via video, which he claims was authorized by the Amended Notice. This argument is disingenuous as best.

As discussed above, before retaining counsel, Plaintiff agreed to appear for an in-person deposition in Orlando, Florida. This is not the first time in this case that Plaintiff's counsel has tried to get out of something that Plaintiff agreed to do while he was proceeding pro se. Moreover, any arguments regarding insufficient notice of the deposition are unavailing given Plaintiff's counsel's reliance on Plaintiff's in-person deposition as a basis for an extension in another case pending in the Western District of Texas.

Moreover, the language of the Amended Notice does not support Plaintiff's strained interpretation. The Amended Notice clearly states that Plaintiff's deposition will be taken at Defendant's counsel's offices in Orlando, Florida on January 17, 2025, at 10:00 a.m. It further notes that the deposition "will be recorded by audio, visual and/or stenographic means." The Amended Notice does not include reference to any form of videoconferencing technology (i.e., Zoom, Microsoft Teams, WebEx), nor does it include a web address or link for any platform or state that one would be provided.

Nevertheless, Plaintiff's counsel contends that Plaintiff was permitted to appear via video because the title was amended to include "To be Held in Person & Via Video." This argument, however, is inconsistent with Plaintiff's position taken in the motion for protective order—i.e., that the Amended Notice "is ambiguous as to whether Mr. Cacho may remotely appear." (Doc. 85 at 3). And despite this alleged "uncertainty," Plaintiff's counsel did not confer with opposing counsel to clarify, but rather, refused to appear in-person and then attempted to leverage a remote deposition and/or an extension of the quickly approaching discovery deadline.

Where, as here, a party fails to appear for his properly noticed deposition, the Court is required to award the reasonable expenses, including attorney's fees, caused by the failure. Fed. R. Civ. P. 37(d)(3). Only if the Court determines that the non-moving party was substantially justified in not appearing for his deposition or if other circumstances make an award of expenses unjust, is the Court authorized to deny the request for sanctions. As discussed above, neither of those exceptions are presented here. Accordingly, Defendants are entitled to reimbursement of the reasonable expenses caused by Plaintiff's failure to appear. The Court finds that these sanctions should be imposed against both Plaintiff and his counsel, Zachary Z. Zermay, Esq. and Andrew T. Thomasson, Esq., as authorized by Rule 37(d)(3).

Defendants ask the Court to impose sanctions in the form of Defendants' attorneys' fees and costs, incurred both in preparing for the January 17, 2025, deposition and in filing the instant motion. The Court is disinclined to award fees for time spent preparing for the deposition—as that time was not incurred due to Plaintiff's failure to appear. However, the Court will award fees for 2.0 hours of work performed by Roy Taub, Esq. on the instant motion (he signed the motion). Based on the Court's previous finding that a reasonably hourly

rate for Mr. Taub is $350.00 (*see* Doc. 116), the Court will award attorney's fees in the amount of $700.00. Defendants are also entitled to recover the $152.00 ticket for the Brightline train, which could not be refunded.

Accordingly, within **ten days** of this Order, Plaintiff and his counsel, Zachary Z. Zermay, Esq. and Andrew T. Thomasson, Esq., are hereby ordered to pay to Defendants **$852.00** which represents the reasonable expenses caused by Plaintiff's failure to appear for his deposition.

**DONE** and **ORDERED** in Ocala, Florida on April 8, 2025.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties