**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CASE №: 6:23-cv-737-CEM-UAM

JOSHUA CACHO,

Plaintiff,

v.

USHEALTH ADVISORS, LLC and
USHEALTH GROUP, INC.,

Defendants.
_______________________________________/

**RULE 72(A) OBJECTION TO ORDER (ECF NO 140)**

Pursuant to Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A), Plaintiffs respectfully ask this Court to vacate the Magistrate Judge's order granting sanctions against Plaintiff and his counsel (the "Order") [ECF 140], and order Defendants to refund the $852 Plaintiff and his counsel paid Defendants prior to filing this objection. (ECF 145).

Under Rule 72(a), a party may submit objections to a magistrate judge's ruling on non-dispositive matters, including sanctions orders. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A)). Rule 72(a) requires, upon consideration of a timely objection, an order modifying or vacating a magistrate judge's order to the extent that the order "is clearly erroneous or is contrary to law." *S.E.C. v. Kramer*, 778 F. Supp. 2d 1320, 1326–27 (M.D. Fla. 2011); *see also* 28 U.S.C. § 636(b)(1)(A).

"A finding is 'clearly erroneous' when although there is evidence to

support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id. quoting United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). "An order is contrary to law 'when it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" *Id. quoting Tompkins v. R.J. Reynolds Tobacco Co.*, 92 F.Supp.2d 70, 74 (N.D.N.Y.2000).

The magistrate misapplied the law by granting $152.00 in sanctions for an alleged train ticket and $700.00 for attorneys' fees incurred drafting the sanctions motion, despite Defendants' refusal to provide any evidence whatsoever underlying the alleged costs. Nor did Defendants offer any evidence explaining why they were unable to mitigate their alleged costs but the Magistrate excepted the *argument* as *fact* (ECF 140 at 3) while overlooking Plaintiff's submitted *fact* that Defendants' informed Plaintiff (ECF 85-2 at PageID 1083) ("I don't believe there is any travel on my part that we need to worry about for the deposition scheduling").

*First*, despite clogging the docket with hundreds of pages of serial sanctions motions, Defendants never submitted any evidence that they purchased a train ticket for $152. *See* Doc. 123 at 14. *See, e.g. Rowe v. Gary*, 773 F. App'x 500, 503 (11th Cir. 2019) (admonishing movant for not having "provided any details about expenses she incurred".)

Second, even if they had provided evidence of a train ticket, there was no evidence it was nonrefundable or transferable to another date. *Id.*

Imposition of costs such as this require evidence the cost was actually incurred, as well as evidence the cost was not refundable or transferrable. *See Vierbicakas v. Verizon Communs., Inc.* No. 6:15-cv-1314-Orl-41DCI, 2017 U.S. Dist. LEXIS 69711, at *7-8 (M.D. Fla. May 8, 2017) ("Any fee or cost incurred in excess of a cancellation fee is not reasonable.").

In fact, judicially noticeable evidence shows the alleged train ticket was fully refundable.[1] The Magistrate's found as *fact* that on January 13, 2025, "Plaintiff's counsel advised that neither Plaintiff nor his counsel would be appearing in Orlando for his deposition…[and] Because the parties could not resolve the dispute, Defendants canceled the January 17th deposition in efforts to minimize their expenses. If true, then Defendants could have, and should have, easily mitigated their alleged costs by cancelling the train assuming of course, a ticket was actually purchased, yet they offer no evidence or explanation for failed to do so.

The Magistrate accepted Defendants' *argument* as *fact* (ECF 140 at 3) while overlooking Plaintiff's submitted evidential *fact* that Defendants' counsel informed Plaintiff "I don't believe there is any travel on my part

[1] The Court may take judicial notice under Fed. R. Evid. 201 of Brightline's Cancellation and Refund Policy at: [https://www.gobrightline.com/terms-of-service](https://www.gobrightline.com/terms-of-service) (attached as ***Exhibit A***). Brightline's policy provides a full credit for tickets canceled more than 48 hours before departure and a 50% credit if canceled less than 48 hours prior to departure.

that we need to worry about for the deposition scheduling." (ECF 85-2 at PageID 1083).

It was clear error for the Magistrate to accept Defendants' factually comments about costs as fact.

*Third*, the magistrate granted sanctions even though he entered an order denying Plaintiff's motion for a protective order (ECF 85) as "moot" on grounds the Defendants voluntarily canceled the deposition. (ECF 87). This cannot logically square with the imposition of sanctions related to the very same conduct.

*Fourth*, Plaintiff had a good faith basis and sound argument for his position that he could appear via Zoom because the deposition notice indicated it was to be held in person *and* via video. Although the Honorable Judge Lammens believed this argument to be "disingenuous," the discussion in his order points to ambiguity as to the question of whether Plaintiff could have appeared remotely. Order pp. 4-5.

Moreover, Judge Lammens held that "any arguments regarding insufficient notice of the deposition are unavailing given Plaintiff's counsel's reliance on Plaintiff's in-person deposition as a basis for an extension in another case pending in the Western District of Texas." But Plaintiff's counsel never took the position he was unavailable to appear; rather, that was limited to Plaintiff who had changed positions in reliance on the new notice. [ECF No. 85-2, ¶8]. In fact, Defendants' Motion for

Protective order—which Magistrate Lammens granted without affording Plaintiff any opportunity to respond—reflects that Plaintiff's counsel had noticed depositions so that he would be in Florida on January 17th and did not schedule any deposition for that date. [ECF No. 81-84.] Plaintiff's counsel was not being "disingenuous."

*Fifth*, as thoroughly detailed in the motion for protective order, Plaintiff offered numerous accommodations to Defendants, none of which would have prejudiced Defendants. ECF 123-1 at 2. Indeed, counsel informed the Court:

> Notwithstanding the foregoing, Mr. Zermay and I informed Mr. Backman we wanted to do everything possible to avoid having to move for a protective order. To that end, we offered to stipulate to Mr. Cacho being deposed by remote means, to produce him in person a different day, permit him to be deposed out-of-time, and, if necessary, we would stipulate to jointly requesting the Court extend the deadline for completing discovery to ease the Parties' scheduling efforts. Mr. Backman refused each of mine and Mr. Zermay's suggestions for resolving this dispute and offered no alternatives. He further informed us this was "not his problem" and that he intends to seek his attorney's fees and costs.

[ECF No. 85-2, ¶¶9-10].

*Sixth*, like with their other motions, Defendants failed to meet and confer[2] prior to filing their motion for sanctions. Defendants have engaged

[2] Messrs. Backman and Taub refused to confer in good faith via telephone as required. Earlier in the litigation, Defendants' counsel stated they would bring

in abusive tactics through a voluminous barrage of sanctions motions, repeated discovery abuse and misrepresentation of the record,[3] and failure to hold conferences of counsel repeatedly.[4] [ECF 85-2, ¶¶ 8-11].

---

court reporters to all conferences—and yet—when Mr. Thomasson welcomed the idea and requested to hold the meeting via Zoom video recordings, Defendants counsel refused and cancelled the meet and confer altogether.

[3] In a TCPA class action, Mr. Backman and his firm Greenspoon Marder were sanctioned by Judge Bashant in the case *McCurley v. Royal Sea Cruises, Inc.* because "one month before fact discovery was scheduled to be closed, Defendant served a Second Supplemental disclosure on Plaintiffs' counsel identifying three class members as witnesses and providing three signed declarations from these witnesses dated August 7, 2019, September 23, 2019 and October 2, 2019" which were obtained by "intentionally" violating Rule of Professional Conduct of the Calif. State Bar, Rule 2-100 and ABA Model Rules of Professional Conduct, Rule 42). No. 17-cv-00986-BAS-AGS, 2020 U.S. Dist. LEXIS 136796, at *7 (S.D. Cal. July 31, 2020). The Court sanctioned Mr. Backman and his firm nearly $50,000.00 for knowingly violating the rules of professional conduct and attempting "to obfuscate the truth[.]" *Id.* at 13. A survey of Mr. Backman's later sworn *pro hac vice* applications to federal courts around the country demonstrates he failed to disclosed Judge Bashant's finding that he has violated rules of professional conduct. For the Court's convenience, a copy of Judge Bashant's decision is attached as ***Exhibit B***.

[4] In a survey of Mr. Backman's cases in Florida federal courts, it is difficult to find an instance where he has *not* filed a barrage of incredibly familiar sanctions motions after hurling cantankerous allegations against opposing counsel. For example, he and his firm's two motions for sanctions in *Cole et al. vs. Westgate Resorts, Ltd*, No. 6:24cv1852 before Judge Paul Byron; a sanctions motion in *Lapilio-Schultz vs. Westgate Resorts, LTD.*, No. 6:25cv126 before Judge Mendoza; a sanctions motion in *Flynn vs. Berkley Vacations Resorts, Inc.* No. 6:25cv0028 before Judge Singhal; a motions for sanctions in *Pop vs. Lulifama.Com LLC et al.* No. 8:22cv2698 before Judge Covington; and an *incredibly similar motion for sanctions* under 28 U.S.C. § 1927 and the Court's inherent power in *McCorquodale, et al. vs. Capital Resorts Group, LLC d/b/a Capital Vacations* Club, Inc., No. 8:25-cv-00504-VMC-AEP, which is pending before Judge Covington.

Given the record of such failures and abuses, it appears clear this is an intended result of Defendants' tactics. Such underhanded tactics should not be rewarded with a windfall, especially where Defendants did not even bother to provide any record evidence of costs.[5]

In light of the foregoing, respectfully, the Order is not supported by the *DeepGulf Inc. v. Moszkowski*, 333 F.R.D. 249, 253–54 (N.D. Fla. 2019)[6] factors, and the magistrate's remark that Plaintiff did not confer about this issue is refuted by the record. *See, e.g.*, ECF 123.

---

Given Mr. Blackman and Greenspoon's filings, one of two things must be true: either (1) the Middle and Southern Districts of Florida are so rife with unethical and/or incompetent counsel, that *nearly every attorney* Mr. Backman and Greenspoon appear against fall into that camp, or (2) *vexatiously* assaulting their adversaries' reputations is just part *Mr. Backman and Greenspoon-Marder's* litigation strategy in consumer protection cases.

[5] Mr. Backman and his firm had opportunity to correct their lack of evidence when they were granted leave to file a ten-page reply to the opposition, but they chose to not provide evidence of a train ticket. Instead, they violated the Court's order by exceeding the page limit, putting scores of pages of complaints into the record—all to further assail Plaintiff's counsel with falsehoods masquerading as fact.

[6] Citing *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 212 (1958); *ML Healthcare Servs., LLC v. Publix Super Markets, Inc.*, 881 F.3d 1293, 1309 (11th Cir. 2018); *Tobinick v. Novella*, 848 F.3d 935, 949 (11th Cir. 2017); *Angiodynamics, Inc. v. Biolitec AG*, 780 F.3d 429, 435 (1st Cir. 2015); *Harriman v. Hancock Cty.*, 627 F.3d 22, 30 (1st Cir. 2010); *OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1362-65 (11th Cir. 2008); *United States v. Reyes*, 307 F.3d 451, 457-58 (6th Cir. 2002); *Webb v. District of Columbia*, 146 F.3d 964, 971 (D.C. Cir. 1998); *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993); *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993); *Navarro v. Cohan*, 856 F.2d 141, 142 (11th Cir. 1988); *Ford v. Fogarty Van Lines*, 780 F.2d 1582, 1583 (11th Cir. 1986).

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court vacate the Order and enter an order denying the underlying sanctions motion.

DATED: April 22, 2025

Respectfully Submitted,
**ZERMAY LAW, P.A.**

Zachary Z. Zermay, Esq.
Florida Bar №: 1002905
203 Labelle Avenue
Fort Myers, FL 33905
Email: zach@zermaylaw.com
Telephone: (305) 767-3529

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 22, 2025 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/Zachary Z. Zermay*
Zachary Z. Zermay, Esq.