# EXHIBIT "C"

LexisNexis

Neutral
As of: March 6, 2025 9:53 AM Z

# McCurley v. Royal Sea Cruises, Inc.

United States District Court for the Southern District of California

December 3, 2020, Decided; December 3, 2020, Filed

Case No. 17-cv-00986-BAS-AGS

**Reporter**
2020 U.S. Dist. LEXIS 227110 *; 2020 WL 7074948

JOHN MCCURLEY and DAN DEFOREST, individually and on behalf of all others similarly situated, Plaintiffs, v. ROYAL SEA CRUISES, INC., Defendant.

**Counsel:** **[*1]** For John McCurley, Individually and on Behalf of All Others Similarly Situated, Plaintiff: Abbas Kazerounian, LEAD ATTORNEY, Kazerouni Law Group, APC, Costa Mesa, CA; Joshua B. Swigart, LEAD ATTORNEY, Hyde & Swigart, San Diego, CA; Kevin Lemieux, LEAD ATTORNEY, The Law Office of Kevin Lemieux, APC, San Diego, CA; Matthew M. Loker, LEAD ATTORNEY, Loker Law, Apc, Arroyo Grande, CA; Todd M. Friedman, LEAD ATTORNEY, Law Offices of Todd M. Friedman, P.C., Woodland Hills, CA; Pamela E. Prescott, Kazerouni Law Group APC, Unit D1, Costa Mesa, CA.

For Dan Deforest, individually and on behalf of all others similarly situated, Plaintiff: Abbas Kazerounian, LEAD ATTORNEY, Kazerouni Law Group, APC, Costa Mesa, CA; Adrian R Bacon, LEAD ATTORNEY, The Law Offices of Todd M Friedman PC, Beverly Hills, CA; Kevin Lemieux, LEAD ATTORNEY, The Law Office of Kevin Lemieux, APC, San Diego, CA; Matthew M. Loker, LEAD ATTORNEY, Loker Law, Apc, Arroyo Grande, CA; Meghan George, LEAD ATTORNEY, Law Offices of Todd M. Friedman, Beverly Hills, CA; Todd M. Friedman, LEAD ATTORNEY, Law Offices of Todd M. Friedman, P.C., Woodland Hills, CA; Pamela E. Prescott, Kazerouni Law Group APC, Unit D1, Costa Mesa, CA.

For Royal **[*2]** Seas Cruises, Inc., Defendant: Anton N. Handal, LEAD ATTORNEY, Murchison & Cumming, LLP, San Diego, CA; Blake L. Osborn, LEAD ATTORNEY, Greenspon Marder LLP, Los Angeles, CA; Brian R. Cummings, LEAD ATTORNEY, PRO HAC VICE, Greenspoon Marder P.A., Tampa, FL; Jeffrey A Backman, Richard W Epstein, LEAD ATTORNEYS, PRO HAC VICE, Greenspoon Marder P.A., Fort Lauderdale, FL; Lauren Gail Kane, Greenspoon Marder LLP, San Diego, CA.

**Judges:** Hon. Cynthia Bashant, United States District Judge.

**Opinion by:** Cynthia Bashant

## Opinion

**ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR SANCTIONS**

**(ECF No. 192)**

### I. BACKGROUND

On July 31, 2020, this Court granted in part Plaintiffs' Motion to Strike Witness Declarations, for Restraining Order, for Monetary Sanctions and for Disqualification of Counsel. (ECF No. 129 ("Motion for Sanctions I"); ECF No. 190.) In the Order, the Court expressed grave concern about Defendant's conduct in contacting class members without notifying them that a class action existed, that they were potentially a member of that class, and that they could be represented by class counsel. The Court held that "[d]efense counsel violated an ethical rule when they encouraged their client to contact an individual the lawyer knew **[*3]** to be represented by counsel, regarding the subject of the representation, without counsel's consent." (*Id.* at 8.) The Court found the communications with class members were misleading and coercive, and, thus, the Court granted Plaintiffs' request for monetary sanctions. (*Id.*)

At the time Plaintiffs filed the Motion for Sanctions I on March 4, 2020, they stated they had incurred $18,037.50 in attorneys' fees and $2,323.72 in costs in bringing the motion and conducting sanctions discovery. (Mot. for Sanctions I at 15.) However, since they claimed they had incurred additional costs in replying and appearing in Court after the initial Motion was filed, the Court allowed them to supplement their request for Monetary Sanctions. This Motion for Sanctions ensued. (ECF No. 192 ("Motion for Sanctions II")). Plaintiffs now request $73,509.50 in attorneys' fees and $3,764.01 in costs.[1] They also request an additional $9,450.00 for preparation of a Reply to the Motions for Sanctions II. (ECF No. 194.) Curiously, the statements they submit supporting their requests for attorneys' fees now detail $37,165 in attorneys' fees allegedly incurred before the Motion was filed on March 4, 2020, well over the initial **[*4]** request for $18,037.50.

Ultimately, although the Court finds monetary sanctions are warranted, it finds Plaintiffs' request to be excessive and awards a total of $46,298.50 in attorneys' fees and $2323.72 in costs.

---

[1] Although the Plaintiffs initially requested $73,509.50 in attorneys' fees at the beginning of their motion, the conclusion to the motion only asks for $66,158.55 in attorneys' fees.

## II. ANALYSIS

"Federal courts have inherent powers to manage their own proceedings and to control the conduct of those who appear before them." *Erickson v. Newmar Corp., 87 F.3d 298, 303 (9th Cir. 1996)* (citing *Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991))*. "By invoking the inherent power to punish bad faith conduct which abuses the judicial process, a court must exercise discretion in fashioning an appropriate sanction." *Id.* "It is crucial . . . that a sanctions award be quantifiable with some precision and properly itemized in terms of the perceived misconduct and the sanctioning authority." *Matter of Yagman, 796 F.2d 1165, 1183-1184 (9th Cir. 1986)*.

"When the sanctions award is based upon attorney's fees and related expenses, an essential part of determining the reasonableness of the award is inquiring into the reasonableness of the claimed fees. Recovery should never exceed those expenses and fees that were reasonably necessary to resist the offending action." *Id. at 1184-85*. "The measure to be used is not actual expenses and fees but those the court determines to be reasonable." *Id.* (quotation omitted).

Calculating a "lodestar" amount by determining **[*5]** the reasonable number of hours spent and the appropriate billing rate per hour is the starting point for determining a reasonable fee. *Harris v. Marhoefer, 24 F.3d 16, 18 (9th Cir. 1994)*. It is only "in rare instances" that the lodestar figure should "be adjusted on the basis of other considerations." *Id.*

### A. Attorneys' Fees—Calculation of Lodestar

1. Hourly billable rate

Plaintiffs' fee request details hourly rates of $425/hour for fourth year associate Mr. Wheeler and $625-725/hour for the three partners working on the case. (Decl. of Adrian R. Bacon in supp. of Mot. for Sanctions II ("Bacon Decl.") ¶ 18, ECF No. 192-1.) Counsel provides documentation that these are rates "prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *See Camacho v. Bridgeport Financial, Inc., 523 F.3d 973, 979 (9th Cir. 2008)*. Specifically, counsel provide documentation that their rates have been approved by other courts in Southern California. (*See id.* ¶¶ 21. 23. 26 (showing $425/hour approved for Mr. Wheeler, $625 approved for Mr. Bacon and $725 approved for Mr. Friedman); Decl. of Abbas Kazerounian in supp. of Mot. for Sanctions II ("Kazerounian Decl.") ¶¶ 13-14, ECF No. 192-2 (detailing Mr. Kazerounian has been approved for an hourly rate of $695 and $705 in 2019, **[*6]** $675 in 2018, and maintaining that his rate has increased $5 in 2020 to the requested rate of $710.)

The rates submitted by the Defendant in its 2017-2018 U.S. Consumer Law Attorney Fee Survey Report (Ex. 1 to Opp'n, ECF No. 193-1) add support to Plaintiffs' requests. First, this survey was conducted in the 2017-2018 year. Presumably attorney rates have increased since then. Additionally, the survey shows that the 25% median for all attorneys practicing class action litigation in California was $350/hour and the 95% median of all attorneys practicing in this area of law in California was $700/hour. (Id.) Both Mr. Friedman and Mr. Kazerounian are skilled, experienced class action litigators very familiar to this Court. All four of the attorneys have quite a bit of experience in the area of class action litigation. The rates requested are similar to rates requested by other attorneys in other class action cases. Therefore, the Court finds Plaintiffs' requested billable hour rates are reasonable.

2. Number of hours billed

As a preliminary matter, the Court takes notice of the fact that Plaintiffs' original Motion for Sanctions I asked for $18,037.50 in attorney's fees covering the time billed **[*7]** up until the date the Motion was filed on March 4, 2020. (Mot. for Sanctions I at 15.) Specifically, at that time Plaintiffs sought 39.5 hours for Mr. Wheeler to investigate, take the deposition of, and draft the sanctions motion and two hours for Mr. Bacon to supervise and revise the motion. (*Id.*) Plaintiffs indicated at the time that they would "forego other hours worked leading up to this motion including multiple calls between [the lawyers.]" (Mot. for Sanctions I at 20 n. 12.)

Plaintiffs now apparently no longer "forego other hours worked" and request an additional $19,127.5 consisting of an additional 3.9 hours billed by Mr. Friedman, 10.4 hours billed by Ms. Bacon, 3.6 hours billed by Mr. Wheeler, and 7.1 hours billed by Mr. Kazerounian. (*See generally*, Bacon Decl. and Kazerounian Decl.) After reviewing these additional charges, the Court finds that they largely consist of attorney conversations necessary because there are so many attorneys involved in the case. Having reviewed in detail each of the submitted charges, the Court finds the original requested number of hours was the reasonable amount of time spent investigating and preparing the sanctions motion. The Court finds **[*8]** the additional hours submitted in the new fee request are not reasonable, and, therefore, does not include them in the lodestar calculation. The appropriate lodestar for work done up until the Motion for Sanctions I was filed on March 4, 2020 is $18,037.50.

The fees submitted for work done after the Motion for Sanctions I was filed fall into four different categories: preparation of a reply brief to the Motion for Sanctions I, preparation and appearance at a court hearing on the issue, drafting Motion for Sanctions II, and drafting a reply brief to Motion for Sanctions II. A summary of each category appears below.

a. *Preparation of reply brief to Motion for Sanctions I*:

Plaintiffs' counsel bills a total of $17,252 or 27.1 hours to prepare a 10-page reply brief. The court finds this is excessive. Since Mr. Bacon was apparently the attorney who drafted the brief, the Court finds 10 hours for Mr. Bacon is the reasonable amount of time for drafting this reply. Mr. Friedman and Mr. Kazerounian should be limited to one hour each for reviewing the motion. Since Mr. Wheeler apparently had no further involvement in drafting the reply brief, the Court finds his time reviewing the Defendant's opposition **[*9]** to the Motion for Sanctions was not reasonable. Therefore, the Court finds the appropriate lodestar for this activity is $7,685.00.

b. *Preparation and appearance at half hour court hearing*:

Mr. Kazerounian bills 20.3 hours and Mr. Bacon bills 1.7 hours to prepare for this hearing. Again, this is excessive. The Court finds 5 hours for Mr. Kazerounian to prepare for the hearing and one hour for Mr. Bacon, along with one-half hour for each to appear at the hearing, for a total of $4,842.50, is the reasonable number of hours for this task.

c. *Post-sanctions discussion and drafting Motion for Sanctions II*:

Mr. Bacon bills 7.1 hours and Mr. Kazerounian bills 2.6 hours to discuss the Court's sanction order and draft the current fee petition. Given that this required reviewing hours billed and submitting them into a declaration, the Court finds this amount of time is reasonable, and thus, finds the appropriate lodestar for this task is $6,283.50.

d. *Drafting a reply brief to Motion for Sanctions II*:

Plaintiffs request an additional $9,450.00, consisting of 16.8 hours billed by Mr. Bacon at $625/hour or $10,500, which Plaintiffs agree to discount at a rate of 10%. (ECF No. 194.) The Court finds the **[*10]** amount of time billed is reasonable and thus the requested $9,450.00 is the appropriate lodestar.

Thus, the Court concludes the appropriate lodestar is as follows:

| | |
|---|---|
| Attorneys' fees leading up to Motion for Sanctions I | $18,037.50 |
| Drafting Reply brief | 7,685.00 |
| Preparation for and appearance at Court hearing | 4,842.50 |
| Preparation of fee petition and Motion for Sanctions II | 6,283.50 |
| Preparation of Reply to Motion for Sanctions II | 9,450.00 |
| **Total** | **$46,298.50** |

## B. Adjustment to Lodestar

Any adjustment up or down to the lodestar amount should only be done "in rare instances." *Harris, 24 F.3d at 18*. The lodestar figure is "presumptively a reasonable fee award." *Camacho v. Bridgeport Financial, Inc., 523 F.3d 973, 978 (9th Cir. 2008)*.

Defendant argues the lodestar amount should be decreased because Defendant agreed to three of the four remedies requested in the Motion for Sanctions I. (*See generally*,

Opp'n.) Additionally, Defendant argues Plaintiffs should not have filed the Motion for Sanctions II and should instead have sought to negotiate the amount of legal fees with Defendant. (*Id.*)

The Court disagrees. First of all, although disqualification of counsel was certainly a key area of dispute in the Motion for Sanctions I, an additional critical part of the Motion concerned whether the contacted witnesses **[*11]** would be completely excluded or whether only their declarations would be excluded with additional discovery allowed. This appeared to be the primary issue of contention in the Motion for Sanctions I, and Plaintiffs were completely successful on this issue.

Second, the briefing in the Motion for Sanctions II was done at the Court's order. (*See* ECF No. 190 ("Plaintiffs' counsel is ordered to file a detailed request for attorneys' and other fees detailing the costs of bringing the instant Motion by August 14, 2020.").) Contrary to Defendant's argument, the Court finds that complying with a Court order is not wasted resources.

The Court sees no reason to vary from the presumptively reasonable lodestar amount.

### C. Costs

In the initial Motion, Plaintiffs requested $2,323.72 in costs, consisting of deposition expenses and travel expenses to travel to Florida for the deposition. (Mot. for Sanctions I at 15.) Defendant now agrees these costs would be appropriate. (Opp'n at 21.)

However, in addition to this original amount, Plaintiffs now request $1,212.50 for expert expense, $207.79 for transportation expenses and $20 for airplane WiFi for a total of $3,764.01. (Mot. for Sanctions II at 9-10.) The **[*12]** Court finds the original amount of $2,323.72 is reasonable, but declines to add the additionally requested $1,440.29.

First, Plaintiffs fail to explain what the transportation expense of $207.79 encompasses. The original cost request included $795.80 for airfare and $258.77 for hotel costs. Since Plaintiffs fail to justify this additional expense, despite Defendant's clear objection, the Court declines to award this amount. Additionally, Plaintiffs fail to detail why the WiFi on the airplane was necessary for this Motion for Sanctions or the deposition.

Additionally, Plaintiffs' explanation for why additional expert fees were required to bring this motion is insufficient. According to Mr. Bacon "I asked our experts to provide me with input over a number of questions that we had with respect to data produced in discovery relating to those class members as part of our investigation." (Bacon Decl. ¶ 19.) After Defendant's objected to this explanation, Mr. Bacon attached an invoice from Class Expert Group, LLC detailing charges of $1212.50 for "data analysis" and "account executive documents." (Ex. H to Decl. of Adrian Bacon in supp. of Reply to Mot. for Sanctions II, ECF No. 194-1.) Mr. **[*13]** Bacon further explains that he asked his experts

"to look for anomalies and red flags in the data for these three individuals that might shed light on whether the declarations contained objectively inaccurate testimony." (*Id.* ¶ 16.) The Court is still unclear as to what these experts did to investigate the issues raised in the Motion for Sanctions or how the expert analysis had anything to do with the sanctions request. No expert witness testimony accompanied any of the requests for sanctions. Therefore, the Court declines to award the requested costs for expert witness.

## III. CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART** Plaintiffs' Motion for Sanctions. (ECF No. 192.) The Court awards monetary sanctions against Defendant and in favor of Plaintiffs in the amount of $48,622.22, consisting of $46,298.50 in attorneys' fees and $2,323.72 in costs.

**IT IS SO ORDERED**.

**DATED: December 3, 2020**

/s/ Cynthia Bashant

**Hon. Cynthia Bashant**

**United States District Judge**

---

End of Document